# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Appellant,**

**v.**

**DUSTIN HIGGS,**

**Appellee.**

*Appeal from the United States District Court for the*
*District of Maryland, Southern Division*
*Honorable Peter J. Messitte, U.S. District Judge*

# JOINT APPENDIX

| | |
|---|---|
| **Leigh M. Skipper** | **Robert K. Hur** |
| **Chief Federal Defender** | **United States Attorney** |
| **Matthew Lawry** | |
| **Assistant Federal Defender** | **Jason Medinger** |
| **601 Walnut St Ste 545 W.** | **Assistant United States Attorney** |
| **Philadelphia, PA 19106** | |
| **215-928-0520** | **Ellen E. Nazmy** |
| | **Special Assistant United States Attorney** |
| **Steven H. Sachs, Esq.** | |
| **WilmerHale LLP** | **6500 Cherrywood Lane, Suite 200** |
| **1875 Pennsylvania Ave.** | **Greenbelt, Maryland 20770** |
| **Washington, DC 20006** | **(301) 344-4433** |
| **(202) 663-6000** | |
| | |
| *Attorneys for the Appellee* | *Attorneys for the Appellant* |

# TABLE OF CONTENTS

DISTRICT COURT DOCKET SHEET ...................................................................1

SECOND SUPERSEDING INDICTMENT
  (December 20, 1999) .................................................................................37

CRIMINAL JUDGMENT AND ORDER
  (January 9, 2001) ......................................................................................52

MOTION TO AMEND JUDGMENT AND ORDER
  (August 4, 2020) .......................................................................................59

MEMORANDUM IN OPPOSITION TO MOTION TO AMEND JUDGMENT
AND ORDER
  (August 19, 2020) .....................................................................................70

REPLY IN FURTHER SUPPORT OF DESIGNATING INDIANA AS THE
STATE SUPPLYING THE LAW FOR IMPLEMENTATION
OF DEFENDANT'S CAPITAL SENTENCE
  (September 1, 2020) ..................................................................................79

SURREPLY MEMORANDUM IN OPPOSITION TO MOTION TO AMEND
JUDGMENT AND ORDER
  (September 18, 2020)...............................................................................103

NOTICE OF EXECUTION DATE
  (November 20, 2020) ...............................................................................152

DISTRICT COURT'S MEMORANDUM DECISION
  (December 29, 2020) ...............................................................................153

DISTRICT COURT'S ORDER
  (December 29, 2020) ...............................................................................167

NOTICE OF APPEAL
  (December 30, 2020) ...............................................................................168

APPEAL,ARCHIVE,CLOSED

# U.S. District Court
## District of Maryland (Greenbelt)
## CRIMINAL DOCKET FOR CASE #: 8:98-cr-00520-PJM-2

Case title: USA v. Haynes, et al

Date Filed: 12/21/1998
Date Terminated: 01/03/2001

Assigned to: Judge Peter J. Messitte

Appeals court case numbers: 01-03, 16-15
USCA

### Defendant (2)

**Dustin John Higgs**
*TERMINATED: 03/22/2001*

represented by **Angela S Elleman**
Community Defender Organization
Eastern District of Pennsylvania
601 Walnut St Ste 545W
Philadelphia, PA 19106
12159280520
Email: angela_elleman@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Barbara Hartung**
700 Main St Ste 1600
Richmond, VA 23219
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Wiseman**
Federal Defender of Philadelphia
Capital Habeas Corpus Unit
Federal Court Division
The Curtis Center Independent Sq West Ste
545 W
Philadelphia, PA 19106
12159280520
Fax: 12159280826
Email: michael_wiseman@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Stephen H Sachs**
WilmerHale LLP

**JA 001**

1875 Pennsylvania Ave
Washington, DC 20006
2026636000
Fax: 2026636363
Email: Steve.Sachs@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Timothy Joseph Sullivan**
United States District Court for the District
of Maryland
101 W Lombard Street
Baltimore, MD 21201
14109622600
Email: tsullivan@bsm-legal.com
*TERMINATED: 03/22/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Matthew C Lawry**
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut St Ste 545 W
Philadelphia, PA 19106
12159280520
Fax: 12159280826
Email: matthew_lawry@fd.org
*ATTORNEY TO BE NOTICED*

## Pending Counts

18:1111; 18:7 & 18:2 Murder; Aiding and
Abetting
(1ss)

18:1111; 18:7 & 18:2 Murder; Aiding and
Abetting
(2ss)

18:1201(a)(2); 18:7 & 18:2 Kidnapping;
Aiding and Abetting
(4ss)

18:924(c) & 18:2 Use of a Handgun During
Crime of Violence; Aiding and Abetting
(5ss)

## Disposition

Consecutive Sentences of Death as to each
of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14

Consecutive Sentences of Death as to each
of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14

Consecutive Sentences of Death as to each
of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14

5 years Imprisonment consecutive to all
Sentences currently being served and
consecutive to the Death Sentences imposed
in Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 as to
Count 5 of the Second Superseding
Indictment; 20 years Imprisonment
consecutive to C ount 5 as to Count 10 of
the Second Superseding Indictment; 20
years Imprisonment consecutive to Count
10 as to Count 15 of the Second
Superseding Indictment; 5 years Supervised

**JA 002**

Release with Conditions as to each of Counts 5, 10 & 15 of the Second Su perseding Indictment, to run concurrent to each other; ,687.22 Restitution; .00 Special Assessment

| | |
|---|---|
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (6ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (7ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping; Aiding and Abetting (9ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding and Abetting (10ss) | 5 years Imprisonment consecutive to all Sentences currently being served and consecutive to the Death Sentences imposed in Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 as to Count 5 of the Second Superseding Indictment; 20 years Imprisonment consecutive to C ount 5 as to Count 10 of the Second Superseding Indictment; 20 years Imprisonment consecutive to Count 10 as to Count 15 of the Second Superseding Indictment; 5 years Supervised Release with Conditions as to each of Counts 5, 10 & 15 of the Second Su perseding Indictment, to run concurrent to each other; ,687.22 Restitution; .00 Special Assessment |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (11ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (12ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping; Aiding and Abetting (14ss) | Consecutive Sentences of Death as to each of Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding and Abetting (15ss) | 5 years Imprisonment consecutive to all Sentences currently being served and consecutive to the Death Sentences imposed in Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 as to Count 5 of the Second Superseding Indictment; 20 years Imprisonment consecutive to C ount 5 as to Count 10 of the Second Superseding Indictment; 20 years Imprisonment consecutive to Count 10 as to Count 15 of the Second Superseding Indictment; 5 years Supervised Release with Conditions as to each of |

**JA 003**

Counts 5, 10 & 15 of the Second Su
perseding Indictment, to run concurrent to
each other; ,687.22 Restitution; .00 Special
Assessment

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1111; 18:7 & 18:2 Murder within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (1) | Dismissed |
| 18:1111, 18:7 & 18:2 Murder; Aiding & Abetting (1s) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (2) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping; Aiding & Abetting (2s) | Dismissed |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (3) | Dismissed |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (3s) | Dismissed |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (3ss) | Dismissed |
| 18:1111; 18:7 & 18:2 Murder within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (4) | Dismissed |
| 18:1111, 18:7 & 18:2 Murder; Aiding & Abetting (4s) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (5) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping; Aiding & Abetting (5s) | Dismissed |

**JA 004**

| | |
|---|---|
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (6) | Dismissed |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (6s) | Dismissed |
| 18:1111; 18:7 & 18:2 Murder within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (7) | Dismissed |
| 18:1111, 18:7 & 18:2 Murder; Aiding & Abetting (7s) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping within Special Maritime and Territorial Jurisdiction of the United States; Aiding & Abetting (8) | Dismissed |
| 18:1201(a)(2); 18:7 & 18:2 Kidnapping; Aiding & Abetting (8s) | Dismissed |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (8ss) | Dismissed |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (9) | Dismissed |
| 18:924(c) & 18:2 Use of a Handgun During Crime of Violence; Aiding & Abetting (9s) | Dismissed |
| 18:1111; 18:7 & 18:2 Murder; Aiding and Abetting (13ss) | Dismissed |

## Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

## Movant

| | | |
|---|---|---|
| **Victor Gloria** | represented by | **Paul Francis Kemp**<br>Ethridge Quinn Kemp McAuliffe Rowan and Hartinger<br>33 Wood Ln<br>Rockville, MD 20850<br>13017621696 |

**JA 005**

Fax: 13017627691
Email: pfk@eqkmrh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

**Eke Ndibire**                   represented by    **Paul B. DeWolfe**
Law Office
20 Courthouse Square
Suite 214
Rockville, MD 20850
301/309-6678
Fax: 13013402843
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Plaintiff**

**USA**                   represented by    **Deborah A Johnston**
Office of the US Attorney
6500 Cherrywood Lane Suite 200
6406 Ivy Lane 8th floor
Greenbelt, MD 20770
13013444433
Fax: 13013444516
Email: deborah.johnston@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra Lynn Dwyer**
Office of the United States Attorney
36 S Charles St Fourth Fl
Baltimore, MD 21201
14102094813
Fax: 14109623124
Email: Debbie.Dwyer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A Crowell , IV**
United States Department of Justice
Executive Office for United States
Attorneys
950 Pennsylvania Ave., NE
Room 2243
Washington, DC 20530
2022521301
Email: james.crowell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JA 006**

**Sandra Wilkinson**
Office of the US Attorney
36 S Charles St Fourth Fl
Baltimore, MD 21201
4102094921
Fax: 4109633091
Email: sandra.wilkinson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ellen E. Nazmy**
US Attorneys Office
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
301-344-4126
Email: Ellen.nazmy@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sujit Raman**
Office of the US Attorney
6500 Cherrywood Lane Ste 400
Greenbelt, MD 20770
13013444433
Fax: 13013444516
Email: sujit.raman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/1998 | 1 | INDICTMENT for Willis Mark Haynes (1) and Dustin John Higgs (2) as to count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9 (lad, Deputy Clerk) (Entered: 12/22/1998) |
| 01/15/1999 | 4 | WRIT of Habeas Corpus ad Prosequendum issued as to Dustin John Higgs for January 22, 1999 (td, Deputy Clerk) (Entered: 01/21/1999) |
| 01/22/1999 | | Initial appearance as to Dustin John Higgs held before Magistrate Judge Jillyn K. Schulze (ER: Sutton) (Defendant informed of rights.) (td, Deputy Clerk) Modified on 01/27/1999 (Entered: 01/27/1999) |
| 01/22/1999 | | Arraignment as to Dustin John Higgs, Not Guilty: as to count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9 held before Magistrate Judge Jillyn K. Schulze (ER: Sutton) (td, Deputy Clerk) (Entered: 01/27/1999) |
| 01/26/1999 | 5 | NOTICE of Appearance for Dustin John Higgs by Attorney Timothy Joseph Sullivan (td, Deputy Clerk) (Entered: 01/27/1999) |
| 01/26/1999 | 6 | ORDER OF DETENTION by Agreement as to Dustin John Higgs ( Signed by Magistrate Judge Jillyn K. Schulze 1/22/99 ) (td, Deputy Clerk) (Entered: 01/27/1999) |
| 02/17/1999 | 9 | MOTION by Dustin John Higgs to Adopt Motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 proceedings in Criminal Case No. PJM-98-0482 of Defendant Willis Mark Haynes (c/s) (lad, Deputy Clerk) (Entered: 02/18/1999) |
| 02/19/1999 | 10 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 02/23/1999) |

**JA 007**

| 02/22/1999 | 11 | MOTION by USA as to Willis Mark Haynes, Dustin John Higgs for One Day Enlargement of Time to file its response to the defendant's Motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 Proceedings (lad, Deputy Clerk) (Entered: 02/23/1999) |
| --- | --- | --- |
| 02/22/1999 | 12 | ORDER "GRANTING" [11-1] motion for One Day Enlargement of Time to file its response to the defendant's Motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 Proceedings as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 2/23/99lad) (lad, Deputy Clerk) (Entered: 02/23/1999) |
| 02/25/1999 | 16 | Memorandum "SUSPENDING" the Current Schedule as to Willis Mark Haynes, Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m 2/25/99esp) (lad, Deputy Clerk) (Entered: 02/26/1999) |
| 02/26/1999 | 17 | MOTION by USA as to Willis Mark Haynes, Dustin John Higgs to Exclude Time under the Speedy Trial Act , and for Continuance in Interests of Justice (c/s) (lad, Deputy Clerk) (Entered: 02/26/1999) |
| 03/04/1999 | | Status conference as to Willis Mark Haynes, Dustin John Higgs held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 03/05/1999) |
| 03/04/1999 | | Scheduling conference as to Willis Mark Haynes, Dustin John Higgs held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 03/05/1999) |
| 03/05/1999 | 18 | MEMORANDUM/ORDER "CONFIRMING" the Determinations made at the Status Conference held on 3/4/99; and "SCHEDULING" Trial as to Willis Mark Haynes and Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m ras) (td, Deputy Clerk) (Entered: 03/09/1999) |
| 03/05/1999 | 19 | ORDER "GRANTING" [9-1] motion to Adopt Motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 proceedings in Criminal Case No. PJM-98-0482 of Defendant Willis Mark Haynes as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte 3/4/99 ) (c/m 3/9/99 td) (td, Deputy Clerk) (Entered: 03/09/1999) |
| 03/05/1999 | | Motion(s) adopted by Dustin John Higgs : adoption of [7-1] motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 Proceedings in Criminal Case No. PJM-98-0482 (td, Deputy Clerk) (Entered: 03/09/1999) |
| 03/29/1999 | | Status conference held before Judge Peter J. Messitte (lad, Deputy Clerk) (Entered: 03/30/1999) |
| 04/09/1999 | | Sealed hearing held before Messitte, J. (td, Deputy Clerk) (Entered: 05/04/1999) |
| 04/19/1999 | 26 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 04/21/1999) |
| 04/22/1999 | 27 | ORDER dated 4/15/99 "AUTHORIZING" Interim payments for Services other than Counsel as to Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m by D. Shearer) (lad, Deputy Clerk) (Entered: 04/28/1999) |
| 04/26/1999 | | Tele-conference as to Willis Mark Haynes, Dustin John Higgs held before Judge Peter J. Messitte (lad, Deputy Clerk) (Entered: 04/28/1999) |
| 04/28/1999 | | Tele-conference held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 05/04/1999) |
| 05/04/1999 | | Status conference held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 05/06/1999) |
| 05/06/1999 | 28 | ORDER for Interim Payments to Appointed Counsel ( Signed by Judge Peter J. Messitte 4/22/99 ) (c/m ds) (td, Deputy Clerk) (Entered: 05/07/1999) |

**JA 008**

| 05/07/1999 | 29 | ORDER dated 5/7/99 "GRANTING" [17-1] motion to Exclude Time under the Speedy Trial Act as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed Judge Peter J. Messitte ) (c/m 5/11/99lad) (lad, Deputy Clerk) (Entered: 05/11/1999) |
|---|---|---|
| 05/20/1999 | 32 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 05/26/1999) |
| 06/14/1999 | 36 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 06/15/1999) |
| 07/08/1999 | 38 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 07/13/1999) |
| 07/16/1999 | | Tele-conference held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 07/19/1999) |
| 07/29/1999 | | Defendant sworn and examined on voir dire re: L. Barrett Boss' continued Representation of Defendant (td, Deputy Clerk) (Entered: 07/30/1999) |
| 08/02/1999 | 48 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 08/03/1999) |
| 08/12/1999 | 51 | WRIT of Habeas Corpus ad Prosequendum issued as to Gerald Vaughn for 9/1/99 (5 cc's to USMS 8/13/99 td) (td, Deputy Clerk) (Entered: 08/17/1999) |
| 08/17/1999 | 52 | MEMORANDUM re: Scheduling a Meeting to Discuss Logistical and Security Issues as to the trials of Willis Mark Haynes and Dustin John Higgs ( Signed by Judge Peter J. Messitte 8/13/99 ) (c/m 8/16/99 esp) (td, Deputy Clerk) (Entered: 08/18/1999) |
| 09/01/1999 | | Argument of counsel (rank, Deputy Clerk) (Entered: 09/03/1999) |
| 09/01/1999 | 53 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/03/1999) |
| 09/01/1999 | 55 | ORDER for Interim Payments for Services other than Counsel as to Dustin John Higgs ( Signed by Judge Peter J. Messitte 4/26/99 and Approved by Chief Judge J. Harvie Wilkinson of the Court of Appeals for the 4th Circuit on 8/10/99) (td, Deputy Clerk) (Entered: 09/03/1999) |
| 09/01/1999 | 56 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 57 | MOTION with Memorandum in Support by Willis Mark Haynes and Dustin John Higgs to Dismiss the Kidnapping Counts (Counts Two, Five and Eight) of the Indictment (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 58 | MOTION with Memorandum in Support by Willis Mark Haynes and Dustin John Higgs to Unseal Plea Agreement and Transcript of the Plea Hearing in Victor Gloria's Case, Criminal No. PJM 98-0482 (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 60 | MOTION with Memorandum in Support by Dustin John Higgs to Suppress Physical Evidence (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 61 | MOTION with Memorandum in Support by Dustin John Higgs for Leave to File Additional Pretrial Motions and Notices (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 62 | MOTION by Dustin John Higgs to Adopt Pretrial Motions Filed by Co-Defendant (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 63 | MOTION with Memorandum in Support by Dustin John Higgs and Willis Mark Haynes for Change of Venue or, alternatively, Other Appropriate Relief due to Prejudicial Pretrial Publicity (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 64 | MOTION by Dustin John Higgs and Willis Mark Haynes for Individual Sequestered Voir Dire with Participation by Counsel (c/s) (td, Deputy Clerk) (Entered: 09/07/1999) |
| 09/03/1999 | 65 | MEMORANDUM of LAW by Dustin John Higgs and Willis Mark Haynes regarding the Scope of Appropriate Voir Dire in a Captial Case (c/s) (td, Deputy Clerk) (Entered: |

**JA 009**

| | | 09/07/1999) |
|---|---|---|
| 09/07/1999 | 68 | MOTION by Willis Mark Haynes, Dustin John Higgs to Compel elections within Counts One, Four & Seven (c/s) (lad, Deputy Clerk) (Entered: 09/09/1999) |
| 09/23/1999 | | Status conference as to Willis Mark Haynes and Dustin John Higgs held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 09/29/1999) |
| 09/30/1999 | 70 | ORDER dated 9/27/99 "SUMMARIZING" the Schedule in this case as to Willis Mark Haynes, Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m 9/30/99esp) (lad, Deputy Clerk) (Entered: 10/04/1999) |
| 10/04/1999 | 71 | Consolidated RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs to [68-1] motion to Compel elections within Counts One, Four & Seven, [57-1] motion to Dismiss the Kidnapping Counts (Counts Two, Five and Eight) of the Indictment, [69-1] motion to Reorder Trials, [69-2] motion for Continuance of his Trial until a date fixed by the Court subsequent to the conclusion of the trial of Dustin Higgs, [63-1] motion for Change of Venue, [63-2] motion Other Appropriate Relief due to Prejudicial Pretrial Publicity, [7-1] motion to Order Disclosure of Vincent Gloria's Court File and Rule 11 Proceedings in Criminal Case No. PJM-98-0482, [64-1] motion for Individual Sequestered Voir Dire with Participation by Counsel, [66-1] motion to Suppress Tangible Evidence and other Fruits of the Illegal Search, [14-1] motion to Suppress Statements, Admissions and Confessions, [60-1] motion to Suppress Physical Evidence and Exhibits A thru F (c/s) (lad, Deputy Clerk) (Entered: 10/05/1999) |
| 10/20/1999 | 73 | MOTION by USA as to Willis Mark Haynes, Dustin John Higgs to Extend Time to File Notice of Intention to Seek Death Penalty (c/s) (lad, Deputy Clerk) (Entered: 10/21/1999) |
| 10/22/1999 | 74 | MOTION by USA as to Willis Mark Haynes, Dustin John Higgs to Withdraw [73-1] motion to Extend Time to File Notice of Intention to Seek Death Penalty by USA (lad, Deputy Clerk) (Entered: 10/22/1999) |
| 10/22/1999 | 75 | ORDER granting [74-1] motion to Withdraw [73-1] motion to Extend Time to File Notice of Intention to Seek Death Penalty by USA as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 10/22/99lg) (lad, Deputy Clerk) (Entered: 10/22/1999) |
| 10/22/1999 | 76 | NOTICE of Intention to Seek the Death by USA as to Dustin John Higgs (c/s) (lad, Deputy Clerk) Modified on 10/25/1999 (Entered: 10/25/1999) |
| 11/01/1999 | 78 | SUPERSEDING INDICTMENT as to Willis Mark Haynes (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s; and Dustin John Higgs (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s (lad, Deputy Clerk) (Entered: 11/01/1999) |
| 11/02/1999 | 81 | MOTION by USA as to Dustin John Higgs for Notice and Discovery of Mental Health Evidence or Defenses to be Raised at the Penalty Phase of Trial (c/s) (lad, Deputy Clerk) (Entered: 11/03/1999) |
| 11/04/1999 | 82 | REPLY by Defendants to Government's Opposition to [57-1] motion to Dismiss the Kidnapping Counts (Counts Two, Five and Eight) of the Indictment (c/s) (td, Deputy Clerk) (Entered: 11/04/1999) |
| 11/04/1999 | 83 | REPLY by Defendants to Government's Opposition to their [58-1] motion to Unseal Plea Agreement and Transcript of the Plea Hearing in Victor Gloria's Case, Criminal No. PJM 98-0482 (c/s) (td, Deputy Clerk) (Entered: 11/04/1999) |
| 11/04/1999 | 84 | REPLY by Defendants to Government's Opposition to [66-1] motion to Suppress Tangible Evidence and other Fruits of the Illegal Search (c/s) (td, Deputy Clerk) (Entered: 11/04/1999) |

**JA 010**

| 11/05/1999 | 86 | RESPONSE by Dustin John Higgs to [69-1] motion to Reorder Trials, [69-2] motion for Continuance of his Trial until a date fixed by the Court subsequent to the conclusion of the trial of Dustin Higgs filed by Willis Mark Haynes (c/s) (lad, Deputy Clerk) (Entered: 11/05/1999) |
|---|---|---|
| 11/08/1999 | 87 | REPLY by Willis Mark Haynes and Dustin John Higgs to Government's Opposition to their [68-1] motion to Compel Elections within Counts One, Four & Seven (c/s) (td, Deputy Clerk) (Entered: 11/09/1999) |
| 11/09/1999 | 88 | CONSENT MOTION with Memorandum in Support by Dustin John Higgs to Continue Evidentiary Pretrial Non-Death Penalty Motions (c/s) (td, Deputy Clerk) (Entered: 11/10/1999) |
| 11/10/1999 | 89 | LETTER/REQUEST of the Government to Modify the Schedule/Format for the Motions Hearing as to Willis Mark Haynes and Dustin John Higgs, and "APPROVAL" ( Signed by Judge Peter J. Messitte ) (c/m 11/10/99 esp) (td, Deputy Clerk) (Entered: 11/10/1999) |
| 11/15/1999 | 91 | ORDER dated 11/12/99 granting [62-1] motion to Adopt Pretrial Motions Filed by Co-Defendant as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 11/15/99esp) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 |  | Motion hearing held before Messitte, J. as to Willis Mark Haynes and Dustin John Higgs re: [79-1] motion to Continue Trial Date for Five Months, [69-1] motion to Reorder Trials, [69-2] motion for Continuance of his Trial until a date fixed by the Court subsequent to the conclusion of the trial of Dustin Higgs, [68-1] motion to Compel elections within Counts One, Four & Seven, [64-1] motion for Individual Sequestered Voir Dire with Participation by Counsel, [63-1] motion for Change of Venue, [63-2] motion Other Appropriate Relief due to Prejudicial Pretrial Publicity, [58-1] motion to Unseal Agreement and Transcript of the Plea Hearing in Victor Gloria's Case, Criminal No. PJM 98-0482, [57-1] motion to Dismiss the Kidnapping Counts (Counts Two, Five and Eight) of the Indictment (Reporter: Simpkins) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 92 | Declaration of Catherine S. Paukert (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 93 | ORDER as to Willis Mark Haynes, Dustin John Higgs denying [57-1] motion to Dismiss the Kidnapping Counts (Counts Two, Five and Eight) of the Indictment ( Signed by Judge Peter J. Messitte ) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 94 | Marginal ORDER denying [63-1] motion for Change of Venue as to Willis Mark Haynes (1), Dustin John Higgs (2), denying [63-2] motion Other Appropriate Relief due to Prejudicial Pretrial Publicity as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (For paper #94, See paper #63) (c/m 11/15/99esp) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 95 | Marginal ORDER "DEFERRING" [64-1] motion for Individual Sequestered Voir Dire with Participation by Counsel under advisement as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed by Judge Peter Messitte ) (for paper no. 95 see paper no. 64) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 96 | Marginal ORDER as to Willis Mark Haynes, Dustin John Higgs denying [68-1] motion to Compel elections within Counts One, Four & Seven as to Willis Mark Haynes (1), Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (for paper 96 see paper 68) (lad, Deputy Clerk) (Entered: 11/15/1999) |
| 11/15/1999 | 98 | ORDER as to Dustin John Higgs granting [88-1] motion to Continue Evidentiary Pretrial Non-Death Penalty Motions ( Signed by Judge Peter J. Messitte ) (c/m 11/15/99esp) (lad, Deputy Clerk) (Entered: 11/15/1999) |

**JA 011**

| 11/17/1999 | 103 | Exhibit list by USA as to Willis Mark Haynes, Dustin John Higgs (lad, Deputy Clerk) (Entered: 11/19/1999) |
|---|---|---|
| 11/17/1999 | 104 | Exhibit list by Dustin John Higgs (lad, Deputy Clerk) (Entered: 11/19/1999) |
| 11/17/1999 | 105 | Exhibit #1 presented by Dustin John Higgs at 11/15/99 Motions Hearing (Filed Separately) (lad, Deputy Clerk) (Entered: 11/22/1999) |
| 11/18/1999 | 106 | ORDER "POSTPONING" a Ruling on the Defendants' Motion to Order Disclosure of Victor Gloria's Court File and Rule 11 Proceedings and the Government's Motion to Maintain Sealing Order Temporarily with Respect to Plea Agreement and Rule 11 Proceedings as therein set forth; "MAINTAINING" the Sealing Order of this Court as therein set forth; "UNSEALING" the Transcript of the Plea Proceedings in U.S. v. Gloria as therein set forth as to Willis Mark Haynes and Dustin John Higgs ( Signed by Judge Peter J. Messitte 11/18/99 ) (c/m to counsel and court reporter 11/18/99 esp) (td, Deputy Clerk) (Entered: 11/23/1999) |
| 11/18/1999 | 107 | ORDER "RETURNING" Exhibits to Counsel Pending Appeal ( Signed by Judge Peter J. Messitte ) (td, Deputy Clerk) (Entered: 11/23/1999) |
| 11/30/1999 | 108 | ORDER dated 11/23/99 denying [61-1] motion for Leave to File Additional Pretrial Motions and Notices as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m by cham) (lad, Deputy Clerk) (Entered: 12/02/1999) |
| 12/13/1999 | 109 | ORDER as to Willis Mark Haynes, Dustin John Higgs, to Extend Time within which to file the defendants death penalty motions to 12/20/99 ( Signed by Judge Peter J. Messitte ) (c/m 12/13/99kc) (lad, Deputy Clerk) (Entered: 12/15/1999) |
| 12/20/1999 | 111 | REQUEST with Memorandum in Support by Defendants for Penalty Phase Allocution (c/s) (td, Deputy Clerk) (Entered: 12/21/1999) |
| 12/20/1999 | 112 | MOTION with Memorandum in Support by Defendants for Disclosure , Judicial Screening and Appropriate Limitation of Victim Impact Information (c/s) (td, Deputy Clerk) (Entered: 12/21/1999) |
| 12/20/1999 | 113 | MOTION with Memorandum in Support by Defendants to Preclude the Death Penalty (c/s) (td, Deputy Clerk) (Entered: 12/21/1999) |
| 12/20/1999 | 114 | MOTION with Memorandum in Support by Defendants to Exclude Tainted Evidence and Exhibit 1 (c/s) (td, Deputy Clerk) (Entered: 12/21/1999) |
| 12/20/1999 | 115 | MOTION with Memorandum in Support by Defendants to Strike the Government's [76-1] and [77-1] Notices of Intention to Seek the Death Penalty (c/s) (td, Deputy Clerk) (Entered: 12/21/1999) |
| 12/20/1999 | 116 | SUPERSEDING INDICTMENT as to Willis Mark Haynes (1) - count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss and 15ss; Dustin John Higgs (2) - count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss and 15ss (lad, Deputy Clerk) (Entered: 12/22/1999) |
| 12/27/1999 | 117 | MEMORANDUM Stating that the Hearing on Defendant Higgs's Motion to Suppress Physical Evidence will be held on 2/8/2000 at 10:00 a.m. before the Death Penalty-related Motions (c/m 12/27/99 esp) (td, Deputy Clerk) (Entered: 12/28/1999) |
| 12/28/1999 | 118 | INCORPORATION of OBJECTIONS Previously Lodged by Willis Mark Haynes and Dustin John Higgs to the Continued Sealing of the Portions of Mr. Gloria's Plea Colloquy and Plea Agreement (c/s) (td, Deputy Clerk) (Entered: 12/29/1999) |
| 01/05/2000 | 119 | TRANSCRIPT of Proceedings Held before Messitte, J. as to Willis Mark Haynes and Dustin John Higgs for date of 11/15/99 (Filed Separately) (td, Deputy Clerk) (Entered: |

**JA 012**

| | | 01/06/2000) |
|---|---|---|
| 01/14/2000 | 123 | Request by USA for Production of Federal Prisoner Dustin John Higgs (c/s to USMS) (rank, Deputy Clerk) (Entered: 01/20/2000) |
| 01/18/2000 | 122 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 01/19/2000) |
| 01/31/2000 | | Tele-conference as to Willis Mark Haynes, Dustin John Higgs held before Judge Peter J. Messitte (lad, Deputy Clerk) (Entered: 02/01/2000) |
| 01/31/2000 | 124 | RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs re [114-1] motion to Exclude Tainted Evidence (c/s) (lad, Deputy Clerk) (Entered: 02/01/2000) |
| 01/31/2000 | 125 | RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs re [113-1] motion to Preclude the Death Penalty and attachment (c/s) (lad, Deputy Clerk) (Entered: 02/01/2000) |
| 01/31/2000 | 126 | RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs in opposition to [111-1] motion for Penalty Phase Allocution (c/s) (lad, Deputy Clerk) (Entered: 02/02/2000) |
| 01/31/2000 | 127 | RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs re [115-1] motion to Strike the Government's [76-1] and [77-1] Notices of Intention to Seek the Death Penalty and attachment (c/s) (lad, Deputy Clerk) (Entered: 02/02/2000) |
| 01/31/2000 | 128 | RESPONSE by USA as to Willis Mark Haynes, Dustin John Higgs in opposition to [112-1] motion for Disclosure, [112-2] motion Judicial Screening, [112-3] motion Appropriate Limitation of Victim Impact Information (c/s) (lad, Deputy Clerk) (Entered: 02/02/2000) |
| 02/01/2000 | 129 | LETTER/REQUEST of USA that the Government's Response to Death Penalty Motions be Filed on 1/31/2000, the Defense Response be Filed on 2/8/2000 and the Hearings on those Motions be held on 2/10 & 2/11/2000, if necessary as to Willis Mark Haynes and Dustin John Higgs and "APPROVAL" ( Signed by Judge Peter J. Messitte 1/28/2000 ) (c/m 1/31/2000 esp) (td, Deputy Clerk) (Entered: 02/03/2000) |
| 02/02/2000 | 130 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 02/04/2000) |
| 02/02/2000 | 131 | Revised Juror Questionnaire (lad, Deputy Clerk) (Entered: 02/04/2000) |
| 02/07/2000 | 132 | CONSENT ORDER Regarding Mental Health Evidence as to Willis Mark Haynes, Dustin John Higgs (Signed by Judge Peter J. Messitte 2/4/00)(c/m 2/8/00 lad) (mdd, Deputy Clerk) (Entered: 02/08/2000) |
| 02/08/2000 | 133 | REPLY by Willis Mark Haynes, Dustin John Higgs to response to [115-1] motion to Strike the Government's [76-1] and [77-1] Notices of Intention to Seek the Death Penalty (c/s) (mdd, Deputy Clerk) (Entered: 02/08/2000) |
| 02/08/2000 | 136 | MOTION by USA as to Willis Mark Haynes and Dustin John Higgs for Leave of Court to File Amended Notice of Intent to Seek Death Penalty and Proposed Amended Notices of Intent to Seek Death Penalty (c/s) (td, Deputy Clerk) (Entered: 02/09/2000) |
| 02/10/2000 | | Arraignment as to Dustin John Higgs, Not Guilty: as to count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss, 15ss held before Magistrate Judge Jillyn K. Schulze (ER: Fosbrook) (lad, Deputy Clerk) (Entered: 02/14/2000) |
| 02/10/2000 | | Motion hearing held before Messitte, J. as to Willis Mark Haynes and Dustin John Higgs re: [115-1] motion of Defendants to Strike the Government's [76-1] and [77-1] Notice of Intention to Seek the Death Penalty - Argued - "GRANTED" in part, "DENIED" in part, "DEFERRED" in part; and [112-1] motion by Defendants for Disclosure, [112-2] motion for Judicial Screening and [112-3] motion for Appropriate Limitation of Victim Impact |

**JA 013**

| | | |
|---|---|---|
| | | Information - Argued - "GRANTED" in part, "DENIED" in part for reasons stated by the Court (Reporter: Simpkins) (td, Deputy Clerk) (Entered: 02/15/2000) |
| 02/11/2000 | | Motion hearing held before Messitte, J. as to Willis Mark Haynes and Dustin John Higgs re: [60-1] motion of Dustin Higgs to Suppress Physical Evidence - Argued - "DENIED"; [113-1] motion of Defendants to Preclude the Death Penalty - Argued - "DENIED" without prejudice; [111-1] Request of Defendants for Penalty Phase Allocution - Argued - "GRANTED"; [114-1] motion of Defendants to Exclude Tainted Evidence - Argued - "DENIED"; and [121-1] motion of Willis Haynes to Extend Date in which to File Notice of Alibi and Incorporated Memorandum in Support until 3/1/2000 - Argued - "GRANTED" for reasons stated by the Court (Reporter: Simpkins) (td, Deputy Clerk) (Entered: 02/15/2000) |
| 02/25/2000 | | Chambers conference as to Willis Mark Haynes, Dustin John Higgs held before Judge Peter J. Messitte (lad, Deputy Clerk) (Entered: 02/29/2000) |
| 02/25/2000 | 144 | ORDER as to Willis Mark Haynes, Dustin John Higgs denying [60-1] motion to Suppress Physical Evidence; ), granting in part, deferring in part [115-1] motion to Strike the Government's [76-1] and [77-1] Notices of Intention to Seek the Death Penalty; denying [113-1] motion to Preclude the Death Penalty; granting in part, denying in part [112-1] motion for Disclosure; granting in part, denying in part [112-2] motion Judicial Screening; granting in part, denying in part [112-3] motion Appropriate Limitation of Victim Impact Information; denying [114-1] motion to Exclude Grand Jury Evidence; granting [111-1] motion for Penalty Phase Allocution; and "GRANTING" Motion to extend time to file an Alibi ( Signed by Judge Peter J. Messitte ) (c/m 2/29/00 lad) (lad, Deputy Clerk) (Entered: 02/29/2000) |
| 02/29/2000 | 145 | ORDER "DENYING" [135-1] motion for A.J. Kramer and the Office of the Public Defender to Withdraw as Counsel for Wills Mark Haynes (1) ( Signed by Judge Peter J. Messitte 2/25/2000 ) (c/m 2/29/2000 esp) (td, Deputy Clerk) (Entered: 03/01/2000) |
| 02/29/2000 | 148 | SEALED DOCUMENT (mdd, Deputy Clerk) (Entered: 03/06/2000) |
| 02/29/2000 | 149 | SEALED DOCUMENT (mdd, Deputy Clerk) (Entered: 03/06/2000) |
| 03/20/2000 | | Tele-conference held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 03/21/2000) |
| 03/23/2000 | 161 | MEMORANDUM from Judge Peter J. Messitte requesting Counsel to submit Written Comments to a Proposed Memorandum Order resolving Defendant's Motion for Clarification of Terms of the Order regarding Mental Health Examinations to chambers no later than 3/29/2000, and Proposed Memorandum Order and Transcript Excerpt (c/m 3/23/2000 esp) (td, Deputy Clerk) (Entered: 03/27/2000) |
| 03/27/2000 | | Tele-conference held before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 03/28/2000) |
| 04/03/2000 | 169 | TRANSCRIPT of Proceedings Held before Messitte, J. as to Willis Mark Haynes and Dustin John Higgs for dates of February 10 and 11, 2000 (Filed Separately) (td, Deputy Clerk) (Entered: 04/04/2000) |
| 04/10/2000 | 173 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 04/11/2000) |
| 04/10/2000 | 178 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 04/11/2000) |
| 04/17/2000 | 187 | MARGINAL ORDER "GRANTING" [136-1] motion of the United States for Leave of Court to File Amended Notice of Intent to Seek Death Penalty as to Willis Mark Haynes (1) and Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 4/17/2000 esp & kc) (td, Deputy Clerk) (Entered: 04/17/2000) |

**JA 014**

| 05/01/2000 | 196 | MOTION by Victor Gloria to Quash Criminal Subpoena (1 c/s) (td, Deputy Clerk) (Entered: 05/02/2000) |
|---|---|---|
| 05/02/2000 | 199 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 05/02/2000) |
| 05/03/2000 | 203 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 05/04/2000) |
| 05/04/2000 | 208 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 05/05/2000) |
| 05/06/2000 | 209 | MEMORANDUM/ORDER "REMINDING" Counsel of the Schedule governing the Trial as to Dustin John Higgs as therein more particularly set forth; and "STATING" that Counsel are to Advise the Law Clerk, by 5/15/2000, all Dates and Times they are available to Meet ( Signed by Judge Peter J. Messitte 5/4/2000 ) (c/m 5/5/2000 esp) (td, Deputy Clerk) (Entered: 05/08/2000) |
| 05/12/2000 | 219 | CORRESPONDENCE by USA to Defense Counsel as to Willis Mark Haynes (received in chambers on 5/11/2000) (copy) (td, Deputy Clerk) (Entered: 05/12/2000) |
| 05/15/2000 | 222 | MEMORANDUM from the Court re: thoughts and concerns about the Trial as to Dustin John Higgs ( signed by Judge Peter J. Messitte 5/9/2000 ) (c/m 5/15/2000 rs/kc) (td, Deputy Clerk) (Entered: 05/16/2000) |
| 05/16/2000 | | Jury was not present (td, Deputy Clerk) (Entered: 05/18/2000) |
| 05/17/2000 | | Jury retired to the Deliberations Room to begin their Deliberations (td, Deputy Clerk) (Entered: 05/19/2000) |
| 05/18/2000 | | Jury continued their Deliberations (td, Deputy Clerk) (Entered: 05/19/2000) |
| 05/19/2000 | | Jury Polled at the Direction of the Court (td, Deputy Clerk) (Entered: 05/23/2000) |
| 05/19/2000 | | Jurors Excused until 5/26/2000 at 10:00 a.m. (td, Deputy Clerk) (Entered: 05/23/2000) |
| 05/23/2000 | 236 | WRIT of Habeas Corpus ad Prosequendum issued as to John Peter Sinelli for 5/26/2000 (td, Deputy Clerk) (Entered: 05/24/2000) |
| 05/25/2000 | 251 | MEMORANDUM from Nina Wang, Law Clerk to Judge Messitte, stating that the Judge would like to Postpone the start of the Higgs Trial until 9/19/2000; requesting that Counsel advise her no later than 6/2/2000 as to what issues, if any, the change of trial schedule raises; and requesting that Counsel advise her of as many of the dates listed that they are available for a meeting prior to the deadline for the Jury Questionnaires (c/m 5/26/2000 esp) (td, Deputy Clerk) (Entered: 05/26/2000) |
| 06/02/2000 | 258 | Authorization for Juror Meal directing the U.S. Marshal to Provide Lunch to the Jury (signed by Felicia C. Cannon, Clerk 5/30/2000) (c/m to Finance 6/1/2000 esp) (td, Deputy Clerk) (Entered: 06/05/2000) |
| 06/19/2000 | 279 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 06/20/2000) |
| 06/20/2000 | 281 | WRIT of Habeas Corpus ad Prosequendum issued as to Dustin John Higgs for 9/5/2000 (c/s USMS 6/20/2000) (td, Deputy Clerk) (Entered: 06/21/2000) |
| 06/21/2000 | 282 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 06/21/2000) |
| 06/21/2000 | 283 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 06/21/2000) |
| 06/21/2000 | | Charging Conference held in Open Court on the Record (td, Deputy Clerk) (Entered: 06/22/2000) |
| 06/22/2000 | | Alternate Jurors not formally excused from Jury Service at this time; They are to remain on call until regular jury is dismissed (td, Deputy Clerk) (Entered: 06/23/2000) |

**JA 015**

| 06/23/2000 | | Logistics Meeting held before Messitte, J. (td, Deputy Clerk) (Entered: 06/23/2000) |
|---|---|---|
| 06/28/2000 | 296 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 06/28/2000) |
| 07/07/2000 | 306 | MEMORANDUM/ORDER "SUMMARIZING" the Decisions made during the Logistical Meeting as therein more particularly set forth as to Dustin John Higgs ( Signed by Judge Peter J. Messitte 7/6/2000 ) (c/m 7/10/2000 esp) (td, Deputy Clerk) (Entered: 07/11/2000) |
| 07/14/2000 | 307 | Writ of Habeas Corpus Ad Testificandum Executed as to Willie Mark Woods (td, Deputy Clerk) (Entered: 07/18/2000) |
| 07/18/2000 | 308 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 07/19/2000) |
| 07/28/2000 | 309 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 07/28/2000) |
| 08/18/2000 | 312 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 08/21/2000) |
| 08/21/2000 | 315 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 08/22/2000) |
| 08/25/2000 | 316 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 08/25/2000) |
| 08/28/2000 | 318 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 08/30/2000) |
| 08/30/2000 | 319 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 08/30/2000) |
| 08/30/2000 | 321 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/01/2000) |
| 08/31/2000 | 322 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/01/2000) |
| 09/05/2000 | 325 | MOTION with Memorandum in Support by Dustin John Higgs in Limine to Exclude Evidence of November 19, 1995 District of Columbia Assaults During Trial and Exhibits A & B (1 c/s) (td, Deputy Clerk) (Entered: 09/05/2000) |
| 09/05/2000 | 326 | MOTION with Memorandum in Support by Dustin John Higgs to Exclude Certain Testimony of Steve Zabrenski (c/s) (td, Deputy Clerk) (Entered: 09/05/2000) |
| 09/05/2000 | 327 | MOTION with Memorandum in Support by Dustin John Higgs in Limine to Exclude Evidence of Bank Fraud and Theft During Trial and Exhibit A (c/s) (td, Deputy Clerk) (Entered: 09/05/2000) |
| 09/05/2000 | 328 | MOTION with Memorandum in Support by Dustin John Higgs in Limine to Exclude Government's Proposed Fed. R. Evid. 807 Evidence During Trial and Exhibits A & B (c/s) (td, Deputy Clerk) (Entered: 09/05/2000) |
| 09/05/2000 | | Jurors Sworn and Examined on Voir Dire as to Dustin John Higgs (2) as to Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss, and 15ss before Judge Peter J. Messitte (td, Deputy Clerk) (Entered: 09/06/2000) |
| 09/05/2000 | | Jury trial - Day 1 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/06/2000) |
| 09/05/2000 | | ORAL MOTION by Dustin John Higgs for Change of Venue - Argued - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 09/06/2000) |
| 09/05/2000 | | Jury impaneled and sworn as to Dustin John Higgs (td, Deputy Clerk) (Entered: 09/06/2000) |
| 09/05/2000 | 331 | Exhibit list by Dustin John Higgs as to Motions Hearing re: Motion for Change of Venue (td, Deputy Clerk) (Entered: 09/06/2000) |
| 09/06/2000 | | Jury trial - Day 2 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court |

**JA 016**

| | | |
|---|---|---|
| | | Reporter: Bankins) (td, Deputy Clerk) (Entered: 09/08/2000) |
| 09/06/2000 | | Individual Voir Dire Continued (td, Deputy Clerk) (Entered: 09/08/2000) |
| 09/07/2000 | | Jury trial - Day 3 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/08/2000) |
| 09/07/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/08/2000) |
| 09/08/2000 | | Jury trial - Day 4 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/11/2000) |
| 09/08/2000 | | Individual voir dire continued (td, Deputy Clerk) (Entered: 09/11/2000) |
| 09/18/2000 | | Jury trial - Day 5 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/18/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/18/2000 | 333 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/19/2000 | 334 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/19/2000 | | Jury trial - Day 6 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/19/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/19/2000 | 335 | RESPONSE by USA as to Dustin John Higgs re [327-1] motion in Limine to Exclude Evidence of Bank Fraud and Theft Trial (c/s) (td, Deputy Clerk) (Entered: 09/19/2000) |
| 09/20/2000 | | Jury trial - Day 7 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/21/2000) |
| 09/20/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/21/2000) |
| 09/20/2000 | 336 | MEMORANDUM to Introduce 404(b) Evidence by USA as to Dustin John Higgs (1 c/s) (td, Deputy Clerk) (Entered: 09/21/2000) |
| 09/21/2000 | 337 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/21/2000) |
| 09/21/2000 | 338 | REPLY by Dustin John Higgs to response to Defendant's [327-1] motion in Limine to Exclude Evidence of Bank Fraud and Theft During Trial, and Memorandum (c/s) (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/21/2000 | | Jury trial - Day 8 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/21/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/21/2000 | 339 | RESPONSE by USA as to Dustin John Higgs re [326-1] motion in Limine to Exclude Certain Testimony of Steve Zabrenski (1 c/s) (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/21/2000 | 340 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/21/2000 | 341 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/22/2000) |
| 09/22/2000 | | Jury trial - Day 9 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/25/2000) |
| 09/22/2000 | | Individual Voir Dire continued (td, Deputy Clerk) (Entered: 09/25/2000) |
| 09/22/2000 | | Motion hearing held before Messitte, J. as to Dustin John Higgs re: [328-1] motion of Defendant in Limine to Exclude Government's Proposed Fed. R. Evid. 807 Evidence |

**JA 017**

| | | |
|---|---|---|
| | | During Trial - "RENDERED" MOOT; [326-1] motion of Defendant to Exclude Certain Testimony of Steve Zabrenski - Argued - "DENIED" for reasons stated by the Court; [327-1] motion of Defendant in Limine to Exclude Evidence of Bank Fraud and Theft During Trial - Argued - "DENIED" for reasons stated by the Court; [325-1] motion of Defendant in Limine to Exclude Evidence of November 19, 1995 District of Columbia Assaults During Trial - Argued - "DENIED" for reasons stated by the Court (Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/25/2000) |
| 09/25/2000 | 342 | ORDER "DENYING" [325-1] motion of Defendant in Limine to Exclude Evidence of November 19, 1995 District of Columbia Assaults During Trial as to Dustin John Higgs (2) Signed by Judge Peter J. Messitte 9/22/2000 ) (c/m 9/25/2000 kc) (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/25/2000 | 343 | ORDER "DENYING" [326-1] motion of Defendant to Exclude Certain Testimony of Steve Zabrenski as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte 9/22/2000 ) (c/m 9/25/2000 kc) (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/25/2000 | 344 | ORDER "DENYING" [327-1] motion of Defendant in Limine to Exclude Evidence of Bank Fraud and Theft During Trial as to Dustin John Higgs (2) ( Signed by Judge Peter Messitte 9/22/2000 ) (c/m 9/25/2000 kc) (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/25/2000 | 345 | ORDER "DEEMING" MOOT [328-1] motion of Defendant in Limine to Exclude Government's Proposed Fed. R. Evid. 807 Evidence During Trial as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte 9/22/2000 ) (c/m 9/25/2000 kc) (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/25/2000 | 346 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/25/2000 | 347 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/26/2000 | 348 | MOTION with Memorandum in Support by Dustin John Higgs in Limine to Exclude Certain Crime Scene and Autopsy Photographs during Trial (c/s) (td, Deputy Clerk) (Entered: 09/26/2000) |
| 09/26/2000 | | Jury trial - Day 10 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/27/2000) |
| 09/26/2000 | | Opening Statements made by USA (td, Deputy Clerk) (Entered: 09/27/2000) |
| 09/26/2000 | | Opening Statements made by Dustin John Higgs (td, Deputy Clerk) (Entered: 09/27/2000) |
| 09/26/2000 | 351 | Trial Phase Witness List by Dustin John Higgs (filed in Court on 9/5/2000) (1 c/s) (td, Deputy Clerk) (Entered: 09/28/2000) |
| 09/27/2000 | 350 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 09/27/2000) |
| 09/27/2000 | | Jury trial - Day 11 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/28/2000) |
| 09/27/2000 | 352 | ORDER "DENYING" [348-1] motion of Defendant in Limine to Exclude Certain Crime Scene and Autopsy Photographs during Trial as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte 9/26/2000 ) (c/m 9/26/2000 esp) (td, Deputy Clerk) (Entered: 09/28/2000) |
| 09/28/2000 | | Jury trial - Day 12 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 09/29/2000) |
| 09/29/2000 | | Jury trial - Day 13 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/02/2000) |

**JA 018**

| 10/03/2000 | | Jury trial - Day 14 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/03/2000) |
|---|---|---|
| 10/04/2000 | 353 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 10/04/2000) |
| 10/04/2000 | | Jury trial - Day 15 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/04/2000) |
| 10/05/2000 | | Jury trial - Day 16 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (mdd, Deputy Clerk) (Entered: 10/06/2000) |
| 10/05/2000 | 354 | SEALED DOCUMENT (mdd, Deputy Clerk) (Entered: 10/06/2000) |
| 10/06/2000 | 355 | TRANSCRIPT of Proceedings Held as to Dustin John Higgs for dates of 9/29/00 (Filed Separately) (mdd, Deputy Clerk) (Entered: 10/06/2000) |
| 10/06/2000 | | Jury trial - Day 17 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/06/2000 | | ORAL MOTION by Dustin John Higgs for Judgment of Acquittal - Argued - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/10/2000 | | Jury trial - Day 18 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/10/2000 | | Court's Charge to the Jury as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/10/2000 | | Closing Statements by USA and Dustin John Higgs (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/10/2000 | | Bailiff David Williams Sworn as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/10/2000 | | Special Verdict Form submitted to the Jury as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/11/2000) |
| 10/11/2000 | | Jury trial - Day 19 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | | Jury Deliberations began as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | | VERDICT of Guilty: as to Dustin John Higgs (2) as to Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss & 15ss (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | | Jury Polled at the Direction of the Court (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | | Jurors Excused until 10/18/2000 (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 356 | Requested Jury instructions as to Dustin John Higgs (filed in Court on 10/10/2000) (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 357 | Requested Jury instructions by Defendant as to Dustin John Higgs (filed in Court on 10/10/2000) (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 357 | OBJECTIONS by Dustin John Higgs to Government's [356-1] Jury Instructions (filed in Court on 10/10/2000) (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 358 | Certification of Counsel re: Exhibits to be Submitted to Jury (td, Deputy Clerk) (Entered: 10/12/2000) |

## JA 019

| 10/11/2000 | 359 | Exhibit list by USA as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/12/2000) |
|---|---|---|
| 10/11/2000 | 360 | Exhibit list by Dustin John Higgs (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 361 | VERDICT SHEET as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/11/2000 | 362 | STIPULATION regarding Return of Exhibits to Counsel, Pending Appeal (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/12/2000 | 363 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 10/12/2000) |
| 10/13/2000 | 364 | MEMORANDUM (MOTION) by USA as to Dustin John Higgs to Preclude Expert Testimony relating to Maryland State Law on Eligibility for Capital Punishment (c/s) (td, Deputy Clerk) (Entered: 10/16/2000) |
| 10/13/2000 | 365 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 10/16/2000) |
| 10/16/2000 | 366 | Proposed Penalty-Phase Jury instructions by USA as to Dustin John Higgs (c/s) (td, Deputy Clerk) (Entered: 10/16/2000) |
| 10/16/2000 | 367 | MOTION by Dustin John Higgs to Limit Argument by the Government during the Penalty Phase and for Other Appropriate Relief (c/s) (td, Deputy Clerk) (Entered: 10/16/2000) |
| 10/16/2000 | 368 | RESPONSE by Dustin John Higgs to Government's [366-1] Proposed Penalty Phase Jury Instructions (c/s) (td, Deputy Clerk) (Entered: 10/16/2000) |
| 10/17/2000 | 369 | RESPONSE by Dustin John Higgs in opposition to [364-1] motion to Preclude Expert Testimony relating to Maryland State Law on Eligibility for Capital Punishment (c/s) (rank, Deputy Clerk) (Entered: 10/17/2000) |
| 10/17/2000 | 370 | RESPONSE by USA as to Dustin John Higgs re [367-1] motion to Limit Argument by the Government during the Penalty Phase, [367-2] motion for Other Appropriate Relief and exhibits A & B (c/s) (lad, Deputy Clerk) (Entered: 10/17/2000) |
| 10/17/2000 | 371 | MOTION by USA as to Dustin John Higgs to Strike Defendant's Mitigating Factors Numbers Three, Four, Five, Six, Eight and Ten (c/s) (lad, Deputy Clerk) (Entered: 10/17/2000) |
| 10/17/2000 | 372 | MOTION with Memorandum in Support by USA as to Dustin John Higgs in Limine to Preclude References in Social History Report to Statements made by the Defendant , and for Disclosure of Mr. Sickler's Notes (c/s) (lad, Deputy Clerk) (Entered: 10/17/2000) |
| 10/18/2000 | 373 | TRANSCRIPT(S) of Proceedings Held before the Court Messitte, J. as to Dustin John Higgs for dates of 9/27 & 28/00 (filed separately) (lad, Deputy Clerk) (Entered: 10/18/2000) |
| 10/18/2000 | | Jury trial - Day 20 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Mech-O'Neill) (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | | Court's Opening Charge to the Jury as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | | Opening Statements made by USA and Dustin John Higgs (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | 374 | Preliminary Penalty-Phase Jury instructions by Dustin John Higgs (filed in Court) (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | 375 | NOTICE of Filing and copy of Correspondence from Defense Counsel to the Government re: their Motion to Preclude References in Social History to Statements |

**JA 020**

| | | |
|---|---|---|
| | | made by the Defendant and for Disclosure of Mr. Sickler's Notes by Dustin John Higgs (filed in Court) (1 c/s) (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | 376 | ORDER "GRANTING" in part, "DENYING" in part [367-1] motion of Defendant to Limit Argument by the Government during the Penalty Phase and [367-2] motion for Other Appropriate Relief as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 10/20/2000 td) (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/18/2000 | 377 | ORDER "GRANTING" [371-1] motion to Strike Defendant's Mitigating Factors as to Numbers Three, Four, Five and Six; "DEEMING" MOOT as to Number Eight; and "DENYING" as to Number Ten as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 10/20/2000 td) (td, Deputy Clerk) (Entered: 10/20/2000) |
| 10/19/2000 | | Jury trial - Day 21 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/19/2000 | | ORAL MOTION by Dustin John Higgs for Judgment of Acquittal made at the conclusion of the Government's Case-in-Chief - Argued - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/20/2000 | | Jury trial - Day 22 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/20/2000 | 378 | CORRESPONDENCE by Counsel for Dustin John Higgs re: New York's youthful offender procedure (filed in Court) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/20/2000 | 379 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/20/2000 | 380 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/20/2000 | 381 | Government's Amended Proposed Final Penalty-Phase Jury Instructions as to Dustin John Higgs (c/s) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/23/2000 | 382 | RESPONSE by USA as to Dustin John Higgs to Government's [381-1] Final Penalty-Phase Jury Instructions (c/s) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/23/2000 | 383 | MOTION with Memorandum in Support by Dustin John Higgs to Preclude the Government from Arguing to the Jury that Defendant is more Culpable than Co-Defendant during Closing Arguments and Rebuttal in Penalty Phase or, alternatively, to Permit Defendant to Introduce Certain Government Admissions during Penalty Phase Case-in-Chief (c/s) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/23/2000 | 384 | MOTION by USA as to Dustin John Higgs to Admit Summary Chart relating to "Background, Record [and] Character" of Defendant in Government's Rebuttal Case and Attachment (c/s) (td, Deputy Clerk) (Entered: 10/23/2000) |
| 10/24/2000 | 385 | RESPONSE by Dustin John Higgs in opposition to [384-1] motion to Admit Summary Chart relating to "Background, Record [and] Character" of Defendant in Government's Rebuttal Case (c/s) (mib, Deputy Clerk) (Entered: 10/24/2000) |
| 10/24/2000 | 386 | RESPONSE by USA as to Dustin John Higgs in opposition to Defendant's [383-1] motion to Preclude the Government from Arguing to the Jury that Defendant is more Culpable and in the alternative [383-2] motion to Permit Defendant to Introduce Certain Government Admissions during Penalty Phase (c/s) (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | Jury trial - Day 23 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | Oral Arguments of Counsel as to Dustin John Higgs re: [371-1] motion of Defendant to |

**JA 021**

| | | |
|---|---|---|
| | | Strike Defendant's Mitigating Factors Numbers Three, Four, Five, Six, Eight and Ten - "DENIED"; [372-1] motion of the Government in Limine to Preclude References in Social History Report to Statements made by the Defendant - "DENIED"; and [384-1] motion of the Government to Admit Summary Chart relating to "Background, Record [and] Character" of Defendant in Government's Rebuttal Case - "GRANTED" in part, "DENIED" in part all for reasons stated by the Court (Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | Oral Arguments of Counsel re: Instructions and Verdict Sheet (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | Defendant sworn and responded to Voir Dire on his Right to Testify or not to Testify on his behalf (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | ORAL MOTION by Dustin John Higgs to Dismiss Statement of Government "Intention to Kill" - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | ORAL MOTION by Dustin John Higgs to Renew his Motion to Strike the Rebuttal Evidence of the Government - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | | Court's Charge to the Jury as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/24/2000 | 387 | ORDER "GRANTING" in part, "DENYING" in part [384-1] motion of USA to Admit Summary Chart relating to "Background, Record [and] Character" of Defendant in Government's Rebuttal Case as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte ) (c/m 10/25/2000 td) (td, Deputy Clerk) (Entered: 10/25/2000) |
| 10/25/2000 | | Jury trial - Day 24 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | | Final Closing Arguments of Counsel (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | | ORAL MOTION by Dustin John Higgs for Mistrial as to all Counts - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | | RENEWED ORAL MOTION by Dustin John Higgs for Mistrial as to all Counts - "DENIED" for reasons stated by the Court (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | | Bailiff Robert Panko Sworn as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | | Verdict Form and Instructions submitted to the Jury as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/25/2000 | 388 | Certification of Counsel re: Exhibits to be Submitted to the Jury (td, Deputy Clerk) (Entered: 10/26/2000) |
| 10/26/2000 | | Jury trial - Day 25 - held before Judge Peter J. Messitte as to Dustin John Higgs (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | | VERDICT of Guilty: as to Dustin John Higgs (2) as to Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss and 15ss (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | | Jurors excused from further jury service (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | | Special Verdict Forms returned by the Jury with answers as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/30/2000) |

**JA 022**

| 10/26/2000 | 390 | Special Verdict Form for Offenses against Tamika Black (td, Deputy Clerk) (Entered: 10/30/2000) |
| --- | --- | --- |
| 10/26/2000 | 391 | Special Verdict Form for Offenses against Mishann Chinn (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | 392 | Special Verdict Form for Offenses against Tanji Jackson (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | 393 | Exhibit list by USA as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | 394 | Exhibit list by Dustin John Higgs (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/26/2000 | 395 | Final Penalty-Phase Jury instructions as to Dustin John Higgs (td, Deputy Clerk) (Entered: 10/30/2000) |
| 10/31/2000 | 396 | ORDER for Expedited Sentencing on Uncontested Presentence Report Determinations as to Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m 10/31/2000 esp) (td, Deputy Clerk) (Entered: 11/01/2000) |
| 11/08/2000 | 397 | MOTION with Memorandum in Support by Dustin John Higgs to Vacate [396-1] Order for Expedited Sentencing on Uncontested Presentence Report Determinations and to Waive Presentence Investigation and Report (c/s) (td, Deputy Clerk) (Entered: 11/08/2000) |
| 11/08/2000 | 398 | STIPULATION of Counsel regarding Return of Exhibits, Pending Appeal (td, Deputy Clerk) (Entered: 11/09/2000) |
| 11/13/2000 | 399 | RESPONSE by USA as to Dustin John Higgs re [397-1] motion to Vacate [396-1] Order for Expedited Sentencing on Uncontested Presentence Report Determinations (c/s) (td, Deputy Clerk) (Entered: 11/14/2000) |
| 11/16/2000 | 400 | ORDER "DENYING" [397-1] motion of Defendant to Vacate [396-1] Order for Expedited Sentencing on Presentence Report Determinations and [397-2] motion to Waive Presentence Investigation and Report as to Dustin John Higgs (2) ( Signed by Judge Peter J. Messitte 11/14/2000 ) (c/m 11/16/2000 esp) (td, Deputy Clerk) (Entered: 11/16/2000) |
| 11/30/2000 | 402 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 12/06/2000) |
| 12/01/2000 | 403 | ORDER "DIRECTING" the U.S. Marshal to Provide the Jury with Lunch as to Dustin John Higgs (signed by Valerie Sutton for Felicia C. Cannon) (c/s 12/1/2000 pf) (td, Deputy Clerk) Modified on 12/06/2000 (Entered: 12/01/2000) |
| 12/01/2000 | 404 | ORDER "DIRECTING" the U.S. Marshal to Provide Lunch for the Jury as to Dustin John Higgs (signed by Valerie Sutton for Felica C. Cannon 11/30/2000) (c/s to finance 12/1/2000 bbe) (td, Deputy Clerk) Modified on 12/06/2000 (Entered: 12/04/2000) |
| 12/01/2000 | 405 | NOTICE of Filing by Dustin John Higgs and Copy of Correspondence of Defense Counsel to the USA re: Defendant's Sentence (c/s) (td, Deputy Clerk) (Entered: 12/06/2000) |
| 12/05/2000 | 406 | MEMORANDUM resetting the Sentencing as therein set forth as to Dustin John Higgs (c/m 12/4/2000 esp) (td, Deputy Clerk) (Entered: 12/06/2000) |
| 12/08/2000 | 407 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 12/11/2000) |
| 12/12/2000 | 408 | SEALED DOCUMENT (lad, Deputy Clerk) (Entered: 12/12/2000) |
| 12/14/2000 | 409 | SEALED DOCUMENT (td, Deputy Clerk) (Entered: 12/15/2000) |

**JA 023**

| 01/03/2001 | | Sentencing as to Dustin John Higgs (2) as to Counts 1ss, 2ss, 4ss, 5ss, 6ss, 7ss, 9ss, 10ss, 11ss, 12ss, 14ss & 15ss held Judge Peter J. Messitte (Court Reporter: Simpkins) (td, Deputy Clerk) (Entered: 01/10/2001) |
|---|---|---|
| 01/09/2001 | 413 | JUDGMENT as to Dustin John Higgs (2) as to Counts 1ss, 2ss , 4ss , 6ss , 7ss , 9ss , 11ss , 12ss and 14ss - Consecutive Sentences of Death; as to Counts 5ss, 10ss and 15ss - 5 years Imprisonment consecutive to all Sentences currently being served and consecutive to the Death Sentences imposed in Counts 1, 2, 4, 6, 7, 9, 11, 12 & 14 as to Count 5 of the Second Superseding Indictment; 20 years Imprisonment consecutive to Count 5 as to Count 10 of the Second Superseding Indictment; 20 years Imprisonment consecutive Count 10 as to Count 15 of the Second Superseding Indictment; 5 years Supervised Release with Conditions as each of Counts 5, 10 & 15 of the Second Superseding Indictment, to run concurrent to each other; $13,687.22 Restitution; $600.00 Special Assessment ( Signed by Judge Peter J. Messitte 1/5/2001 ) (c/m & microfilmed 1/8/2001 bbe) (td, Deputy Clerk) (rss, Deputy Clerk). (Entered: 01/11/2001) |
| 01/09/2001 | 414 | JUDGMENT AND ORDER "STATING" that the Defendant shall pay to the United States a Special Assessment of $50.00 for Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 as therein set forth; "STATING" that the Court imposes upon the Defendant a Sentence of Death as to Counts 1, 2, 5, 6, 7, 9, 11, 12 and 14; and "STATING" that the Sentence shall be Executed as therein more particularly set forth as to Dustin John Higgs ( Signed by Judge Peter J. Messitte ) (c/m & microfilmed 1/8/2001 bbe) (td, Deputy Clerk) (kns, Deputy Clerk). (Entered: 01/11/2001) |
| 01/11/2001 | 415 | NOTICE OF APPEAL by Dustin John Higgs (2) count(s) 1ss, 2ss, 4ss, 5ss, 6ss, 7ss, 9ss, 10ss, 11ss, 12ss FILING FEE $ IFP Status Granted (mlb, Deputy Clerk) (Entered: 01/16/2001) |
| 01/16/2001 | | Notice of appeal and certified copy of docket as to Dustin John Higgs to USCA: [415-1] appeal (mlb, Deputy Clerk) (Entered: 01/16/2001) |
| 01/17/2001 | 416 | ORDER "PLACING UNDER SEAL" the Presentence Investigation Report as to Dustin John Higgs ( Signed by Judge Peter J. Messitte 1/16/2001 ) (td, Deputy Clerk) (Entered: 01/17/2001) |
| 01/17/2001 | 417 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Dustin John Higgs (td, Deputy Clerk) (Entered: 01/17/2001) |
| 01/29/2001 | | USCA Case Number as to Dustin John Higgs Re: [415-1] appeal USCA Number: 01-03 (Case Manager Beth Walton) (mlb, Deputy Clerk) (Entered: 01/29/2001) |
| 02/08/2001 | 418 | ORDER as to Dustin John Higgs "DISMISSING" the Indictment and the Superseding Indictment pending against the Defendant ( Signed by Judge Peter J. Messitte 2/7/2001 ) (cc/m & microfilmed 2/8/2001 esp) (td, Deputy Clerk) (Entered: 02/08/2001) |
| 02/08/2001 | | DISMISSAL of Count(s) as to Dustin John Higgs; Counts Dismissed: Dustin John Higgs (2) as to Counts 1s, 1, 2s, 2, 3s, 3, 4s, 4, 5s, 5, 6s, 6, 7s, 7, 8s, 8, 9s and 9 (td, Deputy Clerk) (Entered: 02/12/2001) |
| 02/27/2001 | 419 | TRANSCRIPT filed as to Dustin John Higgs for dates of September 5, 7-8, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 03/01/2001) |
| 02/28/2001 | 420 | Transcript requested in appeal as to Dustin John Higgs [415-1] appeal (Sept. 6, 2000) (mlb, Deputy Clerk) (Entered: 03/01/2001) |
| 03/06/2001 | 421 | TRANSCRIPT filed as to Dustin John Higgs for dates of October 18, 2000 Re: [415-1] appeal (FILED SEPERATELY) (mlb, Deputy Clerk) (Entered: 03/12/2001) |
| 03/22/2001 | 422 | ORDER for Dismissal of Alternative Counts 3,8 & 13 of the Second Superseding |

**JA 024**

| | | |
|---|---|---|
| | | Indictment as to Dustin John Higgs ( Signed by Judge Peter J. Messitte 3/20/01) (c/m 3/23/01lad) (lad, Deputy Clerk) (Entered: 03/23/2001) |
| 03/22/2001 | | DISMISSAL of Count(s) as to Dustin John Higgs Counts Dismissed: Dustin John Higgs (2) count(s) 3ss, 8ss, 13ss (lad, Deputy Clerk) (Entered: 03/23/2001) |
| 03/23/2001 | 423 | TRANSCRIPT filed as to Dustin John Higgs for dates of 9/18/00 thru 9/22/00 and 9/26/00 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 03/23/2001) |
| 03/29/2001 | 424 | TRANSCRIPT filed as to Dustin John Higgs for date of 9/6/2000 Re: [415-1] Appeal (Filed Separately) (Court Reporter: Bankins) (td, Deputy Clerk) (Entered: 03/30/2001) |
| 04/09/2001 | 425 | ORDER "EXTENDING" time for filing transcript to 4/30/01 as to Dustin John Higgs (mlb, Deputy Clerk) (Entered: 04/10/2001) |
| 04/25/2001 | 426 | TRANSCRIPT filed as to Dustin John Higgs for dates of 9/27/00 - 9/29/00 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 04/25/2001) |
| 04/25/2001 | 427 | TRANSCRIPT filed as to Dustin John Higgs for dates of October 3-6, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 04/25/2001) |
| 04/30/2001 | 428 | TRANSCRIPT filed as to Dustin John Higgs for dates of October 10-11, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 05/01/2001) |
| 04/30/2001 | 429 | TRANSCRIPT filed as to Dustin John Higgs for dates of October 19-20, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 05/01/2001) |
| 04/30/2001 | 430 | TRANSCRIPT filed as to Dustin John Higgs for dates of October 24-26, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 05/01/2001) |
| 04/30/2001 | 431 | TRANSCRIPT filed as to Dustin John Higgs for dates of January 3, 2001 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 05/01/2001) |
| 05/01/2001 | | TRANSCRIPT filed as to Dustin John Higgs for dates of October 19-20, 2000 Re: [415-1] appeal (mlb, Deputy Clerk) (Entered: 05/01/2001) |
| 05/15/2001 | 432 | CERTIFICATE OF CLERK certifying record is complete for appeal purposes for [415-1] appeal as to Dustin John Higgs (mlb, Deputy Clerk) (Entered: 05/15/2001) |
| 09/06/2001 | 433 | CORRESPONDENCE from Messitte, J., to Counsel regarding juror questionnaires (c/m 9/7/01 ib) (mib, Deputy Clerk) (Entered: 09/07/2001) |
| 10/01/2001 | 434 | ORDER (copy) From United States Court of Appeals for the Fourth Circuit "STRIKING" the appearance of Harry Trainor and "SUBSTITUTING" Barbara L. Hartung as co-counsel for the appellant, Dustin Higgs, the Court "GRANTS" appellant's request for authorization for interim payments under the Criminal Justice Act. (c/s 10/01/01 pf) (pkf, Deputy Clerk) Modified on 10/12/2001 (Entered: 10/01/2001) |
| 10/12/2001 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to Willis Mark Haynes, Dustin John Higgs : [415-1] appeal (Voulmes 1 thorugh 173) (pkf, Deputy Clerk) (Entered: 10/12/2001) |
| 12/12/2001 | | Appeal Record Returned as to Willis Mark Haynes, Dustin John Higgs: 473 Notice of Appeal - Final Judgment, 415 Notice of Appeal - Final Judgment, 332 Notice of Appeal - Final Judgment (krc, Deputy Clerk) (Entered: 10/25/2005) |
| 03/20/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to Dustin John Higgs (Per request of USCA, Beth Walton) (mlb, Deputy Clerk) (Entered: 03/20/2002) |
| 07/30/2002 | 436 | Motion of defendant Dustin John Higgs for a New Trial and/or New Sentencing Hearing. (Exhibits A-R) (Filed separately) (unsealed in open court on the record 8/4/2003) (ajh, |

**JA 025**

| | | |
|---|---|---|
| | | Deputy Clerk) Modified on 8/5/2003 (esp, Deputy Clerk). Modified on 8/5/2003 (esp, Deputy Clerk). (Entered: 07/30/2002) |
| 08/05/2002 | 437 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 08/06/2002) |
| 08/06/2002 | 438 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 08/06/2002) |
| 08/06/2002 | 439 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 08/07/2002) |
| 08/07/2002 | 440 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 08/08/2002) |
| 09/16/2002 | 441 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 09/17/2002) |
| 09/23/2002 | 442 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 09/24/2002) |
| 09/25/2002 | 443 | SEALED DOCUMENT (mib, Deputy Clerk) (Entered: 09/26/2002) |
| 10/02/2002 | 444 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 10/02/2002) |
| 10/03/2002 | 445 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 10/04/2002) |
| 01/14/2003 | 450 | NOTICE of Waiver of Right to be Physically Present for Motions Hearing and Request/Consent to Participate by Video Teleconferencing by Dustin John Higgs (c/s) (ajh, Deputy Clerk) (Entered: 01/15/2003) |
| 01/21/2003 | 451 | ORDER granting defendant's waiver of Right to be Physically Present and Request/Consent to Participate by Video Conferencing ( Signed by Judge Peter J. Messitte 1/17/03) (c/m 1/17/03esp) (lad, Deputy Clerk) (Entered: 01/21/2003) |
| 02/10/2003 | 453 | SEALED DOCUMENT (ajh, Deputy Clerk) (Entered: 02/11/2003) |
| 05/09/2003 | 459 | Letter from Robin Shea Assistant to Judge Messitte setting hearing on Defendant's Motion for New Trial (c/m 5/6/03esp) (lad, Deputy Clerk) (Entered: 05/09/2003) |
| 06/10/2003 | 465 | MOTION to Unseal Motion for New Trial and/or New Sentencing Hearing, Exhibits, Response, and Reply by Dustin John Higgs. Responses due by 6/27/2003 (lad, Deputy Clerk) (Entered: 06/12/2003) |
| 07/16/2003 | 466 | Sealed Document. (rank, Deputy Clerk) Modified on 8/5/2003 (esp, Deputy Clerk). (Entered: 07/18/2003) |
| 07/30/2003 | 467 | AFFIDAVIT of Willis Mark Haynes filed by Dustin John Higgs (c/s) (lad, Deputy Clerk) (Entered: 08/01/2003) |
| 07/30/2003 | 468 | Sealed Document (lad, Deputy Clerk) (Entered: 08/01/2003) |
| 08/01/2003 | 469 | Request and ORDER Appointing Additional Co-Counsel Barbara Hartung as to Dustin John Higgs. Signed by Judge Peter J. Messitte on July 30, 2003. (c/m 8/4/03lad) (lad, Deputy Clerk) (Entered: 08/04/2003) |
| 08/01/2003 | | Attorney update in case as to Dustin John Higgs. Attorney Barbara Hartung for Dustin John Higgs added. (lad, Deputy Clerk) (Entered: 08/06/2003) |
| 08/04/2003 | | Oral Motion of Timothy Sullivan to admit Barbara Hartun Pro Hac Vice as co-counsel on behalf of defendant Dustin Higgs - "granted" as stated on the record in open court. (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | | Motion Hearing as to Dustin John Higgs re 465 MOTION to Unseal Document filed by Dustin John Higgs - "granted" for reasons stated on the record before Judge Peter J. Messitte. (Court Reporter Simpkins) (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | | Motion Hearing held before Judge Messitte on Motion by defendant Dustin John Higgs |

**JA 026**

| | | |
|---|---|---|
| | | for a New Trial and/or New Sentencing Hearing. (Exhibits A-R) (Paper No. 436) (Court Reporter Simpkins.) (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | | Argument of counsel. (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | | Oral ruling of the Court. (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | | Oral order (Messitte, J.) "denying" Motion by defendant Dustin John Higgs for a New Trial and/or New Sentencing Hearing. (Paper No 436) for reasons stated on the record in open court. (Court to prepare order) (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | 470 | EXHIBIT LIST by Dustin John Higgs re: Motions hearing held on 8/4/2003. (esp, Deputy Clerk) (Entered: 08/05/2003) |
| 08/04/2003 | 473 | NOTICE OF APPEAL re Order (472) by Dustin John Higgs (mlb, Deputy Clerk) (Entered: 08/06/2003) |
| 08/05/2003 | 471 | ORDER granting 465 Motion to Unseal Motion for New trial and/or New Sentencing Hearing as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on August 4, 2003. (c/m 8/5/03esp) (lad, Deputy Clerk) (Entered: 08/06/2003) |
| 08/05/2003 | 472 | ORDER denying 436 motion for New Trial and/or New Sentencing Hearing as to Dustin John Higgs. Signed by Judge Peter J. Messitte on August 4, 2003. (c/m 8/5/03esp) (lad, Deputy Clerk) (Entered: 08/06/2003) |
| 08/06/2003 | | Transmission of Notice of Appeal and Docket Sheet as to Willis Mark Haynes, Dustin John Higgs to US Court of Appeals re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 08/06/2003) |
| 08/22/2003 | 475 | CJA 30: Appointment of Attorney Barbara Hartung as co-counsel for Dustin John Higgs in Death Penalty Proceedings as to Dustin John Higgs., CJA 30: Authorization to Pay in Death Penalty Proceedings as to Dustin John Higgs. Signed by Donna Shearer on 07/31/2003. (elt, Deputy Clerk) (Entered: 08/25/2003) |
| 09/22/2003 | 476 | ORDER of USCA (certified copy) "APPOINTING" Timothy J. Sullivan as lead counsel and Barbara L. Hartung as co-counsel for the appeal; as to Dustin John Higgs re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 09/22/2003) |
| 09/26/2003 | 478 | ORDER of USCA (certified copy) "EXTENDING" time for court reporter Gail Simpkins, to file transcript, without sanctions, to 9/30/03; as to Dustin John Higgs re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 09/26/2003) |
| 10/14/2003 | 480 | TRANSCRIPT filed as to Dustin John Higgs for dates of 8/4/03 before Judge Peter J. Messitte, re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 10/14/2003) |
| 02/03/2004 | 481 | JUDGMENT of USCA (certified copy) "AFFIRMING" the judgment of the USDC as to Dustin John Higgs re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 02/03/2004) |
| 05/06/2004 | 482 | JUDGMENT of USCA (certified copy) "AFFIRMING" the judgment of the USDC; Rec'd from USCA on 4/21/04 as to Dustin John Higgs re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 05/06/2004) |
| 05/13/2004 | 483 | MANDATE of USCA (certified copy) as to Dustin John Higgs re 473 Notice of Appeal - Final Judgment (mlb, Deputy Clerk) (Entered: 05/17/2004) |
| 01/27/2005 | 484 | ORDER Appointing Counsel Under The Criminal Justice Act as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 1/27/05 (c/m 1/27/05 CJA Attorney -Baltimore esp) (zf, Deputy Clerk) (Entered: 01/28/2005) |

**JA 027**

| 02/24/2005 | 486 | NOTICE OF ATTORNEY APPEARANCE: Michael Wiseman appearing for Dustin John Higgs (c/s) (zf, Deputy Clerk) (Entered: 03/01/2005) |
|---|---|---|
| 02/28/2005 | 485 | NOTICE OF ATTORNEY APPEARANCE: Stephen H Sachs appearing for Dustin John Higgs (c/s) (zf, Deputy Clerk) (Entered: 02/28/2005) |
| 05/19/2005 | 487 | Sealed Document (rank, Deputy Clerk) (Entered: 05/19/2005) |
| 05/19/2005 | 488 | Sealed Document (rank, Deputy Clerk) (Entered: 05/19/2005) |
| 05/19/2005 | 489 | ORDER For Interim Payments to Appointed Counsel as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 5/16/05 (c/m 5/18/05 dps) (zf, Deputy Clerk) (Entered: 05/20/2005) |
| 05/19/2005 | 490 | CJA 30: Appointment of Attorney Stephen H Sachs for in Death Penalty Proceedings as to Dustin John Higgs. Signed by Clerk on 2/28/05 (c/m 5/17/05 dps) (zf, Deputy Clerk) (Entered: 05/20/2005) |
| 11/28/2005 | 492 | MOTION to Vacate under 28 U.S.C. 2255 or in the Alternative Pursuant to 28 U.S.C. 2241 ( Civil Action 05-3180 ) and Exhibits by Dustin John Higgs; Responses due by 12/15/2005 (Exhibits Filed Separately)(ajh, Deputy Clerk)(c/s) (Entered: 11/28/2005) |
| 11/30/2005 | 493 | NOTICE of Filing of Original Verification by Dustin John Higgs (c/s) (zf, Deputy Clerk) (Entered: 12/01/2005) |
| 12/14/2005 | 494 | Response with no objection to petitioner's request to the court to grant him 90 days to file a brief in support of the petition by USA (elt, Deputy Clerk) (krcs, Deputy Clerk). (Entered: 12/14/2005) |
| 12/22/2005 | 495 | ORDER "Directing" that the Petitioner's Request to be Permitted to File a Brief in Support of his Petition within ninety (90) days, contained in his Motion for Relief Pursuant to 28 U.S.C. 2255, or, in the alternative, Pursuant to 28 U.S.C. 2241 [Paper No. 492] is GRANTED; and it is further ORDERED that the Government's Request that the Court defer setting a date for filing of the Government's response until Petitioner's Brief is filed [Paper No. 494] is GRANTED as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 12/22/05 (c/m 12/23/05 zf) (zf, Deputy Clerk) (Entered: 12/23/2005) |
| 02/14/2006 | 496 | MOTION to Continue *Unopposed Motion for 60 Day Continuance for Filing of Memorandum* by Dustin John Higgs. Responses due by 3/3/2006 (Wiseman, Michael) (Entered: 02/14/2006) |
| 02/24/2006 | 497 | ORDER granting 496 MOTION to Continue Unopposed Motion for 60 Day Continuance for Filing of Memorandum by Dustin John Higgs (2) Signed by Judge Roger W Titus on 2/24/06 (c/m 2/27/06 zf) (zfs, Deputy Clerk) (Entered: 02/27/2006) |
| 04/06/2006 | 498 | MOTION to Preclude Contact With Jurors by USA as to Dustin John Higgs. Responses due by 4/24/2006 (c/s)(zf, Deputy Clerk) (Entered: 04/07/2006) |
| 04/27/2006 | 499 | RESPONSE to Motion by Dustin John Higgs re 498 MOTION to Preclude Contact With Jurors. Replies due by 5/11/2006 (c/s)(zf, Deputy Clerk) (Entered: 04/27/2006) |
| 04/27/2006 | 500 | Cross MOTION to allow Standard Post-Conviction Interviews with Petitioner's Jury by Dustin John Higgs. Responses due by 5/15/2006 (c/s)(zf, Deputy Clerk) (Entered: 04/27/2006) |
| 05/01/2006 | 501 | Petitioner's Uncontested MOTION For A Four Day Extension of Time For Filing Memorandum of Law In Support of Petition For Writ of Habeas Corpus (Section 2255 Petition) by Dustin John Higgs. Responses due by 5/18/2006 (c/s)(zf, Deputy Clerk) (Entered: 05/01/2006) |

## JA 028

| 05/02/2006 | 502 | ORDER granting 501 Petitioner's Uncontested MOTION For A Four Day Extension of Time For Filing Memorandum of Law In Support of Petition For Writ of Habeas Corpus (Section 2255 Petition)by Dustin John Higgs (2) Signed by Judge Peter J. Messitte on 5/1/06 (c/m 5/2/06 zf) (zf, Deputy Clerk) (Entered: 05/02/2006) |
|---|---|---|
| 05/04/2006 | 503 | NOTICE OF ATTORNEY APPEARANCE: Angela S Elleman appearing for Dustin John Higgs (c/s) (zf, Deputy Clerk) (Entered: 05/04/2006) |
| 05/04/2006 | 504 | Petitioner's BRIEF in Support and Supplemental Appendix by Dustin John Higgs re 492 MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 05-3180) (FILED SEPARATELY)(corrected conclusion to petitioner's brief in support recvd on 5/5/06)(c/s) (zf, Deputy Clerk) Modified on 5/8/2006 (zf, Deputy Clerk) (Entered: 05/04/2006) |
| 05/08/2006 | 505 | ORDER "Directing" that a telephonic conference call to set filing deadlines shall be held with counsel of record on Wednesday, May 17, 2006 at 10:00 a.m.; and it is further ORDERED that if the parties have a conflict with this date, counsel should contact chambers in a telephonic conference call (with all counsel on the telephone) by the close of business on Monday, May 15, 2006 to reschedule the date as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 5/8/06 (c/m 5/9/06 zf) (zf, Deputy Clerk) (Entered: 05/09/2006) |
| 05/10/2006 | 506 | REPLY TO RESPONSE to Motion by USA as to Dustin John Higgs re 498 MOTION to Preclude Contact With Jurors, RESPONSE to Motion re 500 Cross MOTION to allow Standard Post-Conviction Interviews with Petitioner's Jury (c/s) (zf, Deputy Clerk) Modified on 5/17/2006 (zf, Deputy Clerk) (Entered: 05/11/2006) |
| 05/10/2006 | | Set/Reset Deadlines re Motion in case as to Dustin John Higgs 500 MOTION to allow Standard Post-Conviction Interviews with Petitioner's Jury. Replies due by 5/24/2006. (cag, Deputy Clerk) (Entered: 05/17/2006) |
| 05/17/2006 | | Telephone Conference as to Dustin John Higgs held on 5/17/2006 before Judge Peter J. Messitte. (esp, Deputy Clerk) (Entered: 05/18/2006) |
| 05/18/2006 | 507 | ORDER "Confirming" the matters discussed and schedule set during today's status conference as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 5/17/06 (c/m 5/18/06 zf) (zf, Deputy Clerk) (Entered: 05/18/2006) |
| 05/31/2006 | | Motion Hearing as to Dustin John Higgs held on 5/31/2006 re 498 MOTION to Preclude Contact With Jurors filed by USA,, 500 MOTION to allow Standard Post-Conviction Interviews with Petitioner's Jury filed by Dustin John Higgs, before Judge Peter J. Messitte. (Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 06/01/2006) |
| 05/31/2006 | | Argument of counsel. (esp, Deputy Clerk) (Entered: 06/01/2006) |
| 05/31/2006 | | Oral ruling of the Court. (esp, Deputy Clerk) (Entered: 06/01/2006) |
| 05/31/2006 | | Oral order (Messitte, J.) "granting" Motion to Preclude Contact with Jurors by USA as to Dustin John Higgs. (Paper No. 498) and "denying" Cross Motion to Allow Standard Post-Conviction Interviews with Petitioner's Jury by Dustin John Higgs. (Paper No. 500) for reasons stated on the record in open court. (esp, Deputy Clerk) (Entered: 06/01/2006) |
| 06/02/2006 | 508 | ORDER granting 498 Motion to Preclude Contact with Jurors as to Dustin John Higgs (2); denying 500 Motion to Allow Standard Post-Conviction Interviews with Petitioner's Jury as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 05/31/2006. (c/m 6/2/06) (elt, Deputy Clerk) (Entered: 06/02/2006) |
| 06/27/2006 | 510 | TRANSCRIPT of Proceedings as to Dustin John Higgs held on May 31, 2006 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall (filed separately) (zf, Deputy Clerk) (Entered: 07/05/2006) |

**JA 029**

| 07/05/2006 | 509 | MOTION for Discovery, and Memorandum by Dustin John Higgs. Responses due by 7/24/2006 (c/s)(aap, Deputy Clerk) (Entered: 07/05/2006) |
|---|---|---|
| 07/31/2006 | 513 | RESPONSE to Motion by USA as to Dustin John Higgs re 509 MOTION for Discovery Replies due by 8/14/2006. (c/s)(aap, Deputy Clerk) (Entered: 07/31/2006) |
| 08/14/2006 | 514 | ORDER Extending time an additional 7 days to file Petitioner's Reply as to Dustin John Higgs. Signed by Judge Deborah K. Chasanow on 08/14/06.(c/m 08/14/06rs) (jc, Deputy Clerk) (Entered: 08/15/2006) |
| 08/22/2006 | 515 | Memorandum in Reply to Government's Response to Motion by Dustin John Higgs re 509 MOTION for Discovery (c/s) (aap, Deputy Clerk) (Entered: 08/22/2006) |
| 09/29/2006 | 516 | Government's Request for 30-day extension and ORDER "Approved" as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 09/29/2006. (elt, Deputy Clerk) (krc, Deputy Clerk). (Entered: 10/02/2006) |
| 11/01/2006 | 518 | Government's Request for extension of time to respond to Defendant's Petition as to Dustin John Higgs, and Order Approving extension until 11/8/2006. Signed by Judge Peter J. Messitte on 11/1/2006. (c/m 11/3/06 esp) (aap, Deputy Clerk) (Entered: 11/06/2006) |
| 11/08/2006 | 519 | MOTION to Strike Procedurally Defective Claims and exhibits 1-12 by USA as to Dustin John Higgs (filed separately) Responses due by 11/27/2006 (lad3, Deputy Clerk) (Entered: 11/09/2006) |
| 11/08/2006 | 520 | RESPONSE to Motion by USA as to Dustin John Higgs re 492 MOTION to Vacate under 28 U.S.C. 2255 or in the Alternative pursuant to 28:2241 ( Civil Action 05-3180.) and exhibits 1-12 (filed separately) Replies due by 11/22/2006. (lad3, Deputy Clerk) (Entered: 11/09/2006) |
| 11/27/2006 | 521 | MOTION for Extension of Time to File Reply Memorandum by Dustin John Higgs. Responses due by 12/14/2006 (c/s) (rank, Deputy Clerk) (krc, Deputy Clerk). (Entered: 11/27/2006) |
| 11/27/2006 | 522 | ORDER granting 521 Motion for Extension of Time to File Reply Memorandum as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 11/27/2006. (c/m 11/27/06 rs) (aap, Deputy Clerk) (Entered: 11/30/2006) |
| 01/22/2007 | 523 | Memorandum/Order Defering the ruling on the Motion for Discovery 509 until such a time as the Motion to Vacate 492 has been fully briefed as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 1/19/07. (c/s) (aap, Deputy Clerk) Modified on 1/23/2007 (aap, Deputy Clerk). (Entered: 01/23/2007) |
| 01/24/2007 | 524 | Uncontested MOTION for A Fourteen Day Enlargement of Time in Which to file Reply Memorandum by Dustin John Higgs. Responses due by 2/12/2007 (c/s) (jc, Deputy Clerk) (Entered: 01/24/2007) |
| 01/30/2007 | 525 | ORDER granting 524 Uncontested MOTION for A Fourteen Day Enlargement of Time in Which to file Reply Memorandum; further directing that Petitioner may file his reply Memorandum of Law on or before February 12, 2007 as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 1/29/07. (c/m 1/30/07 aap) (aap, Deputy Clerk) (Entered: 01/30/2007) |
| 02/13/2007 | 526 | MEMORANDUM in Reply to the Government's Motion, by Dustin John Higgs re 519 MOTION to Strike Procedurally Defective Claims. (c/m 2/13/07 aap) (aap, Deputy Clerk) (Filed Separately) (Entered: 02/16/2007) |
| 02/13/2007 | 527 | Second Supplemental Appendix 1-7 to petitioner's 2255 Motion for Relief, by Michael |

**JA 030**

| | | |
|---|---|---|
| | | Wiseman, as to Dustin John Higgs. (Filed Separately)(c/s) (aap, Deputy Clerk) (Entered: 02/16/2007) |
| 04/07/2010 | 547 | OPINION as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 4/6/10. (Attachments: # 1 Part II of Opinion (pgs. 54-119)) (cm, Deputy Clerk) (Entered: 04/07/2010) |
| 04/07/2010 | 548 | FINAL ORDER OF JUDGMENTdenying 492 Motion to Vacate (2255) as to Dustin John Higgs (2); denying 509 Motion for Discovery as to Dustin John Higgs (2); denying 519 Motion to Strike as to Dustin John Higgs (2); Final Judgment is ENTERED in favor of the Government and against Petitioner Higgs; AND directing the Clerk to CLOSE this case. Signed by Judge Peter J. Messitte on 4/6/10. (cm, Deputy Clerk) (Entered: 04/07/2010) |
| 05/04/2010 | 550 | MOTION for Certificate of Appealability *APPLICATION FOR CERTIFICATE OF APPEALABILITY* by Dustin John Higgs. Responses due by 5/21/2010 (Attachments: # 1 Text of Proposed Order)(Elleman, Angela) (Entered: 05/04/2010) |
| 05/04/2010 | 551 | MOTION for Reconsideration *MOTION TO ALTER OR AMEND THE JUDGMENT* by Dustin John Higgs. Responses due by 5/21/2010 (Elleman, Angela) (Entered: 05/04/2010) |
| 05/21/2010 | 552 | RESPONSE in Opposition by USA as to Dustin John Higgs re 551 MOTION for Reconsideration *MOTION TO ALTER OR AMEND THE JUDGMENT* (Johnston, Deborah) (Entered: 05/21/2010) |
| 05/21/2010 | 553 | RESPONSE in Opposition by USA as to Dustin John Higgs re 550 MOTION for Certificate of Appealability *APPLICATION FOR CERTIFICATE OF APPEALABILITY* (Johnston, Deborah) (Entered: 05/21/2010) |
| 06/11/2010 | 554 | NOTICE OF ATTORNEY APPEARANCE Deborah A Johnston appearing for USA. (Johnston, Deborah) (Entered: 06/11/2010) |
| 07/20/2010 | 559 | MEMORANDUM OPINION as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 7/19/10. (cm, Deputy Clerk) (Entered: 07/20/2010) |
| 07/20/2010 | 560 | ORDER DENYING 550 Motion for Certificate of Appealability as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 7/19/10. (cm, Deputy Clerk) (Entered: 07/20/2010) |
| 07/20/2010 | 561 | Marginal/ORDER DENYING 551 Motion for Reconsideration as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 7/19/10. (cm, Deputy Clerk) Modified on 7/20/2010 (cm, Deputy Clerk). (Entered: 07/20/2010) |
| 09/16/2010 | 564 | NOTICE OF APPEAL as to 548 FINAL ORDER OF JUDGMENT denying 492 Motion to Vacate (2255); denying 509 Motion for Discovery and denying 519 Motion to Strike AND as to 561 Marginal/ORDER DENYING 551 Motion for Reconsideration by Dustin John Higgs (Elleman, Angela) Modified to create linkage on 9/17/2010 (kn, Deputy Clerk). (Entered: 09/16/2010) |
| 09/17/2010 | 565 | Transmission of Notice of Appeal and Docket Sheet as to Dustin John Higgs to US Court of Appeals re 564 Notice of Appeal - Final Judgment(kn, Deputy Clerk) (Entered: 09/17/2010) |
| 10/22/2010 | 567 | ORDER of USCA "APPOINTING" Stephen Howard Sachs as lead counsel and Federal Community Defenders of Philadelphia as co-counsel for Appellant effective 9/16/10 as to Dustin John Higgs re 564 Notice of Appeal - Final Judgment, (krc, Deputy Clerk) (Entered: 10/25/2010) |

## JA 031

| 03/03/2011 | 569 | ORDER of USCA "GRANTING" appellant a certificate of appealability as to Issue II and "DENYING" a certificate of appealability as to the remaining issues as to Dustin John Higgs re 564 Notice of Appeal - Final Judgment (krc, Deputy Clerk) (Entered: 03/03/2011) |
|---|---|---|
| 07/15/2011 | 570 | Certified and Transmitted Supplemental Record on Appeal - Request for Docket No. 492 and exhibits only) as to Dustin John Higgs to US Court of Appeals re 564 Notice of Appeal - Final Judgment, (Attachment: # 1 Transmittal Sheet)(krc, Deputy Clerk) (Entered: 07/15/2011) |
| 08/09/2011 | 571 | Transmitted Second Supplemental Record on Appeal as to Dustin John Higgs re 564 Notice of Appeal - Final Judgment (Docket Entry #504 only) (Attachment: # 1 Transmittal Sheet)(krc, Deputy Clerk) (Entered: 08/09/2011) |
| 11/23/2011 | 572 | JUDGMENT of USCA AFFIRMING the Judgment of the USDC as to Dustin John Higgs re 564 Notice of Appeal - Final Judgment. (Attachments: # 1 Notice of Judgment, # 2 Published Authored Opinion)(rss, Deputy Clerk) (Entered: 11/23/2011) |
| 01/09/2012 | 573 | MANDATE of USCA "STAYED" pending of disposition or motion as to Dustin John Higgs (krc, Deputy Clerk) (Entered: 01/10/2012) |
| 01/20/2012 | 574 | ORDER of USCA "DENYING" the petition for rehearing and rehearing en banc as to Dustin John Higgs re 564 Notice of Appeal - Final Judgment, (krc, Deputy Clerk) (Entered: 01/20/2012) |
| 01/30/2012 | 575 | MANDATE of USCA takes effect today as to Dustin John Higgs re, 473 Notice of Appeal - Final Judgment. (krc, Deputy Clerk) (Entered: 01/30/2012) |
| 02/15/2012 | | Appeal Record Returned (Volumes 2) as to Dustin John Higgs (krc, Deputy Clerk) (Entered: 02/15/2012) |
| 07/08/2013 | 576 | NOTICE OF ATTORNEY APPEARANCE: Matthrew C Lawry as Public Defender appearing for Dustin John Higgs (Lawry, Matthrew) (Entered: 07/08/2013) |
| 07/08/2013 | 577 | MOTION Petitioner's Motion for Order Authorizing Expert Access to Evaluate Client for Clemency Proceedings by Dustin John Higgs. Responses due by 7/25/2013 (Attachments: # 1 Text of Proposed Order)(Lawry, Matthrew) (Entered: 07/08/2013) |
| 07/26/2013 | 578 | PAPERLESS ORDER GRANTING 577 Petitioner's Motion for Order Authorizing Expert Access to Evaluate Client for Clemency Proceedings as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 7/25/13. (rass, Chambers) (Entered: 07/26/2013) |
| 12/04/2014 | 579 | MOTION *for relief from final judgment* by Dustin John Higgs. Responses due by 12/22/2014 (Attachments: # 1 Appendix)(Sachs, Stephen) (Entered: 12/04/2014) |
| 12/04/2014 | 580 | MOTION for Release of Brady Materials , MOTION for Discovery by Dustin John Higgs. Responses due by 12/22/2014 (Sachs, Stephen) (Entered: 12/04/2014) |
| 12/22/2014 | 581 | NOTICE OF ATTORNEY APPEARANCE Sujit Raman appearing for USA. (Raman, Sujit) (Entered: 12/22/2014) |
| 12/23/2014 | 582 | Consent MOTION for Extension of Time to File Response/Reply by USA as to Dustin John Higgs. Responses due by 1/9/2015 (Raman, Sujit) (Entered: 12/23/2014) |
| 12/23/2014 | 583 | PAPERLESS ORDER GRANTING 582 Unopposed Motion for Extension of Time to File Responses to 579 Defendant's Motion for Relief from Final Judgment and 580 Defendant's Motion for Discovery (until February 20, 2015) as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 12/23/2014. (rass, Chambers) (Entered: 12/23/2014) |
| 02/13/2015 | 584 | NOTICE OF ATTORNEY APPEARANCE James A Crowell, IV appearing for USA. |

**JA 032**

| | | (Crowell, James) (Entered: 02/13/2015) |
|---|---|---|
| 02/19/2015 | 585 | RESPONSE to Motion by USA as to Dustin John Higgs re 580 MOTION for Release of Brady Materials MOTION for Discovery , 579 MOTION *for relief from final judgment* Replies due by 3/9/2015. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit) (Crowell, James) (Entered: 02/19/2015) |
| 03/04/2015 | 586 | MOTION for Extension of Time to File Response/Reply by Dustin John Higgs as to Willis Mark Haynes, Dustin John Higgs. Responses due by 3/23/2015 (Attachments: # 1 Text of Proposed Order)(Sachs, Stephen) (Entered: 03/04/2015) |
| 03/04/2015 | 587 | PAPERLESS ORDER GRANTING 586 Petitioner's Unopposed Motion for Extension of Time to File Reply to 579 Motion for Relief From Final Judgment and 580 Motion for Production of Exculpatory Evidence and Discovery (until April 8, 2015) as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 3/4/2015. (rass, Chambers) (Entered: 03/04/2015) |
| 04/07/2015 | 588 | REPLY TO RESPONSE to Motion by Dustin John Higgs as to Willis Mark Haynes, Dustin John Higgs re 579 MOTION *for relief from final judgment* (Sachs, Stephen) (Entered: 04/07/2015) |
| 04/07/2015 | 589 | REPLY TO RESPONSE to Motion by Dustin John Higgs as to Willis Mark Haynes, Dustin John Higgs re 580 MOTION for Release of Brady Materials MOTION for Discovery (Sachs, Stephen) (Entered: 04/07/2015) |
| 05/20/2015 | 591 | RESPONSE re 588 Reply to Response filed by USA. Replies due by 6/8/2015. (Crowell, James) (Entered: 05/20/2015) |
| 06/29/2016 | 600 | MEMORANDUM OPINION as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 6/29/2016. (c/m 6/29/2016 aos, Deputy Clerk) (Entered: 06/29/2016) |
| 06/29/2016 | 601 | ORDER denying 579 Relief from Final Judgment Pursuant to Hazel-Atlas Glass Co. and Federal Rule of Civil Procedure 60(d) ; denying 580 Motion for Production of Exculpatory Evidence and Renewed Motion for Discovery as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 6/29/2016. (c/m 6/29/2016 aos, Deputy Clerk) (Entered: 06/29/2016) |
| 07/25/2016 | 602 | MOTION for Certificate of Appealability *and Consolidated Memorandum of Law* by Dustin John Higgs. Responses due by 8/11/2016 (Sachs, Stephen) (Entered: 07/25/2016) |
| 08/26/2016 | 605 | NOTICE OF APPEAL by Dustin John Higgs re 601 Order on Motion for Miscellaneous Relief,, Order on Motion for Release of Brady Materials,, Order on Motion for Discovery, Fee Status: Federal Public Defender. (Sachs, Stephen) (Entered: 08/26/2016) |
| 08/29/2016 | 606 | Transmission of Notice of Appeal and Docket Sheet as to Dustin John Higgs to US Court of Appeals re 605 Notice of Appeal - Final Judgment (krcs, Deputy Clerk) (Entered: 08/29/2016) |
| 08/30/2016 | 607 | USCA Case Number 16-15 as to Dustin John Higgs for 605 Notice of Appeal - Final Judgment filed by Dustin John Higgs. Case Manager - RJ Warren. (krcs, Deputy Clerk) (Entered: 08/31/2016) |
| 08/30/2016 | 608 | ORDER of USCA "APPOINTING" the Federal Community Defender Office for the Eastern District of Pennsylvania as lead counsel and Stephen H. Sachs as co-counsel for the appellant pursuant to the provisions of 18 U.S.C. § 3599(c) and the Criminal Justice |

**JA 033**

| | | Act effective 08/26/2016, as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (krcs, Deputy Clerk) (Entered: 08/31/2016) |
|---|---|---|
| 08/30/2016 | 609 | ORDER of USCA "REMANDING" to the USDC for the limited purpose to supplement the record with an order granting or denying a certificate of appealability as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (krcs, Deputy Clerk) (Entered: 08/31/2016) |
| 09/07/2016 | 610 | ORDER directing the United States Attorney to respond to the Motion for Certificate of Appealability within 30 days of the date of this order. Signed by Judge Peter J. Messitte on 9/7/2016. (c/m/s 9/8/2016 aos, Deputy Clerk) (Entered: 09/08/2016) |
| 10/07/2016 | 613 | RESPONSE in Opposition by USA as to Dustin John Higgs re 602 MOTION for Certificate of Appealability *and Consolidated Memorandum of Law* (Wilkinson, Sandra) (Entered: 10/07/2016) |
| 10/27/2016 | 614 | RESPONSE in Support by Dustin John Higgs re 602 MOTION for Certificate of Appealability *and Consolidated Memorandum of Law* (Sachs, Stephen) (Entered: 10/27/2016) |
| 11/22/2016 | 616 | MEMORANDUM OPINION as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 11/22/2016. (c/m 11/22/2016 aos, Deputy Clerk) (Entered: 11/22/2016) |
| 11/22/2016 | 617 | ORDER denying 602 MOTION for Certificate of Appealability and Consolidated Memorandum of Law as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 11/22/2016. (c/m 11/22/2016 aos, Deputy Clerk) (Entered: 11/22/2016) |
| 02/23/2017 | 622 | ORDER of USCA denying the certificate of appealability and dismissing the appeal as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (krc, Deputy Clerk) (Entered: 02/24/2017) |
| 02/23/2017 | 623 | JUDGMENT of USCA denying the certificate of appealability and dismissing the appeal as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (Attachments: # 1 Notice of Judgment)(krc, Deputy Clerk) (Entered: 02/24/2017) |
| 04/07/2017 | 624 | MANDATE of USCA staying the mandate pending further order of this court as to Dustin John Higgs (krc, Deputy Clerk) (Entered: 04/10/2017) |
| 04/21/2017 | 626 | ORDER of USCA denying the petition for rehearing and rehearing en banc as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (jf3s, Deputy Clerk) (Entered: 04/21/2017) |
| 05/01/2017 | 628 | MANDATE of USCA takes effect today as to Dustin John Higgs re: 605 Notice of Appeal - Final Judgment (krc, Deputy Clerk) (Entered: 05/01/2017) |
| 09/25/2017 | 629 | SUPREME COURT Remark - petition for writ of certiorari filed 09/15/2017 as to 605 Notice of Appeal filed by Dustin John Higgs (USCA No. 17-6085) (jf3s, Deputy Clerk) (Entered: 09/26/2017) |
| 01/09/2018 | 631 | Correspondence from Willis Haynes re Status Update for Second Successive 2255 (Attachments: # 1 Mailing Envelope)(aos, Deputy Clerk) (Entered: 01/12/2018) |
| 05/30/2018 | 633 | SUPREME COURT Remark- petition for writ of certiorari denied as to Dustin John Higgs re 605 Notice of Appeal - Final Judgment (USCA No. 16-15) (nu, Deputy Clerk) (Entered: 05/30/2018) |
| 01/09/2020 | | Assembled Electronic Record Transmitted to Fourth Circuit -- Supplement ( ECF 431) (nu, Deputy Clerk) (Entered: 01/09/2020) |
| 02/06/2020 | 639 | ORDER of USCA denying Motion for authorization to file successive habeas application |

**JA 034**

| | | (28 U.S.C. § 2255) as to Dustin John Higgs (nus, Deputy Clerk) (Entered: 02/06/2020) |
|---|---|---|
| 08/04/2020 | 640 | MOTION to Amend/Correct 414 Order,, by USA as to Dustin John Higgs. (Attachments: # 1 Attachment, # 2 Text of Proposed Order)(Wilkinson, Sandra) (Entered: 08/04/2020) |
| 08/18/2020 | 641 | (FILED IN ERROR) MEMORANDUM in Opposition by Dustin John Higgs as to Willis Mark Haynes, Dustin John Higgs re 640 MOTION to Amend/Correct 414 Order,, *Memorandum in Opposition to Motion to Amend Judgment and Order* (Sachs, Stephen) Modified on 8/19/2020 (ybs, Deputy Clerk). (Entered: 08/18/2020) |
| 08/19/2020 | 642 | QC NOTICE: 641 Memorandum in Opposition to Motion, filed by Dustin John Higgs was filed incorrectly. <br> **Incorrect event used. It has been noted as FILED IN ERROR, and the document link has been disabled. Please refile using the event "Response in Opposition"* (ybs, Deputy Clerk) (Entered: 08/19/2020) |
| 08/19/2020 | 643 | RESPONSE in Opposition by Dustin John Higgs as to Willis Mark Haynes, Dustin John Higgs re 640 MOTION to Amend/Correct 414 Order,, *MEMORANDUM IN OPPOSITION TO MOTION TO AMEND JUDGMENT AND ORDER* (Sachs, Stephen) (Entered: 08/19/2020) |
| 09/01/2020 | 644 | REPLY TO RESPONSE to Motion by USA as to Dustin John Higgs re 640 MOTION to Amend/Correct 414 Order,, (Attachments: # 1 Affidavit Declaration in Support, # 2 Text of Proposed Order Proposed Order)(Wilkinson, Sandra) (Additional attachment(s) added on 9/2/2020: # 3 CORRECTED Main Document, # 4 CORRECTED Proposed Order) (kns, Deputy Clerk). (Entered: 09/01/2020) |
| 09/02/2020 | 645 | MOTION to Strike *or Summarily Deny Docket Entries 640 and 644 or, in the Alternative, for Permission to File a Surreply and Consolidated Memorandum in Support* by Dustin John Higgs. (Sachs, Stephen) (Entered: 09/02/2020) |
| 09/04/2020 | 646 | ORDER granting in part and denying in part 645 Motion to Strike as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 9/4/2020. (ybs, Deputy Clerk) (Entered: 09/04/2020) |
| 09/18/2020 | 647 | (FILED IN ERROR) MEMORANDUM in Opposition by Dustin John Higgs re 640 MOTION to Amend/Correct 414 Order,, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Sachs, Stephen) Modified on 9/18/2020 (ybs, Deputy Clerk). (Entered: 09/18/2020) |
| 09/18/2020 | 648 | (FILED IN ERROR) QC NOTICE: 647 Memorandum in Opposition to Motion, filed by Dustin John Higgs was filed incorrectly. <br> **Leave of court is required to file Surreply. It has been noted as FILED IN ERROR, and the document link has been disabled.* (ybs, Deputy Clerk) Modified on 9/21/2020 (ybs, Deputy Clerk). (Entered: 09/18/2020) |
| 09/18/2020 | 649 | RESPONSE re 646 Order on Motion to Strike. *Surreply Memorandum in Opposition to Motion to Amend Judgement and Order* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Sachs, Stephen) (Entered: 09/18/2020) |
| 11/17/2020 | 650 | NOTICE by USA re 640 MOTION to Amend/Correct 414 Order,, *Notice to Court re: Impending Scheduling* (Wilkinson, Sandra) (Entered: 11/17/2020) |
| 11/19/2020 | 651 | NOTICE *of other litigation pending* (Sachs, Stephen) (Entered: 11/19/2020) |
| 11/20/2020 | 652 | NOTICE by USA *of Execution Date* (Wilkinson, Sandra) (Entered: 11/20/2020) |
| 12/08/2020 | 653 | Telephone Conference (re status of case) as to Dustin John Higgs held on 12/8/2020 for 30 minutes before Judge Peter J. Messitte.(Court Reporter: Linda Marshall) (jmhs, |

**JA 035**

| | | Chambers) (Entered: 12/08/2020) |
|---|---|---|
| 12/18/2020 | 654 | NOTICE *OF POSITIVE COVID-19 TEST* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Sachs, Stephen) (Entered: 12/18/2020) |
| 12/23/2020 | 655 | NOTICE OF ATTORNEY APPEARANCE Ellen E. Nazmy appearing for USA.(Nazmy, Ellen) (Entered: 12/23/2020) |
| 12/25/2020 | 656 | NOTICE by USA (Nazmy, Ellen) (Entered: 12/25/2020) |
| 12/29/2020 | 657 | MEMORANDUM OPINION as to Dustin John Higgs. Signed by Judge Peter J. Messitte on 12/29/2020. (kns, Deputy Clerk) (Entered: 12/29/2020) |
| 12/29/2020 | 658 | ORDER denying 640 Motion to Amend/Correct as to Dustin John Higgs (2). Signed by Judge Peter J. Messitte on 12/29/2020. (kns, Deputy Clerk) (Entered: 12/29/2020) |
| 12/30/2020 | 659 | NOTICE OF APPEAL by USA as to Willis Mark Haynes, Dustin John Higgs re 657 Memorandum Opinion, 658 Order on Motion to Amend/Correct Fee Status: Filing Fee Not Paid. (Nazmy, Ellen) (Entered: 12/30/2020) |
| 12/30/2020 | 660 | Transmission of Notice of Appeal and Docket Sheet as to Dustin John Higgs to US Court of Appeals re 659 Notice of Appeal - Final Judgment (jj2s, Deputy Clerk) Modified on 12/30/2020 (jj2s, Deputy Clerk). (Entered: 12/30/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/30/2020 16:28:50 | | | |
| **PACER Login:** | jdm28470:3234672:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:98-cr-00520-PJM |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**JA 036**

DAJ/SW USAO#1996R00274

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DEC 2 1998

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. PJM-98-0520 |
| | : | |
| WILLIS MARK HAYNES | : | (Murder, 18 U.S.C. § 1111; Kidnapping, |
| and | : | 18 U.S.C. § 1201(a)(2); Use of a Handgun |
| DUSTIN JOHN HIGGS, | : | During Crime of Violence, 18 U.S.C. |
| Defendants | : | § 924(c); Aiding and Abetting, |
| | : | 18 U.S.C. § 2) |

...oOo...

## SECOND SUPERSEDING INDICTMENT

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the

State and District of Maryland, an area within the special maritime and territorial jurisdiction of the

United States,

### WILLIS MARK HAYNES

### and

### DUSTIN JOHN HIGGS

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her

with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

**JA 037**

## COUNT TWO

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the

State and District of Maryland, an area within the special maritime and territorial jurisdiction of the

United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her

with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

2

JA 038

## ALTERNATIVE COUNT THREE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the

State and District of Maryland, an area within the special maritime and territorial jurisdiction of the

United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her

with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said

unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit,

kidnapping.


18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

3

**JA 039**

## COUNT FOUR

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Tamika Black, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Tamika Black.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

4

**JA 040**

## COUNT FIVE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts One, Two, Alternative Count Three and Count Four of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

5

**JA 041**

## COUNT SIX

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

6

JA 042

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

7

JA 043

## ALTERNATIVE COUNT EIGHT

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

8

JA 044

## COUNT NINE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Mishann Chinn, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Mishann Chinn.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

9

**JA 045**

## COUNT TEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts Six, Seven, Alternative Count Eight and Nine of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

10

JA 046

## COUNT ELEVEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

11

JA 047

## COUNT TWELVE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

12

JA 048

## ALTERNATIVE COUNT THIRTEEN

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

13

**JA 049**

## COUNT FOURTEEN

The Grand Jury for the District of Maryland further

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Tanji Jackson, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Tanji Jackson.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

14

**JA 050**

## COUNT FIFTEEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

### WILLIS MARK HAYNES

**and**

### DUSTIN JOHN HIGGS

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts Eleven, Twelve, Alternative Count Thirteen and Count Fourteen of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

Lynne A. Battaglia
United States Attorney

A TRUE BILL:

FOREPERSON

12/20/99
Date

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,               )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )    Case No. PJM-98-0520
                                        )
DUSTIN JOHN HIGGS,                      )
                                        )
                    Defendant.          )

## JUDGMENT AND ORDER

The Defendant, Dustin John Higgs, was represented by Harry Trainor, Knight, Manzi, Nussbaum & LaPlaca, 14440 Old Mill Road, Upper Marlboro, Maryland 20772, and Timothy J. Sullivan, Esq., Sullivan & Sullivan, 7305 Baltimore Avenue, Suite 301, College Park, MD 20740-3234.

The Defendant was found guilty on Counts 1-15 by a jury after a plea of not guilty.  Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 are offenses punishable by death.  Accordingly, the Defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tamika Black | January 27, 1996 | 1 |
| 18 U.S.C. § 1111 | First Degree Murder of Tamika Black Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 2 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tamika Black Which Resulted in Her Death | January 27, 1996 | 4 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Mishann Chinn | January 27, 1996 | 6 |

**JA 052**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Murder of Mishann Chinn Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 7 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Mishann Chinn Which Resulted in Her Death | January 27, 1996 | 9 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tanji Jackson | January 27, 1996 | 11 |
| 18 U.S.C. § 1111 | First Degree Murder of Tanji Jackson Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 12 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tanji Jackson Which Resulted in Her Death | January 27, 1996 | 14 |

As pronounced on October 26, 2000, the Defendant is sentenced as provided on pages 3-6 of this judgment as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14. The judgment as to Counts 5, 10 and 15 will be entered in a separate order. The sentence as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 is also imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596.

It is ordered that the Defendant shall pay to the United States a special assessment of $50⁰⁰ ~~$100.00~~ for Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, which shall be due immediately. The special assessment as to Counts 5, 10 and 15 will be assessed in a separate order.

**JA 053**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 3 of 7
Case Number: PJM-98-0520

### SENTENCE

Based upon the Special Findings and Decision of the jury on October 26, 2000, pursuant to the conviction of the defendant, DUSTIN JOHN HIGGS, under Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, the Court hereby imposes upon the defendant a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.  The Court declines to impose a fine due to the defendant's inability to pay.

The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service.

The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death.

The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death.  If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted, at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons, by a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal, and by intravenous injection of a

**JA 054**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 4 of 7
Case Number: PJM-98-0520

lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.  Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

Except to the extent a court orders otherwise:

(a)  The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible.

(b)  Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisors (not to exceed two), his defense attorneys, members of his family, and the officers and employees of the institution.  Upon approval of the Director of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as the prisoner may request.

(c)  In addition to the Marshal and the Warden, the following persons shall be present at the execution:

**JA 055**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 5 of 7
Case Number: PJM-98-0520

(1)  Necessary personnel selected by the Marshal and Warden;

(2)  Those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary;

(3)  Not more than the following numbers of persons selected by the prisoner:

(i)    one spiritual advisor;

(ii)   two defense attorneys;

(iii)  three adult friends or relatives; and

(4)  Not more than the following numbers of persons selected by the Warden:

(i)    eight citizens; and

(ii)   ten representatives of the press.

(d)  No other person shall be present at the execution, unless leave for such person's present is granted by the Director of the Federal Bureau of Prisons.  No person younger than 18 years of age shall witness the execution.

(e)  The Warden should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of the execution.

(f)  No photographic or other visual or audio recording of the execution shall be permitted.

(g)  After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of the body of the prisoner to determine that death has occurred and

**JA 056**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 6 of 7
Case Number: PJM-98-0520

shall inform the Marshal and Warden of his determination.   Upon notification of prisoner's death, the Marshal shall complete and sign the Return hereunder or any similar document and shall file such document with the sentencing court.

(h)   The remains of the prisoner shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

No officer or employee of the Department of Justice shall be required to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics.   For purposes of this section, the term "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

The defendant, DUSTIN JOHN HIGGS, is hereby committed to the custody of the Attorney General or her authorized representative for appropriate detention pending exhaustion of the procedures for appeal of the judgement of conviction and for review of the sentence, and pending execution of this sentence.

Signed this __3__ day of ___January___, 2006.

_____
Peter J. Messitte
United States District Judge

**JA 057**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 7 of 7
Case Number: PJM-98-0520

RETURN
I have executed this Judgment as follows:

_____
_____
_____
_____

     Defendant delivered on _____ to _____
at _____,
with a certified copy of this judgment.


                      _____
                      United States Marshal


                    By: _____
                          Deputy Marshal


     I hereby inform this Honorable Court that the sentence of
death imposed herein has been executed.


Date: _____       _____
                             DESIGNATED UNITED STATES MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO.   PJM 98-520** |
| | * | |
| **DUSTIN JOHN HIGGS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

**MOTION TO AMEND JUDGMENT AND ORDER**

Comes now the United States of America, by and through undersigned counsel, and hereby moves to amend the judgment in the above-captioned matter, and as grounds therefore does state:

1.      On January 3, 2001, the district court signed the attached Judgment and Order (ECF 414) imposing a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 of the indictment.

2.      The Judgment and Order currently reads in the last sentence of the first full paragraph on page 2:   "The sentence as to Dustin John Higgs is also imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 *and 3596*." (Emphasis supplied).

3.       Section 3596 of Title 18 provides:

> When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed. If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

**JA 059**

4.      The court imposed sentence in the State of Maryland but the State of Maryland abolished the death penalty after imposition of judgment in this case and hence, the law of the State of Maryland "does not provide for implementation of a sentence of death."   The U.S. Marshal cannot implement sentence based on a non-existent statute.   Accordingly, the purpose of this Motion is to amend the Judgment and Order pursuant to 18 U.S.C. § 3596 to specifically designate the State of Indiana, where the defendant is currently housed, as the state implementing the sentence of death.   In all other respects, the Judgment and Order should remain in full effect.

5.      The Government submits the Department of Justice—including the United States Attorney General and his various designees such as the Director of the Federal Bureau of Prisons and the Director of the U.S. Marshals Service—already has the authority to implement the defendant's death sentence. That authority stems from the inherent constitutional authority of the President to take care that the laws are faithfully executed and from the Court's January 3, 2001 oral and written imposition of a sentence of death (ECF 414).

6.      A proposed order amending the original Judgment and Order is attached hereto for the Court's consideration.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____
      Sandra Wilkinson
      Assistant United States Attorney

**JA 060**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2020, a copy of the foregoing Motion was

electronically filed and copies were e-mailed to the below counsel of record for defendant Higgs.

Matthew C. Lawry, Federal Public Defender: matthew_lawry@fd.org

Stephen Howard Sachs, Esq.: steve.sachs@wilmerhale.com


By: _____/s/_____
    Sandra Wilkinson
    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )     Case No. PJM-98-0520
                                   )
DUSTIN JOHN HIGGS,                 )
                                   )
          Defendant.               )

JUDGMENT AND ORDER

The Defendant, Dustin John Higgs, was represented by Harry Trainor, Knight, Manzi, Nussbaum & LaPlaca, 14440 Old Mill Road, Upper Marlboro, Maryland 20772, and Timothy J. Sullivan, Esq., Sullivan & Sullivan, 7305 Baltimore Avenue, Suite 301, College Park, MD 20740-3234.

The Defendant was found guilty on Counts 1-15 by a jury after a plea of not guilty.  Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 are offenses punishable by death.  Accordingly, the Defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tamika Black | January 27, 1996 | 1 |
| 18 U.S.C. § 1111 | First Degree Murder of Tamika Black Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 2 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tamika Black Which Resulted in Her Death | January 27, 1996 | 4 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Mishann Chinn | January 27, 1996 | 6 |

**JA 062**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Murder of Mishann Chinn Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 7 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Mishann Chinn Which Resulted in Her Death | January 27, 1996 | 9 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tanji Jackson | January 27, 1996 | 11 |
| 18 U.S.C. § 1111 | First Degree Murder of Tanji Jackson Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 12 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tanji Jackson Which Resulted in Her Death | January 27, 1996 | 14 |

As pronounced on October 26, 2000, the Defendant is sentenced as provided on pages 3-6 of this judgment as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.  The judgment as to Counts 5, 10 and 15 will be entered in a separate order.  The sentence as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 is also imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596.

It is ordered that the Defendant shall pay to the United States a special assessment of $50⁰⁰ ~~$100.00~~ for Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, which shall be due immediately.  The special assessment as to Counts 5, 10 and 15 will be assessed in a separate order.

**JA 063**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 3 of 7
Case Number: PJM-98-0520

## SENTENCE

Based upon the Special Findings and Decision of the jury on October 26, 2000, pursuant to the conviction of the defendant, DUSTIN JOHN HIGGS, under Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, the Court hereby imposes upon the defendant a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.  The Court declines to impose a fine due to the defendant's inability to pay.

The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service.

The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death.

The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death.  If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted, at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons, by a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal, and by intravenous injection of a

**JA 064**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 4 of 7
Case Number: PJM-98-0520

lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal. Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

Except to the extent a court orders otherwise:

(a) The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible.

(b) Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisors (not to exceed two), his defense attorneys, members of his family, and the officers and employees of the institution. Upon approval of the Director of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as the prisoner may request.

(c) In addition to the Marshal and the Warden, the following persons shall be present at the execution:

**JA 065**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 5 of 7
Case Number: PJM-98-0520

(1)  Necessary personnel selected by the Marshal and Warden;

(2)  Those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary;

(3)  Not more than the following numbers of persons selected by the prisoner:

(i)   one spiritual advisor;

(ii)   two defense attorneys;

(iii)  three adult friends or relatives; and

(4)  Not more than the following numbers of persons selected by the Warden:

(i)   eight citizens; and

(ii)   ten representatives of the press.

(d)  No other person shall be present at the execution, unless leave for such person's present is granted by the Director of the Federal Bureau of Prisons.  No person younger than 18 years of age shall witness the execution.

(e)  The Warden should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of the execution.

(f)  No photographic or other visual or audio recording of the execution shall be permitted.

(g)  After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of the body of the prisoner to determine that death has occurred and

**JA 066**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 6 of 7
Case Number: PJM-98-0520

shall inform the Marshal and Warden of his determination.  Upon notification of prisoner's death, the Marshal shall complete and sign the Return hereunder or any similar document and shall file such document with the sentencing court.

(h)  The remains of the prisoner shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

No officer or employee of the Department of Justice shall be required to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics.  For purposes of this section, the term "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

The defendant, DUSTIN JOHN HIGGS, is hereby committed to the custody of the Attorney General or her authorized representative for appropriate detention pending exhaustion of the procedures for appeal of the judgement of conviction and for review of the sentence, and pending execution of this sentence.

Signed this __3__ day of _January_, 2006.

Peter J. Messitte
United States District Judge

**JA 067**

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 7 of 7
Case Number: PJM-98-0520

RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

        Defendant delivered on _____ to _____
at _____,
with a certified copy of this judgment.


                            _____
                            United States Marshal


                            By: _____
                                    Deputy Marshal


        I hereby inform this Honorable Court that the sentence of
death imposed herein has been executed.


Date: _____         _____
                                DESIGNATED UNITED STATES MARSHAL

**JA 068**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     \*

                                    \*

     v.                     \*       **CASE NO.  PJM 98-520**

                                    \*

**DUSTIN JOHN HIGGS,**       \*

                                    \*

     **Defendant**        \*

                                    \*

                                  \*\*\*

## ORDER

Pending before the Court is the Government's Motion to Amend Judgment and Order (ECF 414) in the above-captioned matter.  Good cause having been established, it is this

\_\_\_\_\_ day of August 2020, **ORDERED** that the Judgment and Order (ECF 414) shall be amended by adding the following paragraph after the second full paragraph of page 3 to read:

"Because the law of the State of Maryland does not provide for implementation of a sentence of death, the sentence as to Dustin John Higgs shall be implemented as prescribed by the law of the State of Indiana."

In all other aspects, the Court's Judgment and Order signed on January 3, 2001 and entered by the Clerk on January 11, 2001, is unchanged and in full effect.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**JA 069**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

UNITED STATES OF AMERICA

v.                                          No. 98-cr-520-PJM

DUSTIN JOHN HIGGS
_____:

### MEMORANDUM IN OPPOSITION
### TO MOTION TO AMEND JUDGMENT AND ORDER

On August 4, 2020, the Government filed a motion requesting that the Court amend Mr.

Higgs's judgment of conviction to designate Indiana as the state in which Mr. Higgs should be

executed. ECF No. 640 at 2. The request should be denied. Criminal judgments may not be

modified except in limited circumstances and the Government has not explained why that

prohibition does not govern here. Even if the Court possesses the authority to modify Mr.

Higgs's judgment, the Court should not designate Indiana for the implementation of his death

sentence. Mr. Higgs instead requests that the Court designate Virginia, which would constitute a

more logical and practical designation.

**A. The Court lacks the authority to modify Mr. Higgs's judgment of conviction.**

As the Government notes, Maryland authorized the death penalty as a punishment at the

time Mr. Higgs was sentenced, but no longer does. *Id.* at 2; *see also* S.B. 276, 2013 Leg., 433rd

Sess. (Md. 2013) (abolishing death penalty). Because 18 U.S.C. § 3596 takes a differential

approach to the implementation of federal death sentences that depends on whether the state in

which the conviction arises authorizes the death penalty as a matter of state law, Mr. Higgs's

judgment is now invalid as it relates to his death sentence. As the Government concedes, "[t]he

**JA 070**

U.S. Marshal cannot implement sentence based on a non-existent statute." ECF No. 640 at 2. The Government has thus moved to amend Mr. Higgs's judgment of conviction to designate Indiana as the state in which to implement the death sentence. *Id.*

The Government has not shown that the Court has the authority or jurisdiction to modify Mr. Higgs's criminal judgment, however. The Court possesses no such authority. A "'judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (alteration in original); *see also United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) ("Generally, sentences may not be modified once imposed."). Specifically, "[a]fter sentence has been imposed, the district court may not alter the sentence except as authorized by Fed. R. Crim. P. 35 or 18 U.S.C.A. § 3582(c)." *United States v. Griffin*, 60 F.3d 826 (4th Cir. 1995) (Table); *accord United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993).

The Government did not acknowledge the prohibition on modifying criminal judgments in its motion, nor did it suggest which of the limited exceptions would apply to permit a sentence modification in Mr. Higgs's case. Mr. Higgs is aware of none. Federal Rule of Criminal Procedure 35 permits corrections for clear error or reductions in sentence for substantial assistance to the Government, neither of which is applicable here.[1] And section 3582(c) permits sentencing reductions for "extraordinary and compelling reasons," § 3582(c)(1)(A)(i), or for prisoners over 70 years of age who have served at least 30 years in prison where certain other

---

[1] Rule 35 sentence corrections or reductions must also occur within fourteen days or one year of sentencing, respectively. Fed. R. Crim. P. 35(a), (b)(1). These deadlines have long passed in Mr. Higgs's case. Later motions for sentence reduction are permitted only in limited circumstances not applicable here. *See* Fed. R. Crim. P. 35(b)(2).

2

criteria are met, § 3582(c)(1)(A)(ii), and sentencing modifications that are "otherwise expressly permitted by statute" or Rule 35, § 3582(c)(1)(B), or in certain circumstances where sentencing ranges have been lowered by the United States Sentencing Commission, § 3582(c)(2). None of these limited exceptions applies in Mr. Higgs's case, and the Government does not suggest otherwise. In the absence of an applicable exception, the Court lacks jurisdiction to modify Mr. Higgs's judgment. *See United States v. Washington*, 549 F.3d 905, 916-17 (3d Cir. 2008) (district court lacked authority to vacate sentence procured by defendant's fraudulent impersonation of another individual because it had no inherent power to modify sentence for reason not enumerated in Rule 35 or section 3582(c)).

In effect, the Government is asking the Court to resentence Mr. Higgs as a result of factual and legal developments that have occurred since his judgment of conviction was entered. But "a sentence in all respects legal cannot be increased after service has begun." *Borum v. United States*, 409 F.2d 433, 440 (D.C. Cir. 1967). The "general rule is that an increase in sentence after the defendant has commenced serving his punishment is a violation of [the] defendant's right not to be subject to double jeopardy." *United States v. Benefield*, 942 F.2d 60, 66 (1st Cir. 1991) (quoting *United States v. Bynoe*, 562 F.2d 126, 128 (1st Cir. 1977)) (alteration in original).

The Court lacks the authority to amend Mr. Higgs's judgment, and the Government has not even attempted to demonstrate otherwise.[2] And the Government's suggestion that it already has the authority to implement a judgment that is invalid under section 3596 as a result of its

---

[2] Given the cursory nature of the Government's motion and the lack of meaningful support for its proposed relief, Mr. Higgs may move for permission to file a surreply should the Government file a reply advancing new arguments. *See* Local Rule 105(2)(a) (prohibiting surreplies unless otherwise ordered by the Court).

duty to "take care that the laws are faithfully executed" is plainly wrong. ECF No. 640 at 2. The Government's motion should be denied.

### B. The Court should not designate Indiana in any event.

Even if there were a source of authority and jurisdiction for the Court to modify Mr. Higgs's final judgment years after the fact, the Court should not designate Indiana as the state in which to implement Mr. Higgs's sentence. The Government offers no rationale for selecting Indiana other than mentioning that it is the state in which the Government, in its sole discretion, has elected to incarcerate Mr. Higgs. ECF No. 640 at 2. But that bare fact does not outweigh the myriad reasons why Indiana is ill-suited for this designation.

In *United States v. Sampson*, 300 F. Supp. 2d 278 (D. Mass. 2004), the United States District Court for the District of Massachusetts faced this precise issue in a Federal Death Penalty Act prosecution. Massachusetts, like Maryland, does not authorize the death penalty as a matter of state law. The district court in *Sampson* was thus charged with designating a state in which to implement the defendant's execution under 18 U.S.C. § 3596, and the Government similarly requested Indiana. *Id.* at 279-80. The district court did not accede to the Government's request and instead designated New Hampshire. *Id.*

While the court acknowledged that it "would be more convenient for the government to execute Sampson in Indiana," it made clear that section 3596 provides "that a court may consider more than the convenience of the government in designating a site for an execution where, as here, the law of the state in which a death sentence was imposed does not provide for capital punishment." *Id.* at 282. The court noted that the Department of Justice has at least twice attempted to have section 3596 amended to provide for a uniform system for implementing federal death sentences, but has failed. *Id.* These "unsuccessful efforts indicate that Congress has

4

**JA 073**

not been persuaded that the convenience of the government in having all federal executions occur at a single location inevitably outweighs the possible countervailing considerations in a particular case." *Id.*

The Government is effectively attempting to sneak its proposed uniform system through the back door by requesting that district courts in states that do not authorize the death penalty all designate Indiana as the state in which to implement federal death sentences. It should not be permitted to usurp the power that Congress has vested in this Court to designate a state in which to implement Mr. Higgs's sentence, as that would violate the non-delegation doctrine. *See, e.g.*, *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) ("[A] statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" (quoting *Mistretta v. United States*, 488 U.S. 361, 372 (1989)) (alterations in original)). Here, Congress has repeatedly *declined* to adopt the Government's preferred procedure via statute. This Court should not reflexively adopt it, particularly where the Government has not even bothered to provide a meaningful rationale for its selection in its motion.

The *Sampson* court identified numerous countervailing considerations that counseled in favor of Sampson's execution being held in New Hampshire, which borders Massachusetts. Among the considerations were that New Hampshire would be more convenient for Sampson's relatives, the relatives of the victims, the prosecution and defense attorneys, the local media, and the public at large in the community most directly affected by the crimes. *Sampson*, 300 F. Supp. 2d at 281-82.

Each of the above factors identified in *Sampson* is equally present in Mr. Higgs's case. The victims' families, Mr. Higgs's family, the attorneys for Mr. Higgs and the Government, the

5

local press, and the community most impacted by this case are located primarily in the Washington, D.C. area (and nearly all are located in the Northeast Corridor more broadly). The only connection to Indiana that the Government has articulated is that Mr. Higgs happens to be incarcerated there. The equities here strongly counsel in favor of a designation that is more meaningfully connected to this case.

Assuming *arguendo* that the Court has authority to modify the judgment, Mr. Higgs respectfully requests that the Court designate Virginia instead of Indiana. Virginia authorizes the death penalty as a punishment, *see* Va. Code § 18.2-10(a), and utilizes either lethal injection or electrocution as the method of execution. Va. Code § 53.1-234. Virginia borders Maryland and is located in close proximity to the place in which the crimes were committed and to the people most impacted by the case.

Having the execution take place in close proximity to interested parties is particularly important in light of the ongoing COVID-19 pandemic. In July, the Government elected to move forward with the first federal execution in seventeen years, and ultimately executed three people in five days in the midst of the pandemic. Hailey Fuchs, *For Third Time This Week, the Federal Government Carries Out an Execution*, N.Y. TIMES , July 17, 2020, *available at* https://www.nytimes.com/2020/07/17/us/dustin-honken-federal-execution.html (last visited August 17, 2020). Several victims' family members in one of the cases were forced to miss attending the execution against their wishes because of the distance between their homes and USP-Terre Haute, combined with the effects of the pandemic:

> Monica Veillette and her family didn't want Danny Lee to die for killing her aunt and cousin, but they still felt a moral obligation to witness the execution.
>
> The coronavirus pandemic prevented them from traveling to do that – the final emotional blow in a 24-year saga of grief that began when they got the call that

6

**JA 075**

the bodies of three of their family members had been pulled from an Arkansas bayou.

The insult to the injury was no phone call, warning or explanation from the U.S. Department of Justice about the decision to move forward with Lee's execution last week. The last-minute stays and legal filings left the killer waiting, strapped to a gurney, for four hours in the early hours of the morning.

Veillette, who lives in Spokane, Wash., said she won't forgive Attorney General William Barr for exploiting her pain and that of her family for his desired ends.

"William Barr stole that piece of our healing from us by pushing this [execution] forward during a pandemic when we couldn't safely attend," she said.

Tony Holt, *Family says actions on Lee execution add to grief*, N.W ARK. DEMOCRAT-GAZETTE, July 19, 2020, *available at* https://www.nwaonline.com/news/2020/jul/19/family-says-actions-on-execution-add-to-grief/ (last visited August 17, 2020). The Court should not designate a location that will require long-distance travel for the vast majority of the most closely impacted individuals in this case.

More broadly, "the execution of a human being by the state is perhaps the most solemn and significant act a government can perform. It should not be reduced to an invisible, bureaucratic function." *Sampson*, 300 F. Supp. 2d at 280. But reducing Mr. Higgs's execution to an invisible, bureaucratic function is precisely what the Government is attempting to do. It has filed a motion that is less than two pages in length and almost entirely lacking in argument or analysis in seeking this Court's rubber stamp of its preferred location.

The three executions that were carried out at USP-Terre Haute in July give every reason to think that Mr. Higgs's execution would be the "secret ceremony in the remote Midwest," *id.* at 283, of which the *Sampson* court warned were this Court to designate Indiana:

Heavily armed guards encircled the small execution building inside the prison. A high black curtain was also draped around the building, completely blocking views of the death house.

7

**JA 076**

>Rules for journalists attending the execution include that they leave their pens and notebooks at a media center before heading to the death-chamber facility. Prison officials provided pens and paper only minutes before the executions began.

*Anti-Death Penalty Groups Sue, Say Roadblocks Impede Speech*, N.Y. TIMES, Aug. 4, 2020, *available at* https://www.nytimes.com/aponline/2020/08/04/us/ap-us-federal-executions-.html (last visited August 17, 2020).

In sum, the Government offers no compelling reason for this Court to designate Indiana to implement Mr. Higgs's execution and numerous compelling reasons counsel in favor of designating Virginia, instead.

WHEREFORE, for the reasons stated above, the Court should deny the Government's request to amend Mr. Higgs's judgment of conviction. To the extent any source of authority permits the Court to do so, it should designate Virginia as the state in which to implement Mr. Higgs's execution.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
(410) 243-4589
stephenhsachs@gmail.com

Dated: August 18, 2020

8

**JA 077**

**CERTIFICATE OF SERVICE**

I, Stephen H. Sachs, hereby certify that on this 18th day of August, 2020, I electronically

filed the foregoing document using the Court's CM/ECF system. Electronic notice will be

provided to the following individuals:

Sandra Wilkinson                            Sujit Raman
Debra Dwyer                                 Office of the United States Attorney
Office of the United States Attorney        6500 Cherrywood Lane, Ste. 400
36 S. Charles St., Fourth Floor             Greenbelt, MD 20770
Baltimore, MD 21201

James Crowell, IV
United States Department of Justice
Executive Office for United States Attorneys
950 Pennsylvania Ave., NE, Room 2443
Washington, DC 20530


                                            /s/ Stephen H. Sachs
                                            Stephen H. Sachs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **CRIM NO. PJM 98-520** |
| | ) | **(Capital Case)** |
| | ) | |
| DUSTIN JOHN HIGGS | ) | |

**GOVERNMENT'S REPLY IN FURTHER SUPPORT OF DESIGNATING
INDIANA AS THE STATE SUPPLYING THE LAW FOR IMPLEMENTATION
OF DEFENDANT'S CAPITAL SENTENCE**

The Federal Death Penalty Act of 1994 provides that capital sentences for federal defendants are to be implemented "in the manner prescribed by the law of the State in which the sentence is imposed," but if the law of that state "does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law." 18 U.S.C. § 3596(a). Because Maryland law does not provide for implementation of a sentence of death, this Court must now designate another state that will supply the law and location for implementing defendant Dustin Higgs's death sentence. For the reasons stated below, the Court should designate Indiana. The Court can do so either by supplementing the Judgment and Order that it entered in 2001 or, alternatively, by entering a separate, new order.

**JA 079**

**BACKGROUND**

### I.   Legal Background

When Congress first established the federal death penalty in 1790, it prescribed hanging as the method of execution. *See In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 108-09 (D.C. Cir. 2020) (per curiam). This provision governed until 1937, when Congress determined that the method of execution would be the method prescribed by the laws of the state within which sentence was imposed. *Id.* at 109. After Congress repealed the 1937 provision in 1984, the Attorney General, in 1993, promulgated regulations to "fill this gap." *Id.*[1]

The 1993 regulations provide, in relevant part, that "[e]xcept to the extent a court orders otherwise, a sentence of death shall be executed . . . [o]n a date and at a time designated by the Director of the Federal Bureau of Prisons," "[a]t a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons," "[b]y a United States Marshal designated by the Director of the United States Marshals Service," and "[b]y intravenous injection of a lethal substance or substances in a quantity sufficient to cause death." 28 C.F.R. § 26.3(a). The regulations also direct federal prosecutors to propose a "Judgment and Order" to the

---

[1] The 1993 regulations were also prompted by Congress's passage of the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848 (1989), which created the death penalty for certain drug-related offenses and established procedures for imposing a sentence of death but did not create rules for implementing a death sentence, such as rules regarding the method of execution. *See Implementation of Death Sentences in Federal Cases*, 57 Fed. Reg. 56536-01, 56536 (Nov. 30, 1992) (proposed rule to be codified in 28 C.F.R. part 26). Prior to enactment of the Anti-Drug Abuse Act of 1988, the federal death penalty had lain dormant after *Furman v. Georgia*, 408 U.S. 238 (1972) (per curiam), and *Gregg v. Georgia*, 428 U.S. 153 (1976).

district court stating that "[t]he sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service," "[t]he sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death," "[t]he sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons," and "[t]he prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence." 28 C.F.R. § 26.2(a). As the Department of Justice explained when it proposed these regulations, "[i]n cases where the court adopts in full the proposed Judgment and Order, the execution will be carried out according to the procedures dictated by both judicial and executive mandates, operating in tandem." *Implementation of Death Sentences in Federal Cases*, 57 Fed. Reg. 56536-01, 56536 (Nov. 30, 1992) (proposed rule to be codified at 28 C.F.R. part 26).

Congress subsequently enacted the Federal Death Penalty Act of 1994, which remains in effect today. That statute provides that "[a] person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence," and "[w]hen the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a). The statute further provides that "[i]f the law of the

**JA 081**

State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law." *Id.*

## II.    Relevant Factual and Procedural Background

More than two decades ago, defendant Dustin Higgs kidnapped and murdered three women on federal property in Maryland and was convicted by a jury of multiple counts of capital murder. *See, e.g.*, *United States v. Higgs*, 193 F. Supp. 3d 495, 496-97 (D. Md. 2016). The jury determined that Higgs should receive the death penalty, and on January 3, 2001, this Court, in accordance with the Federal Death Penalty Act, sentenced Higgs to death. *Id.* at 498; *see* 18 U.S.C. § 3594.

On January 9, 2001, this Court entered a "Judgment and Order" stating that "the Court hereby imposes upon the defendant a sentence of death" on the capital counts of conviction. ECF 640-1, at 3. Consistent with the 1993 regulations discussed above, the Judgment and Order set forth procedures for carrying out that death sentence, including that "[t]he sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death" and "shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons." *Id.* The Judgment and Order further stated that the death sentence was "also imposed pursuant to" the Federal Death Penalty Act, 18 U.S.C. §§ 3591-3197, "including particularly Sections 3594 and 3596." *Id.* at 2.

4

**JA 082**

At the time this Court entered the Judgment and Order, Maryland law provided for the death penalty. *See, e.g.*, Md. Code, Art. 27, § 413 (2001) (defendants convicted of first-degree murder subject to death penalty); Md. Code, Art. 27, § 627 (2001) (defendants sentenced to death shall be executed by lethal injection). In 2013, however, Maryland repealed its death-penalty statute, and therefore Maryland law no longer provides for the death penalty. *See Bellard v. State*, 157 A.3d 272, 274, 276 (Md. 2017) (discussing repeal).

As a result of Maryland's elimination of its death penalty, the government now requests that this Court, as required by 18 U.S.C. § 3596(a), designate another state that will supply the location and law for implementing Higgs's death sentence. ECF 640, at 1-2. The government specifically requests that this Court designate Indiana, where Higgs is incarcerated and where the government is equipped to carry out the death penalty. The government has requested that the Court implement that designation by amending the Judgment and Order that the Court entered on January 9, 2001. *Id.* at 2.

Higgs has responded that the Court lacks authority to amend the criminal judgment in this case. ECF 641, at 1-4. He also argues that, even if the Court possesses authority to designate a state other than Maryland that will supply the law for implementing his execution, the Court should designate Virginia, not Indiana. *Id.* at 4-8.

5

**JA 083**

## ARGUMENT

Although the government agrees that this case does not present circumstances that would permit the Court to alter Higgs's criminal judgment, the Court need not alter that judgment in order to satisfy its obligation under the Federal Death Penalty Act to designate a state other than Maryland that will supply the law for implementing Higgs's execution. Rather, the Court may supplement the Judgment and Order that it entered on January 9, 2001. As reflected in its title, that Judgment and Order consists of both a judgment and an order, and the Court's directives regarding the implementation of Higgs's death sentence reside in the Court's order, not the judgment. The Court may now amend its order to designate Indiana as the location and source of law for implementing Higgs's death sentence. The Court may, in the alternative, issue a separate order that designates Indiana as the state that will supply the law and location for Higgs's execution. Higgs does not identify any impediment to issuing a new order designating a state pursuant to 18 U.S.C. § 3596(a). To the contrary, § 3596(a) requires this Court to designate a state now that Maryland does not provide for the death penalty.

The Court should designate Indiana as the state that will supply the law and location for implementing Higgs's death sentence, not Virginia. The facilities and personnel needed to carry out federal executions are in Indiana, where all eight executions since enactment of the Federal Death Penalty have taken place, including five executions within the past two months. Selecting Virginia, in contrast, would create substantial impediments to carrying out the lawful sentence in this case.

6

**JA 084**

Virginia law, for example, permits capital defendants to choose between death by lethal injection or electrocution, and the federal government does not maintain facilities in Virginia to carry out executions, let alone executions by electrocution. Virginia also has no connection to this case or interest in facilitating the implementation of Higgs's lawful death sentence. Designating Virginia pursuant to 18 U.S.C. § 3596(a) would therefore constitute an abuse of discretion.

## I.    The Court Need Not and Should Not Amend the Judgment

"Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937). The Federal Rules of Criminal Procedure require a written judgment that the court "must sign" and the clerk "must enter" and that "must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(k)(1). "[I]f a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). A court generally may not amend or alter a criminal judgment—*i.e.*, change a defendant's sentence—except in limited circumstances, such as if the Sentencing Commission promulgates a retroactive amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(b); *see, e.g.*, *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) ("Generally, sentences may not be modified once imposed.").

Higgs's sentence in this case—as memorialized in the written judgment contained in the Judgment and Order entered on January 9, 2001—is the sentence of death. ECF 640-1, at 3. The government does not ask this Court to modify that

**JA 085**

sentence and agrees that the Court lacks authority to do so. However, the directives in the Court's written Judgment and Order regarding the procedures for implementing Higgs's death sentence—that Higgs be executed by lethal injection, for example, and that certain individuals, such as a spiritual advisor, be permitted to be present at the execution, ECF 640-1, at 3-6—are not a part of Higgs's sentence and therefore are not a part of the judgment. Those directives instead reside in the order component of the Court's Judgment and Order. The general rule that a criminal sentence may not be modified once imposed therefore does not prevent this Court from modifying those directives.

To be clear, the Court need not change or rescind any directives in its Judgment and Order regarding the procedures for implementing Higgs's execution. The Judgment and Order is silent with respect to which state's law will prescribe the manner in which Higgs's capital sentence is carried out. The Judgment and Order also does not prescribe a location for carrying out Higgs's death sentence and instead states that Higgs "shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons." ECF 640-1, at 3. Thus, the Court need not alter the directives in the Judgment and Order in order to comply with 18 U.S.C. § 3596(a) by designating a state that will supply the law and location for implementing Higgs's death sentence now that Maryland no longer provides for the death penalty. Rather, the Court, as proposed by the government, need only supplement the Judgment and Order with a sentence stating that, pursuant to 18

8

**JA 086**

U.S.C. § 3596(a), it designates Indiana as the pertinent state. *See* ECF 640-2 (proposed order).

Alternatively, the Court may, rather than supplement the 2001 Judgment and Order, instead enter a new order designating Indiana as the state that will supply the law and location for implementing Higgs's death sentence. As explained, the Court's earlier Judgment and Order does not mention which state's law will determine the manner in which Higgs's death sentence is implemented and does not prescribe a location for carrying out Higgs's death sentence. A new order designating the state that will supply that law, as required by 18 U.S.C. § 3596(a), therefore would not contradict the court's earlier Judgment and Order. The government attaches a proposed order in the event the Court wishes to enter a new order rather than supplement its earlier Judgment and Order.

Higgs asserts that by requesting this Court to designate Indiana in accordance with 18 U.S.C. § 3596(a), "the Government is asking the Court to resentence Mr. Higgs as a result of factual and legal developments that have occurred since his judgment of conviction was entered." ECF 641, at 3. According to Higgs, his "judgment is now invalid as it relates to his death sentence," ECF 641, at 1, and this "Court lacks the authority to amend [that] judgment," ECF 641, at 3. To the extent that Higgs is arguing that his death sentence can no longer be carried out, that would be an absurd result and itself contrary to the sentence of death recommended by the jury and memorialized in the judgment. As explained, the designation of a state other than Maryland to supply the manner of Higgs's execution does not change Higgs's

9

**JA 087**

sentence, which is death. Higgs remains sentenced to death regardless of the procedures for implementing that sentence. The Court therefore can (and must) comply with § 3596(a) without amending Higgs's judgment.

Higgs appears to suggest that the government cannot designate a state other than Maryland to supply the law for carrying out his death sentence—and therefore cannot carry out the death sentence—because Maryland permitted capital punishment at the time the Court entered judgment in 2001 but has since repealed its death-penalty statute. This argument, however, contravenes the language of the Federal Death Penalty Act, which provides that if the law of the state in which sentence is imposed "does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death." 18 U.S.C. § 3596(a). The Federal Death Penalty Act therefore makes clear that federal death sentences are valid and will be implemented even when the defendant is sentenced in a state, such as Maryland, that does not provide for the death penalty. By stating that, in those circumstances, a Court "shall" designate another state to supply the law for implementing that sentence, the Federal Death Penalty Act makes designation mandatory. *See, e.g.*, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (explaining that the "mandatary 'shall' . . . normally creates an obligation impervious to judicial discretion"). Moreover, although the Federal Death Penalty Act does not specify when a court must designate an alternative state, the statute provides that "*[w]hen the sentence is to be implemented*," a United States marshal "shall supervise

10

**JA 088**

implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed," and "[i]f the law of the State *does not* provide for implementation of a sentence of death, the court shall designate another State." 18 U.S.C. § 3596(a) (emphases added). This statutory language, phrased in the present tense, indicates that the relevant inquiry should focus on the time of implementation, not initial sentencing. In short, the Federal Death Penalty Act does not provide a windfall to a defendant, such as Higgs, who is sentenced within a state that provides for the death penalty but then repeals its death-penalty statute prior to implementation of that sentence.

## II. The Court Should Designate Indiana as the State Supplying the Law for Implementing Higgs's Death Sentence

Higgs argues that even if this Court possesses the authority to designate an alternative state under 18 U.S.C. § 3596(a), the Court should designate Virginia, rather than Indiana. ECF 641, at 4-8. Although this Court retains discretion to determine which state to designate pursuant to § 3596(a), designating Virginia, in the circumstances of this case, would constitute an abuse of discretion. The Court should designate Indiana as requested by the government.

Numerous factors weigh in favor of designating Indiana as the state that will supply the law and location for implementing Higgs's execution. The facilities for carrying out federal executions are located at the Federal Correctional Complex in Terre Haute, Indiana (FCC Terre Haute). Declaration of Tom Watson (Watson Decl.) ¶ 4. Federal defendants sentenced to death, including Higgs, are, with few exceptions, incarcerated in the Special Confinement Unit at FCC Terre Haute pending their

**JA 089**

execution. *Id.* All eight federal executions that have taken place since the enactment of the Anti-Drug Abuse Act of 1988 and the Federal Death Penalty Act of 1994 have taken place at FCC Terre Haute, including five executions that took place between July 14, 2020, and August 28, 2020. *Id.* ¶ 5. The Bureau of Prisons maintains staff responsible for assisting with important aspects of carrying out executions at FCC Terre Haute. *Id.* ¶ 6. During the five executions at FCC Terre Haute within the past two months, for example, the Bureau of Prisons maintained an execution team consisting of approximately 40 staff members trained and experienced in performing key functions in an execution. *Id.* ¶ 8. The physical facilities at FCC Terre Haute are also designed to carry out executions. For example, executions take place in a separate building at FCC Terre Haute, which, among other things, permits the secure entry of members of the public who wish to witness the execution—including victim witnesses, the press, and witnesses chosen by the defendant, such as defense attorneys, spiritual advisors, and friends or family members. *Id.* ¶ 7.

For these reasons, and others, Indiana is overwhelmingly the most sensible state to designate when, as in this case, a federal defendant has been sentenced within a state that does not provide for the death penalty. Accordingly, the district court designated Indiana as the state that would supply the law and location for carrying out the execution of federal defendant Dustin Honken, who was sentenced in a state (Iowa) that does not provide for the death penalty, and Honken was executed at FCC Terre Haute on July 17, 2020. The same procedure is warranted here.

**JA 090**

Virginia, in contrast, is not a viable alternative. Designating Virginia pursuant to § 3596(a) would likely impede the government from carrying out Higgs's execution, which is plainly not the purpose of the Federal Death Penalty Act. To start, the Bureau of Prisons does not maintain a facility in Virginia where it has the capacity to carry out an execution. Watson Decl. ¶ 4. Moreover, Virginia's death-penalty statute permits a capital defendant to choose between lethal injection or electrocution. *See* Va. Code § 53.1-234. Because the Federal Death Penalty Act provides that a death sentence "shall be implemented . . . in the manner prescribed by" the law of the designated state, 18 U.S.C. § 3596(a), if the execution were to take place in Virginia, Higgs may argue that he is entitled to choose electrocution as his method of execution. *See In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d at 112 (holding that the Federal Death Penalty Act requires adherence to execution procedures set forth in state statutes and regulations, not only the state's top-line choice among execution methods). Federal regulations, however, permit execution only by lethal injection and at federal facilities, unless a court orders otherwise. *See* 28 C.F.R. § 26.3(a). And even if this Court were to order the government to perform Higgs's execution in a Virginia state facility using, if necessary, state personnel, *see* 18 U.S.C. § 3597(a) (providing that the federal government may use state facilities and personnel to carry out a federal execution), Higgs's execution in that circumstance could proceed only if Virginia were to agree to permit the United States to use its facilities and personnel. Designating Virginia pursuant to 18 U.S.C. § 3596(a) could therefore, as a practical matter, give Virginia

13

**JA 091**

veto power over Higgs's execution and could nullify a lawfully imposed federal death sentence for murders that occurred in a different state, Maryland, with no connection to Virginia. It would be an abuse of discretion to apply § 3596(a) in this manner.

Furthermore, requiring Higgs's execution to take place in Virginia would raise a host of logistical and security concerns arising from the need to transport Higgs to Virginia. Watson Decl. ¶ 9. Transporting a capital defendant is a costly undertaking that raises security risks, all of which could be exacerbated by the last-minute nature of capital litigation. *Id.* If a court were to issue a last-minute stay of execution, for example, the government would have to transport Higgs back to Terre Haute or house him for an extended period of time in Virginia, where the government lacks facilities for housing capital defendants. It would be an abuse of discretion to increase the risks and costs associated with carrying out Higgs's capital sentence when a preferable alternative is readily available by designating Indiana, where Higgs has long been incarcerated.

Despite Higgs's arguments to the contrary (ECF 641, at 4-8), the district court's designation of New Hampshire as the location and source of the law for the defendant's execution in *United States v. Sampson*, 300 F. Supp. 2d 278 (D. Mass. 2004)—a case in which the defendant was sentenced to death in federal court in Massachusetts, which does not provide for the death penalty—provides scant support for designating Virginia here. To start, although the district judge in *Sampson* initially designated New Hampshire as the state that would supply the law and location for Sampson's execution, Sampson subsequently obtained a new sentencing

14

**JA 092**

hearing and was again sentenced to death, and the newly assigned district judge ordered, pursuant to 18 U.S.C. § 3596(a), that Sampson's death sentence shall be implemented "in the State of Indiana, in the manner prescribed by the law of the State of Indiana." *United States v. Sampson*, No. 01-CR-10384, Dkt. 2917, at 2 (D. Mass. Feb. 6, 2017). The court found that Sampson "cite[d] no legal authority, nor any factual basis, that would support a finding that the Court's selection of Indiana as the location of his future execution places any burden on him (separate and apart from the burden of his lawfully imposed death sentence)." *United States v. Sampson*, No. 01-CR-10384, Dkt. 2982, at 69 (D. Mass. Aug. 15, 2017). The court also noted that "Indiana is the location of the federal death row, and is the state in which all three [now eight] previous federal executions conducted since the enactment of the FDPA have taken place," and [u]nder Indiana law, the only available method of execution is lethal injection, Ind. Code § 35-38-6-1(a) (2017), a method which the Supreme Court recently upheld against an Eighth Amendment challenge." *Id.* at 70 n.44. Sampson's execution will therefore take place at FCC Terre Haute. This Court should likewise designate Indiana in this case.[2]

The reasoning underlying the district court's earlier designation of New Hampshire in *Sampson* also does not support the selection of Virginia here. The court emphasized two reasons it "selected New Hampshire, rather than Indiana, as the site

---

[2] Although the defendant's death sentence has been vacated for other reasons, we note that the district court presiding over the Boston-Marathon-bombing case also designated Indiana as the state that would provide the law and location for implementing the defendant's death sentence. *See United States v. Tsarnaev*, No. 13-CR-10200, Dkt. 1618 (D. Mass. Jan. 14, 2016).

**JA 093**

for Sampson's execution." 300 F. Supp. 2d at 280. Neither factor supports the selection of Virginia, rather than Indiana, in this case.

First, the court in *Sampson* concluded that selecting New Hampshire would ensure that litigation involving Sampson's case was consolidated in the First Circuit, which would "serve the interests of justice." *Id.* It is questionable whether selection of New Hampshire affected the venue of the legal proceedings in *Sampson*, but regardless, there is no basis to conclude that the selection of Virginia would have that effect here. The Fourth Circuit has exercised jurisdiction over Higgs's criminal case and has affirmed his conviction and sentence on direct and collateral review. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) (affirming on direct appeal); *United States v. Higgs*, 95 Fed. Appx. 37 (4th Cir. 2004) (unpublished) (affirming denial of motion for a new trial and sentencing hearing); *United States v. Higgs*, 663 F.3d 726, 730 (4th Cir. 2011) (affirming denial of relief under 28 U.S.C. § 2255); Order, *In re Higgs*, No. 20-2 (Feb. 6, 2020) (denying Higgs's request for authorization to file a second or successive § 2255 motion).  Moreover, while a petition for habeas relief under 28 U.S.C. § 2241 may be brought where § 2255 "is inadequate or ineffective to test the legality of [the defendant's] detention," 28 U.S.C § 2255(e), such petitions are brought in the district of the defendant's confinement, not conviction, and federal capital defendants generally are housed at FCC Terre Haute regardless of which state's laws will govern implementation of the defendant's execution under 18 U.S.C. § 3596(a). Accordingly, the Seventh Circuit has ruled on habeas petitions raised by federal capital defendants, *see, e.g.*, *Lee v. Watson*, 964 F.3d 663 (7th Cir.

16

**JA 094**

2020); *Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020), and, in fact, that court has already ruled on civil proceedings brought by Higgs, *see Higgs v. United States Park Police*, 933 F.3d 897 (7th Cir. 2019) (FOIA request). There is no need to designate Virginia in order to consolidate legal proceedings; if anything, consolidating legal proceedings further militates in favor of designating Indiana, the place of Higgs's confinement.

Second, the district court in *Sampson* selected New Hampshire because it felt that holding the execution in New Hampshire would make it "as accessible as possible to the people most interested in it and impacted by it." 300 F. Supp. at 280. The court determined that holding the execution in New Hampshire "should" be more convenient for relatives or friends of Sampson or his victims who might wish to attend the execution and also "should" make it easier for the local press in Massachusetts to report on the execution. *Id.* at 282. Higgs contends (ECF 641, at 5-7) that the same is true in this case and that any inconvenience in holding the execution in Indiana would be exacerbated by the COVID-19 pandemic. The government has carried out five executions since July 14, 2020, however, and witnesses and the press have been present at each of those executions. Watson Decl. ¶¶ 7, 12. Higgs does not identify any member of the public or press who wants to attend his execution but would not be able to do so if it is held in Indiana. And even if he could, such circumstances would not outweigh the factors that support carrying out his execution in Indiana. The government has a strong interest in the timely enforcement of capital sentences, *see Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019), and although certain members of

17

**JA 095**

the public may be present to witness an execution, *see* 28 C.F.R. § 26.4(c), witnesses do not possess the right to require the Bureau of Prisons to schedule an execution when they are willing or able to attend, *see Peterson v. Barr*, 965 F.3d 549, 553 (7th Cir. 2020). Moreover, the Bureau of Prisons has established measures at FCC Terre Haute, in light of the COVID-19 pandemic, to protect those who visit and meet with capital defendants and those who attend the execution. Watson Decl. ¶¶ 10-12. If the execution were to take place in Virginia, where the government does not maintain a federal facility to carry out executions, it is uncertain whether the Bureau of Prisons would be able to extend the same protective measures that it currently offers at FCC Terre Haute.[3]

Notably, the district court in *Sampson* emphasized that New Hampshire had "a uniquely strong interest in the punishment imposed on Sampson." 300 F. Supp. at 281. After committing two murders in Massachusetts—the murders for which he received the federal death penalty—Samson then traveled to New Hampshire, where he committed a third murder. *Id.* Samson was charged in New Hampshire with committing the third murder, and federal prosecutors introduced evidence about the third murder as an aggravating factor supporting the death penalty for the prior two murders in Massachusetts. *Id.* The court determined that executing Sampson in New Hampshire would "vindicate [that state's] interest in his being punished" for the third

---

[3] Courts have rejected attempts to delay executions as a result of COVID-19. *See Peterson*, 965 F.3d at 551; *United States v. Lee*, No. 97-CR-243, 2020 WL 3921174, at *5 (E.D. Ark. July 10, 2020).

murder. *Id.* Virginia, in contrast, is unconnected to the murders Higgs committed, and Virginia lacks an interest in carrying out his execution.

For all these reasons, the Court, in accordance with 18 U.S.C. § 3596(a), should designate Indiana, not Virginia, as the state that will supply the law and location for Higgs's execution. The federal facilities and employees responsible for carrying out federal executions are in Indiana. The government has carried out every execution since the enactment of the Federal Death Penalty Act in Indiana, and it has carried out five executions since July 14, 2020, with witnesses and the press present at each. Virginia, in contrast, permits death by electrocution, which could impede the government's ability to carry out Higgs's sentence. Virginia also lacks an interest in carrying out the execution and could effectively exercise veto power over Higgs's lawful federal death sentence.

### CONCLUSION

The Court should supplement the Judgment and Order it entered on January 9, 2001, or enter a new order, pursuant to 18 U.S.C. § 3596(a), designating Indiana as the state that will supply the law and location for implementing Higgs's death sentence.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____

Sandra Wilkinson
Assistant United States Attorney

19

**JA 097**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____/s/_____

Sandra Wilkinson
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. PJM 98-620 (Capital Case) |
| DUSTIN JOHN HIGGS. | ) ) ) | |

## DECLARATION OF TOM WATSON

I, Tom Watson, do hereby declare and state as follows:

1. I am currently employed by the Bureau of Prisons (BOP) as the Complex Warden at the Federal Correctional Complex located in Terre Haute, Indiana (FCC Terre Haute), a position I have held since November 11, 2018. I have been employed by the BOP in areas of increasing responsibility since 1995.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. As Warden at FCC Terre Haute, I am familiar with the procedures for executions conducted there.

4. The only facilities currently used for carrying out federal executions are located at the Federal Correctional Complex in Terre Haute, Indiana (FCC Terre Haute). All but five federal defendants sentenced to death are incarcerated in the Special Confinement Unit (SCU) at FCC Terre Haute, pending their execution. Mr. Higgs is housed in the SCU at FCC Terre Haute.

1

**JA 099**

5. All eight federal executions that have taken place since the enactment of the Anti-Drug Abuse Act of 1988 and the Federal Death Penalty Act of 1994 have taken place at FCC Terre Haute, including five executions that took place between July 14, 2020, and August 28, 2020.

6. The Bureau of Prisons maintains staff at FCC Terre Haute capable of carrying the duties necessary to support executions. Staff at FCC Terre Haute are trained in maintaining perimeter security, handling the logistics for all victim witnesses, inmate witnesses, and media witnesses. They have designated space for demonstrators both for and against the death penalty. Additionally, the longstanding relationships with local law enforcement and the community allow for additional support throughout the execution process.

7. The physical layout of FCC Terre Haute is designed to carry out executions. For example, executions take place in an execution facility at FCC Terre Haute, which was specifically and uniquely designed for that purpose. Among other things, the execution facility design permits the secure entry of members of the public who wish to witness the execution— including victim witnesses, media witnesses, and witnesses chosen by the defendant, such as defense attorneys, spiritual advisors, and friends or family members. The facility is constructed with specific rooms for each of these groups, as well as a government witness room, an inmate holding cell, an officers' station, a chemical room (from which the lethal substances are injected), and the execution room itself.

8. Additionally, during the five executions at FCC Terre Haute within the past two months, the Bureau of Prisons maintained an execution team consisting of approximately 40 staff members, generally from institutions other than FCC Terre Haute. The surrounding area of FCC Terre Haute allows for travel and lodging accommodations for these BOP staff members.

2

**JA 100**

9.     If it were required that a federal execution take place somewhere other than FCC Terre Haute, security and logistical obstacles would be presented. Again, with very few exceptions, the vast majority of federal inmates with a death sentence are housed in the SCU at FCC Terre Haute. There is a dedicated unit team that ensures regular and frequent legal visits and legal calls are able to be accomplished. Furthermore, housing inmates with a sentence of Death on the same grounds where the execution is scheduled to be carried out allows the inmate's legal team virtually unfettered access to the inmate right up to the time of execution. This arrangement allows for the maximum security of the inmate and institution without the dedication of additional resources. Specifically, inmates under a sentence of Death are maximum custody inmates and require a large number of both BOP and U.S. Marshal staff to move outside of the institution. The fact that the inmates do not have to be transported off grounds greatly reduces the security risks inherent in moving a maximum custody inmate outside of the institution grounds.

10.    The BOP and FCC Terre Haute have taken many precautions and adopted procedures in light of the COVID-19 pandemic. Agency-wide modified operations in response to COVID-19 were announced by BOP on March 13, 2020. *See* https://www.bop.gov/resources/news/20200313_covid-19.jsp.[1]

11.    At FCC Terre Haute, all staff, inmates, and visitors are required to wear masks inside the institution. Masks are provided if a visitor does not have one. Additionally, all visitors

---

[1] While, this practice was initially scheduled to last for 30 days, it has been extended a number of times, and currently continues to September 30, 2020. *See* https://www.bop.gov/resources/news/ pdfs/20200414_press_release_action_plan_6.pdf; https://www.bop.gov/resources/news/ 20200520_covid-19_phase_seven.jsp; https://www.bop.gov/foia/docs//COVIDPhase8June30.pdf; and https://www.bop.gov/foia/docs//COVIDphase9_08052020.pdf.

3

**JA 101**

JA 102

can be provided full personal protective equipment (PPE) to include face shields, gowns, and gloves if they desire. Social distancing is practiced to the greatest extent possible.

12. For the five execution events at FCC Terre Haute in the last two months, witnesses have been provided face masks, and were given the option of full personal protective equipment (PPE) to include face shields, gowns, and gloves if they desired. Social distancing was practiced to the greatest extent possible. For future events at FCC Terre Haute, witnesses would be afforded the same accommodations, subject to necessity and modifications for operational or safety concerns.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this __/__ day of September, 2020.

T.J. Watson
Federal Bureau of Prisons

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

_____
                                                            :
UNITED STATES OF AMERICA            :
                                                            :
                                                            :
                                                            :
        v.                                                 :            No. 98-cr-520-PJM
                                                            :
                                                            :
                                                            :
DUSTIN JOHN HIGGS                        :
_____:

**SURREPLY MEMORANDUM IN OPPOSITION
TO MOTION TO AMEND JUDGMENT AND ORDER**

The Government's reply in support of its motion to amend the judgment does nothing to undermine Mr. Higgs's response. The Government now concedes that the Court lacks authority to amend Mr. Higgs's judgment. It instead claims that Mr. Higgs's sentence—clearly delineated as such by this Court—is not actually his sentence. And it argues for the first time in the alternative that the Court can simply make an end-run around its lack of authority by entering a new order that would have the exact same effect as the Government's proposed amendment. The Government's position is meritless. The law is clear that the Court lacks authority to grant the relief requested by the Government; the Court should neither amend the judgment nor designate another state in which to implement Mr. Higgs's death sentence. Should the Court make such a designation, the Government continues to offer no compelling rationale for the selection of Indiana. For the reasons stated below and in Mr. Higgs's response, the Court should deny the Government's motion to amend the judgment.

1

**JA 103**

**A.      The Government's reply supports Mr. Higgs's argument that the Court lacks authority to amend the judgment.**

The Government acknowledges in its reply that the Court lacks authority to modify Mr. Higgs's sentence, but claims that it has not asked the Court to do so. ECF No. 644 at 7-8. It instead claims that "the directives in the Court's written Judgment and Order regarding the procedures for implementing Higgs's death sentence—that Higgs be executed by lethal injection, for example, and that certain individuals, such as a spiritual advisor, be permitted to be present at the execution, ECF 640-1, at 3-6—are not a part of Higgs's sentence and therefore are not a part of the judgment." *Id.* at 8.

The Government's contention is flatly contradicted by the record. The judgment states that "the Defendant is sentenced as provided on pages 3-6 of this judgment as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14," which are the capital counts. ECF No. 640-1 at 2. The Court repeated this pronouncement at Mr. Higgs's oral sentencing. Tr. 1/3/01 at 14 ("As pronounced on October 26, 2000, you, the defendant, are sentenced as provided on pages three to six of this judgment, which I will read momentarily," as to the capital counts.) (attached as Exhibit 1). At the top of page three of the judgment, the word "sentence" is written in all capital letters, bolded and underlined. ECF No. 640-1 at 3. And in the header of pages three through seven (but not pages one or two), are the words "Judgment – Page [number] of 7." Yet the Government now claims that pages three through six "are not a part of Higgs's sentence." ECF No. 644 at 8; *see also id.* at 6 ("[T]he Court's directives regarding the implementation of Higgs's death sentence reside in the Court's

**JA 104**

order not the judgment."). This is plainly wrong. The Court repeatedly stated, orally and in writing, that pages three through six of Mr. Higgs's judgment constitute his sentence.[1]

The decision in *Berman v. United States*, 302 U.S. 211 (1937), which the Government offers as support, instead fatally undermines the Government's argument because *Berman* emphasizes that the judgment and the sentence are one and the same. *See Berman*, 302 U.S at 212 ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *accord Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam). The Government is requesting an alteration to what is unambiguously part of Mr. Higgs's sentence and, therefore, his judgment. The Court lacks jurisdiction or authority to alter it. *See Dillon v. United States*, 560 U.S. 817, 824 (2010).

The Government further suggests that it is simply requesting that the Court "supplement" the judgment by adding language that will not change or rescind anything in Mr. Higgs's sentence. ECF No. 644 at 8. This suggestion is similarly misplaced. *Berman* made clear that "[i]n criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined." *Berman*, 302 U.S. at 212-13 (internal quotations and citations omitted). For this reason, the *Berman* Court rejected the district court's attempt to resentence the defendant by adding a one-dollar fine to each count of conviction while otherwise not altering the initial sentence. *Id.* at 212, 214.

As the Government has again conceded, "[t]he U.S. Marshal cannot implement sentence based on a non-existent statute." ECF No. 640 at 2. The judgment is therefore now invalid as it

---

[1] The proposed order filed with the Government's motion specifically provides that the Court add language to the judgment after the second full paragraph of page three, approximately one-third of a page down from the "sentence" heading. *See* ECF Nos. 640-1 at 3; 640-2.

pertains to Mr. Higgs's death sentence and cannot be enforced absent the change now requested by the Government. Whether the Government describes this change as a supplement, amendment, modification, or something else is purely a matter of semantics. The fact remains that Mr. Higgs's death sentence cannot now be executed due to the intervening change in Maryland law. If the addition of a one-dollar fine is sufficiently meaningful to constitute a change in sentence, surely the addition of authority to execute someone where none currently exists is as well.

The Government alternatively requests, for the first time in its reply, that the Court may enter an entirely separate order that accomplishes the exact same thing as its proposed amendment. ECF No. 644 at 9. But this elevates form over function. If all that were required to evade the prohibition on amending final judgments was to enter a separate order that is not specifically titled "amended judgment," the prohibition would lose all meaningful effect. The Court should reject this attempted end-around – doubly so because the Government did not request this relief in its motion. *See Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (The "ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.") (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)).

The Government also contends that the language of 18 U.S.C. § 3596(a) compels the Court to designate a new state now that Maryland no longer authorizes the death penalty. ECF No. 644 at 9-11. This argument is meritless. As Mr. Higgs has explained, this Court lacks the jurisdiction or authority to amend Mr. Higgs's sentence. Nothing in section 3596 changes that fact. The Government's view of what that section requires is therefore entirely beside the point.

**JA 106**

Finally, the Government complains that the clear law that bars amendment of Mr. Higgs's judgment creates an absurd result that results in a windfall to Mr. Higgs. While Mr. Higgs disputes that the result is absurd and that spending the rest of one's life in federal prison constitutes a windfall, it is in any event a circumstance of the Government's own making.

As the Government points out, it proposed the language of Mr. Higgs's judgment pursuant to its own internal regulations. ECF No. 644 at 2-3. Nothing required the Court to adopt the Government's proposed judgment, and the fact that the Government's regulations turned out to have been ill-conceived is not attributable to Mr. Higgs. To the contrary, Mr. Higgs specifically objected to the Government's proposed judgment precisely because it was cumbersome and over-inclusive. *See* ECF No. 405 (copy attached as Exhibit 2)[2]; *see also* Exhibit 1 at 8 (incorporating letter).

Mr. Higgs pointed out that the Government's proposed judgment "far exceeds" the requirements of the Federal Rules of Criminal Procedure relating to judgments and that the mere fact that the Government's regulations require its attorneys to submit proposed judgments in a certain form "does not alleviate the significant legal issues associated with the proposed judgment and commitment and should in no way be construed to require (sic) the Court lacks discretion in preparing its own judgment and commitment." Exhibit 2 at 1, 2. Mr. Higgs in particular warned that "it is certainly not ripe for any judgment and commitment to contain items such as all of the execution process details." *Id.* at 2. Mr. Higgs instead requested that the Court enter a judgment and commitment "consistent with the sentencing procedures in this district." *Id.* at 3.

---

[2] Mr. Higgs has been unable to locate the filed copy of trial counsel's letter that constitutes ECF No. 405. Counsel believes Exhibit 2 is identical to the filed version of ECF No. 405. To the extent there are any discrepancies, the filed version would of course control.

**JA 107**

While the fact that Maryland would subsequently abolish the death penalty as a matter of state law was perhaps unforeseeable at the time Mr. Higgs was sentenced, the fact that the form of the judgment would likely lead to legal problems in the future was clearly foreseeable and, in fact, foreseen. The Government cannot now attempt to fix its mistake via authority that this Court does not possess. The Government's motion should be denied.

**B.      The Government's rationale for designating Indiana is not compelling.**

Although the Government acknowledges that this Court has the authority to designate any state that maintains the death penalty under 18 U.S.C. § 3596(a), it claims that designating Virginia would constitute an "abuse of discretion." ECF No. 644 at 11. While the Court should not designate any state for the reasons stated above and in Mr. Higgs's response, it should certainly not designate Indiana.

The Government contends in support of its request to designate Indiana that designating Virginia would "likely impede" the Government from being able to carry out Mr. Higgs's execution. *Id.* at 13. The Government offers two reasons why this is so: because it does not maintain a facility in Virginia where it has the capacity to carry out an execution, and because Virginia permits capital prisoners to choose electrocution instead of lethal injection. *Id.* Neither argument is compelling.

First, the fact that the Government does not maintain an execution chamber on federal property in Virginia is not an insurmountable obstacle. As the Government acknowledges, it may use state facilities for this purpose. *Id.* (citing 18 U.S.C. § 3597(a)). Virginia maintains an execution chamber at the Greensville Correctional Center, where numerous executions have taken place. *See* https://deathpenaltyinfo.org/state-and-federal-info/state-by-state/virginia (last visited September 17, 2020).

6

**JA 108**

The Government dismisses this possibility by suggesting that it could, as a practical matter, give Virginia veto power that would enable it to "nullify" Mr. Higgs's death sentence. ECF No. 644 at 13-14. The Government offers no support for this speculative proposition. Virginia authorizes the death penalty as a matter of state law, *see* Va. Code § 18.2-10(a), and has executed more individuals than any state other than Texas since the modern era of capital punishment began in 1976. *See* https://deathpenaltyinfo.org/executions/executions-overview/number-of-executions-by-state-and-region-since-1976 (last visited September 17, 2020). And while it is true that recent federal executions have taken place at USP Terre Haute, most federal executions had taken place in state facilities throughout the country prior to the creation of the federal death row in the late-1990s. *See* https://www.bop.gov/about/history/federal_executions.jsp (last visited September 17, 2020). The suggestion that Virginia would attempt to "nullify" a federal death sentence by refusing to cooperate is specious.

And even if Virginia were inclined to and successfully did bar the Government from using its execution chamber, the Bureau of Prisons maintains a high-security United States Penitentiary in Virginia, USP Lee. *See* https://www.bop.gov/locations/institutions/lee/ (last visited September 15, 2020). There is no doubt that the Government, with all of its resources, could figure out a way to conduct an execution in either a state or federal facility in Virginia.

Second, the Government claims that the fact that Virginia law permits death-sentenced prisoners to choose between death by lethal injection and electrocution would also likely impede it from carrying out Mr. Higgs's execution. ECF No. 644 at 13. But just two weeks after filing its reply in this matter, the Government represented in the federal lethal injection lawsuit in the United States District Court for the District of Columbia that it "will not execute any plaintiff

7

**JA 109**

whose sentence was issued in federal court in Virginia" without complying with the requirement in Va. Code Ann. § 53.1-234 that permits death-sentenced prisoners to choose electrocution as the means of execution. *See Roane v. Barr*, No. 1:19-mc-00145-TSC (D.D.C.), ECF No. 247 at 5 (attached as Exhibit 3). The Government further explained that although the relevant federal regulation does not authorize electrocution unless required by court order, it has "proposed to amend the regulation so that federal executions may be carried out by lethal injection or by any other manner prescribed by the law of the State in which the sentence was imposed or which has been designated by a court in accordance with 18 U.S.C. § 3596(a)." *Id.* at 5 n.2. It made clear that "[i]f that change becomes part of a final rule (or a court order otherwise requires the use of electrocution for federal inmates sentenced in Virginia or South Carolina who have selected that method), there will be no legal impediment to implementing an inmate's choice of electrocution." *Id.*

There are currently seven federal death row prisoners who were sentenced in Virginia and four who were sentenced in South Carolina, which similarly permits the option of electrocution. *See* https://deathpenaltyinfo.org/state-and-federal-info/federal-death-penalty/list-of-federal-death-row-prisoners (last visited September 17, 2020); S.C. Code § 24-3-530(A). The Government has not explained why it will have no trouble complying with those state laws in other cases, but would be incapable of doing so in Mr. Higgs's case.

The remainder of the Government's argument in support of designating Indiana comprises a series of reasons why the Government would find it more convenient to conduct the execution there. ECF No. 644 at 11-12, 14. But the logistical and security concerns invoked by the Government are not weighty. It is the BOP's central mission to safely and securely house federal prisoners. *See* https://www.bop.gov/about/agency/agency_pillars.jsp (last visited

**JA 110**

September 17, 2020). Accomplishing this mission routinely involves prisoner transportation for a variety of reasons; Mr. Higgs has been transported off the grounds of USP Terre Haute on multiple occasions to receive outside medical treatment, for example. The Government does not allege that Mr. Higgs poses any unique security risk aside from simply being on death row. And whatever additional risks or logistical challenges may be present are outweighed by the benefits of holding the execution in a place that is more conveniently located for the most directly affected parties in this case.

Lastly, the Government notes that the Bureau of Prisons has adopted measures to protect visitors and execution attendees at the Terre Haute Federal Correctional Complex from COVID-19. *See* ECF No. 644 at 18. It alleges that "it is uncertain whether the Bureau of Prisons would be able to extend the same protective measures that it currently offers at FCC Terre Haute" were the execution to take place in Virginia. *Id.* While the Government has identified certain protective measures it has been taking at FCC Terre Haute, they are clearly not working. Two prisoners have died there just this week and, as of yesterday, fifty-three prisoners and one staff member have confirmed cases of COVID-19. *See* Michael Balsamo, *2 dead of virus at US prison where executions are scheduled*, WASHINGTON POST, Sept. 15, 2020, *available at* https://www.washingtonpost.com/politics/2-dead-of-virus-at-us-prison-where-executions-are-scheduled/2020/09/15/b2b1ef12-f7a1-11ea-85f7-5941188a98cd_story.html (last visited September 17, 2020); *see also* https://www.bop.gov/coronavirus/ (last visited September 17, 2020).

The Government has offered no compelling reason to designate Indiana, and the Court should instead designate Virginia to the extent it has authority to do so.

**JA 111**

WHEREFORE, for the reasons stated above and in Mr. Higgs's response, the Court should deny the Government's motion to amend the judgment. To the extent any source of authority permits the Court to do so, it should designate Virginia as the state in which to implement Mr. Higgs's execution.

Respectfully submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
(410) 243-4589
stephenhsachs@gmail.com

Dated:  September 18, 2020

10

**JA 112**

**CERTIFICATE OF SERVICE**

I, Stephen H. Sachs, hereby certify that on this 18th day of September, 2020, I

electronically filed the foregoing document using the Court's CM/ECF system. Electronic notice

will be provided to the following individuals:

Sandra Wilkinson                          Sujit Raman
Debra Dwyer                               Office of the United States Attorney
Office of the United States Attorney      6500 Cherrywood Lane, Ste. 400
36 S. Charles St., Fourth Floor           Greenbelt, MD 20770
Baltimore, MD 21201

James Crowell, IV
United States Department of Justice
Executive Office for United States Attorneys
950 Pennsylvania Ave., NE, Room 2443
Washington, DC 20530


                                          /s/ Stephen H. Sachs
                                          Stephen H. Sachs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SOUTHERN DIVISION


UNITED STATES OF AMERICA

    VS.                      CRIMINAL NO. PJM-98-0520

DUSTIN JOHN HIGGS

                DEFENDANT

                            Greenbelt, Maryland

                            January 3, 2001


    The above-entitled case came on for trial before the Honorable Peter J. Messitte, United States District Judge


SENTENCING


A P P E A R A N C E S


For the Government:

    Deborah A. Johnston, Esquire
    Sandra Wilkinson, Esquire


For Defendant Higgs:

    Harry J. Trainor, Jr., Esquire
    Timothy J. Sullivan, Esquire


Gail A. Simpkins, RPR
Official Court Reporter

P R O C E E D I N G S

THE CLERK:  The matter now pending before this Court is Criminal Action Number PJM-98-0520, United States of America versus Dustin John Higgs.  The matter now comes before the Court for sentencing.

THE COURT:  Counsel, identify yourselves for the government and defendant, please.

MS. JOHNSTON:  Good morning, Your Honor, Deborah Johnston and Sandra Wilkinson for the government.  Seated with us at counsel table is Captain Robert Rule of the Park Police.

MR. TRAINOR:  Good morning, Your Honor, Harry Trainor and Timothy Sullivan representing Dustin Higgs, who is present.

THE COURT:  All right.  Are there any preliminary matters before counsel speaks for disposition?

MR. TRAINOR:  We have objection to the judgment that we --

THE COURT:  Why don't we take that up when we get to that point.  Let me start with the government's statement.  Ms. Johnston.

MS. JOHNSTON:  Your Honor, we have no objections to the presentence report.  If the Court wants to hear us, I'll be glad --

THE COURT:  Well, with regard to the presentence

report, are there any objections that you want to state to that, Mr. Sullivan?

MR. SULLIVAN: Your Honor, Mr. Higgs and I have had the opportunity to carefully review the presentence report. There are no substantive additions or modifications that we wish to make at this point.

THE COURT: All right. I will hear you on disposition, Ms. Johnston.

MS. JOHNSTON: Your Honor, I believe in terms of disposition in this case that first and primarily, the jury in this case spoke to disposition on the murder counts and the kidnapping counts when they returned a verdict of a death sentence. We believe that the Court is required by law to impose that sentence.

In addition to that, the government believes that that is an appropriate sentence in this case for the actions of Mr. Higgs because, quite frankly, but for the actions of Mr. Higgs on that night almost five years ago, there would be three young women who would still be alive today and they were sisters, daughters, aunts and nieces to a number of people who have lost them.

So as a result of Mr. Higgs' actions, I think the jury has, we think the jury has returned an appropriate verdict and we ask the Court to impose a sentence of

death on those counts.

In addition to that, the defendant was convicted of a violation of 924(c), that being the use of a firearm in the commission of a crime of violence.  The statute also mandates the sentence for those convictions.

In terms of Count 5 of the first conviction for use of a firearm, the sentence is five years, to be served consecutively to any terms that the defendant is now serving.

The subsequent counts, Count 10 and 15, the sentence on those counts should be 20 years each, and under the statute those sentences are also to run consecutive to each other, as well as to any sentences the defendant is now serving.  We would ask the Court to impose those sentences as required by law.

In addition to that, Your Honor, the Court would ask -- the government would ask the Court to impose restitution as set forth in paragraph 107 of the presentence report.  We do that although the Court is going to impose a sentence of death, because under the current guidelines of the Federal Bureau of Prisons, the defendant will be housed at the United States Penitentiary in Terre Haute, Indiana in the special confinement unit.

However, the defendant may, depending on his behavior at that unit, be allowed at some point during his stay to work.  It is the government's position that he should be ordered to pay restitution so that if he has the opportunity to work, he will be reminded of why he is working, and that is to make restitution to the victims.  So we would ask the Court to order restitution as provided in paragraph 107 of the presentence report.

THE COURT:  Mr. Trainor.

MR. TRAINOR:  Your Honor, just very briefly.  We obviously do not agree that the imposition of a death sentence is appropriate.  However, we submit on the remaining arguments.

THE COURT:  Mr. Higgs, the Court will give you an opportunity now to speak if you choose to.

MR. SULLIVAN:  Your Honor, Mr. Higgs has nothing to say to the Court.

(Pause.)

THE COURT:  Counsel, if you would come up for a moment, please

(Counsel approached the bench and the following ensued.)

THE COURT:  I want you to understand what the format is going to be.  I will give you an opportunity

**JA 118**

before I make my remarks to make your objections.

MR. TRAINOR:  Your Honor, there is one thing that I noticed that counsel didn't mention in chambers that I would like to tell the Court.

THE COURT:  Do you want to do it at the bench or do you want to do it out loud?

MR. TRAINOR:  Well, I just didn't want to surprise anybody.  I just think that this language, except to the extent a court orders otherwise, in the C.F.R. precedes everything that follows.  What the government has done in this judgment has moved this, unless the President interposes language above that.  I think that --

MS. JOHNSTON:  I don't think that is a problem. The sentence, unless the President interposes, has to do with the prisoner filing a petition for executive clemency.  That is the power of the President, to take action in terms of the executive clemency.

MR. TRAINOR:  Perhaps the Court could not order a stay under those circumstances.

THE COURT:  It seems to me I can order a stay under anything.  That's really the reality.

MR. TRAINOR:  I'll just --

THE COURT:  All right

MR. SULLIVAN:  Judge, one quick thing I forget to

mention.  I don't want to tilt the windmills, but I just want to --

THE COURT:  Please have no conversations, folks.

MR. SULLIVAN:  There is no sense to belabor this, but I just want to preserve the record on the 924(c) and our objection that they should not run consecutive.  I'm aware of the Deal came and the Camp case in the Fourth Circuit.  Given this was one predicate offense, I know the law is different, but God knows what the law will be in the future, that it is inappropriate to run the second or subsequent convictions under 924(c) consecutive.  They should not run that way.  It should be one offense.  I just want to preserve the record.

MS. JOHNSTON:  Your Honor, our position is they are not one predicate offense.

THE COURT:  I think we have gone over this several times.

MS. JOHNSTON:  As we did in the other case.

(Counsel returned to the trial tables.)

THE COURT:  Counsel, there has been submitted to the Court a proposed judgment and order in this case, specifically as to the death counts.  The Court has discussed with counsel the way in which the handgun counts would be imposed, all this really being

**JA 120**

obligatory under the law.  The Court has no discretion in the matter.

But, Mr. Trainor and Mr. Sullivan, the Court notes that with regard to the proposed judgment and order that has been submitted by the government, that the defendant did have an objection.  At this time I would like you to state your objection for the record.

MR. TRAINOR:  Thank you, Your Honor.

We have reviewed the judgment and commitment order that has been proposed by the government and we have the following objection.  Actually I would like to incorporate the notice of filing and letter that was dated November 30th and filed in this case on December 1st of 2000.

THE COURT:  This is the letter to Ms. Johnston and Ms. Wilkinson?

MR. TRAINOR:  That is correct, Your Honor.  That sets forth some of our arguments.

Essentially it is our position that particularly beginning with page four of the proposed judgment and commitment, at line five, which begins unless the President interposes, and following through page six to all but the final paragraph on page six, we would object to that language in that it goes beyond what is required by Rule 32 of the Federal Rules of Criminal

**JA 121**

Procedure or by the relevant statute.   It goes beyond what is appropriate under the circumstances.

It deals with matters that are essentially Executive Branch functions.   It is an effort, I think, to incorporate the current C.F.R. administrative regulations of the Department of Justice into the judgment and commitment.   It is our position that that would be essentially arbitrary, capricious, to be cruel and unusual.   It is an improper delegation of executive function, a violation of separation of powers and could be also a violation of due process.

I am concerned about the language except to the extent a court orders otherwise and the fact that in the proposed order and commitment the language unless the President interposes, and the business about the stay that follows could be misinterpreted.   So we object to that language.

THE COURT:   Ms. Johnston.

MS. JOHNSTON:   Your Honor, the government has complied with the C.F.R., found at 28 C.F.R. 26.   I think it is .1 through .6.

In addition to that, in the Fourth Circuit, in the case of United States versus Tipton, found at 90 F.3d 861, although there the court was dealing with a death penalty in a Title 21 case in which the court,

**JA 122**

the trial court had issued a stay because Congress didn't authorize a method of execution, in reaching its conclusion, the Fourth Circuit remanded with instructions to enter appropriate orders for the execution in accordance with the regulation promulgated by the Attorney General.

So we believe that there is ample authority for this Court to enter the order as drafted, which is in compliance with the regulations and in accordance with the Fourth Circuit statement in Tipton.

THE COURT:  Well, I have considered the defendant's argument and the government's response.  It is true that under the Code of Federal Regulations, 28 C.F.R., Section 26.1, et seq., that there is a proposed order that the Court should enter in death penalty cases, and the Court is satisfied that the proposed order in this case does conform to the Code of Federal Regulations.

Whether or not those regulations might be changed at some point, obviously there is a safety valve in the order that permits counsel to come back to court and modify.

There is really no practical prejudice, as the Courts sees it now, with regard to incorporating the language of the Code of Regulation which indicates

**JA 123**

exactly how the death penalty would be executed.

So the Court will, taking note of the defendant's objection, overrule it, but your record is made with regard to it.

Mr. Higgs, the community has rendered the most severe judgment against you that it is capable of rendering, and it has done so because you have committed terrible crimes.  There is little more to be added to the indignation of the jury in what I say to you.

I am going to read to you a rather, in lengthy fashion, what the court sentence is and how the death penalty will be carried out.

I might say that there has been a lot of discussion nowadays about the death penalty and whether it is appropriate, often based on the concern about whether the person who is convicted of the crime in fact committed it.  Here, there is absolutely no doubt that you committed this crime, these crimes, these terrible crimes.  You are a murderer and that's the way you and, unfortunately, people associated with you and your family will ever be remembered.

I close with you, as I closed in your colleague's case, Mr. Haynes, which is that it would be inappropriate for you to be the last word here.  The

last word really belongs to these young women and their families.  They will always be remembered as young women who were vibrant and whose lives were ended.  You will always be remembered as a cold-blooded murderer and unfortunately, that taint will remain with your family and relatives forever.  They didn't deserve that.  These girls didn't deserve what they got.

If you will stand, please, sir.

The Court is now going to read the judgment and order with regard to the death penalty cases, counts rather.  Then I will make a separate statement regarding the handgun counts.

You, the defendant, Dustin John Higgs, were represented by Harry Trainor of Knight, Manzi, Nussbaum & LaPlaca, at 14440 Old Mill Road, Upper Marlboro, Maryland 20772 and Timothy J. Sullivan, Esquire, with Sullivan & Sullivan at 7305 Baltimore Avenue, Suite 301, College Park, Maryland 20740-3234.

You, the defendant, were found guilty on Counts 1 through 15 by a jury after a plea of not guilty.  Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 are offenses punishable by death.  Accordingly, you, the defendant, are adjudged guilty of such counts involving the following offenses.

Under 18 United States Code, Section 1111, first

degree premeditated murder of Tamika Black, an offense concluded on January 27, 1996, Count 1; next, Count 2, in violation of 18 United States Code, Section 1111, first degree murder of Tamika Black, which occurred during the perpetration or attempted perpetration of a felony, namely, kidnapping, again, concluded on January 27, 1996; Count 4, in violation of 18 United States Code, Section 1201(a)(2), the kidnapping of Tamika Black, which resulted in her death, concluded on January 27, 1996; Count 6, in violation of 18 United States Code, Section 1111, the first degree premeditated murder of Mishann Chinn, concluded on January 27, 1996; Count 7, in violation of 18 United States Code, Section 1111, the first degree murder of Mishann Chinn, which occurred during the perpetration or attempted perpetration of a felony, namely, kidnapping, concluded on January 27, 1996, Count 9, in violation of 18 United States Code, Section 1201(a)(2), the kidnapping of Mishann Chinn, which resulted in her death, concluded on January 27, 1996; Count 11, in violation of 18 United States Code, Section 1111, the first degree premeditated murder of Tanji Jackson on January 27, 1996; Count 12, in violation of 18 United States Code, Section 1111, the first degree murder of Tanji Jackson, which occurred during the perpetration

**JA 126**

14

or attempted perpetration of a felony, namely, kidnapping, which concluded on January 27, 1996, and Count 14, in violation of 18 United States Code, Section 1201(a)(2), kidnapping of Tanji Jackson, which resulted in her death, concluded on January 27, 1996.

As pronounced on October 26, 2000, you, the defendant, are sentenced as provided on pages three to six of this judgment, which I will read momentarily, as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.   The judgment as to Counts 5, 10 and 15, the handgun counts, will be entered in a separate order.

The sentence as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 is also imposed pursuant to Title 18 United States Code, Sections 3591 through 3597, including particularly sections 3594 and 3596.

It will be ordered that you pay to the United States a special assessment of a hundred dollars for Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, which shall be due immediately.

The special assessment as to Counts 5, 10 and 15 will be addressed in a separate order.

This is the sentence.

Based upon the special findings and decision of the jury on October 26, 2000, pursuant to the conviction of you, the defendant, Dustin John Higgs,

under Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, the Court hereby imposes upon you a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.  I will not impose a fine due to your inability to pay.

This sentence shall be executed by a United States Marshal, designated by the Director of the United States Marshal Service.  The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death.

The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death.

If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons by a United States Marshal designated by the Director of the United States Marshal Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal, and by intravenous injection of a lethal substance or substances in a quantity sufficient to

cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.

Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a Petition for Executive Clemency.

Except to the extent that a court orders otherwise, the Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and notice date of execution, in which the case the Warden shall notify the prisoner as soon as possible.

Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisors, not to exceed two, his defense attorneys, members of his family, and the officers and employees of the institution. Upon approval of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as the prisoner may request.

In addition to the Marshal and the Warden, the following persons shall be present at the execution:

Necessary personnel selected by the Marshal and Warden; two, those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary; three, not more than the following number of persons selected by the prisoner, one spiritual advisor, two defense attorneys, three adult friends or relatives, and not more than the following members of persons selected by the Warden, eight citizens and ten representatives of the press.

No other person shall be present at the execution, unless leave for such person's presence is granted by the Director of Federal Bureau of Prisons. No person younger than 18 years of age shall witness the execution.

The Warden should notify those individuals described in paragraph C of this order, of this section rather, as soon as practicable before the designated time of the execution. No photographic or other visual or audio recording of the execution shall be permitted.

After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of the body of the prisoner to

**JA 130**

determine that death has occurred and shall inform the Marshal and Warden of his determination.

Upon notification of the prisoner's death, the Marshal shall complete and sign the return hereunder or any similar document and shall file such document with the sentencing court.

The remains of the prisoner shall be disposed of according to the procedures established by the Director of the Federal Bureau of Prisons.  No officer or employee of the Department of Justice shall be required to be in attendance at, or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics.

For purposes of this section, the term participation includes personal preparation of the condemned individual and the apparatus used for execution, and supervision of the activities or other personnel in carrying out such activities.

The Defendant, Dustin John Higgs, is hereby committed to the custody of the Attorney General or her authorized representative for appropriate detention pending exhaustion of the procedures for appeal of the

judgment of conviction and for review of the sentence and pending execution of this sentence.

I sign this now, January 3, 2001.

This is followed by a return to be executed by the U.S. Marshal when the sentence is imposed.

There is a separate judgment that the Court now enters with regard to the handgun counts, having imposed the death sentence with regard to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.

With regard to Count 5, the Court imposes a sentence of five years consecutive to all sentences that are currently being served in this case and consecutive to the death sentence that has been imposed in each of counts, the counts referred to previously. To the extent that the Court makes death sentences consecutive, the Court does so.

With regard to Count 10, also a handgun count, the Court impose as term of 20 years consecutive to its sentence in Count 5.

With regard to Count 15, the Court imposes a term of 20 years consecutive to Count 10.

Now there is some theoretical possibility that for some reason the sentence of death might not be carried out and the defendant some day might be released; although, that is not the way the law reads

**JA 132**

today.

As a further precaution in the matter, should the defendant be released, the Court sentences the defendant to three years supervised release as to Counts 5, 10 and 15, with special conditions of participating in a substance and/or alcohol abuse program, which may include evaluation, counseling and testing, as deemed necessary by the probation officer.

There is a special assessment fee of $750 that is due and payable at this time.

The Court imposes no fine by reason of inability to pay.  However, the Court does impose a restitution term in the amount of $13,687.22 in the following amounts:

$3,850 for the representative of Tamika Black, $5,114.09 for the representative of Mishann Chinn, and $4,723.13 for the representative of Tanji Jackson.

Because of the financial, the Bureau of Prisons Inmate Financial Responsibility Program, the Court believes that you are able to make payments in installments of $50 each during the term of your imprisonment.  Restitution would be payable through the Financial Litigation Unit of the U.S. Attorney's Office in Baltimore.

Any payments that are made, any payment made that

is not a payment in full will be divided proportionately among the persons named.

Is there anything further from the government?

MR. JOHNSTON:  Your Honor, just so that the record is clear, I believe in the judgment and order for the sentence of death, on page two, it says a special assessment of a hundred dollars.  That should say $50 because this crime happened in January of 1996.

THE COURT:  The total is $750.

MS. JOHNSTON:  That total, $750, is on all of the counts.

THE COURT:  Right.

MS. JOHNSTON:  I believe the Court ordered $50 and I don't think that --

THE COURT:  I didn't hear that.

MS. JOHNSTON:  I believe the Court ordered payments in the restitution of $50.

THE COURT:  $50 per month.

MS. JOHNSTON:  I didn't hear what the term was.

THE COURT:  If I didn't speak that clearly.

MR. TRAINOR:  Is the restitution joint and several, Your Honor, with Mr. Haynes?

THE COURT:  The restitution?

MR. TRAINOR:  Would that be joint and several with Mr. Haynes?

22

THE COURT:  If that is the way it was ordered in the earlier case.  It would be joint and several. That's is right.  I will make the change on page two.

All right.  Is there anything further from either the government or defendant?

MR. TRAINOR:  Nothing further, Your Honor.

THE COURT:  Ms. Johnston.

MS. JOHNSTON:  Your Honor, I believe that there are only 12 counts of conviction, so that the special assessment should be $600.  There were three counts that were alternative counts that we are not proceeding on.  So there were 12 counts of conviction, four counts for each victim, Your Honor.  So it should be $600 for the special assessment as opposed to $750.

THE COURT:  I will accept that.  Anything further?

MR. TRAINOR:  Nothing from the defense, Your Honor.

THE COURT:  All right.  Thank you.

(The proceeding concluded.)

**JA 135**

REPORTER'S CERTIFICATE

I hereby certify that the foregoing transcript in the matter of United States of America vs. John Dustin Higgs, Defendant, Criminal Action No. PJM-98-0520, before the Honorable Peter J. Messitte, United States District Judge, on January 3, 2001 is true and accurate.

_____

Gail A. Simpkins

Official Court Reporter

LAW OFFICES

## SULLIVAN & SULLIVAN

7305 BALTIMORE AVENUE, SUITE 301

COLLEGE PARK, MARYLAND 20740

CHARLES JOSEPH SULLIVAN, JR.
TIMOTHY JOSEPH SULLIVAN*

*ALSO ADMITTED IN D.C.

TELEPHONE
(301) 927-3035

FACSIMILE
(301) 927-0539

November 30, 2000

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
United States Attorney's Office
United States Courthouse, Suite 400
6500 Cherrywood Lane
Greenbelt, Maryland  20770

**RE:  United States v. Dustin John Higgs**
      **Criminal Number PJM-98-0520**

Dear Ms. Johnston and Ms. Wilkinson:

We have now had the opportunity to review the government's proposed judgment and commitment which was provided to us on November 13, 2000.

Please note our objections to the government's proposed judgment and commitment:

It is Mr. Higgs' position that the government's proposed judgment and commitment far exceeds that which is required under Rule 32(d)(1) of the Federal Rules of Criminal Procedure which provides "[a] judgment of conviction must set forth the plea, the verdict of findings, the adjudication, and the sentence." Mr. Higgs' position is also supported by the language contained in 18 U.S.C. §3592(a), where Congress has provided that in death penalty cases "[a] person who has been sentence to death pursuant to this chapter be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence."

**JA 137**

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
November 30, 2000
Page Two


The government's proposed judgment and commitment merely parrots 28 CFR Part 26 which, as you know, are the administrative regulations of the Department of Justice ("DOJ"). While it is recognized that the DOJ regulations mandate that the United States Attorney's Office submit such a proposed judgment, that fact alone does not alleviate the significant legal issues associated with the proposed judgment and commitment and should in no way be construed to require the Court lacks discretion in preparing its own judgment and commitment.

Mr. Higgs will certainly timely note an appeal to the United States Court of Appeals for the Fourth Circuit after the hearing on December 15, 2000. As such, any proposed judgment and commitment which sets forth an execution date is entirely premature. This position is also supported by the plain reading of 18 U.S.C. §3596(a). Under the circumstances, there is simply not a legal or practical need to set forth an execution date given the pendency of Mr. Higgs' constitutional exercise of his rights to direct appeal the conviction and the imposition of a sentence of death. See 18 U.S.C. §3595. Similarly, it is also certainly not ripe for any judgment and commitment to contain items such as all of the execution process details. It seems to be a meaningless exercise of time, effort, and judicial economy for the Court to set a date of execution ("no sooner than 60 days from the entry of the judgment of death") when it is unlikely that the trial and sentencing phase transcripts will be completed by the court reporter and there will likely not even be a briefing schedule established by the Fourth Circuit.


**JA 138**

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
November 30, 2000
Page Three


It is also Mr. Higgs' position that there are colorable Constitutional deficiencies with the government's proposed judgment and commitment. There are due process and separation of powers violations apparent by permitting the United States Department of Justice - an Executive Branch agency - as opposed to the United States District Court - the Judicial Branch - to set an execution date.

There is no practical or legal impediment for Judge Messitte to simply comply with Rule 32(d)(1), 18 U.S.C. §3594 "[u]pon a recommendation under section 3593(e) that the defendant should be sentence to death...the court shall sentence the defendant accordingly") and 18 U.S.C. §3596(a) ("person who has been sentence to death pursuant to this chapter shall be committed to the custody of the Attorney general until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." A judgment and commitment, consistent with the sentencing procedures used in this district, is appropriate in this case.

If you have any questions, please do not hesitate to contact me at your earliest convenience.

Very truly yours,

Timothy J. Sullivan


TJS:mn
cc:  Court file
     Harry J. Trainor, Jr., Esq.


**JA 139**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
|  | ) |  |
| In the Matter of the | ) |  |
| Federal Bureau of Prisons' Execution | ) |  |
| Protocol Cases, | ) |  |
|  | ) |  |
| LEAD CASE: *Roane et al. v. Barr* | ) | Case No. 19-mc-145 (TSC) |
|  | ) |  |
|  | ) |  |
| THIS DOCUMENT RELATES TO: | ) |  |
|  | ) |  |
| *All Cases* | ) |  |
|  | ) |  |

### DEFENDANTS' NOTICE IN RESPONSE TO COURT ORDER

Defendants respectfully respond to this Court's Minute Order of September 14, 2020, requiring Defendants to state whether they "are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate [the following] statutes": "S.C. Code Section 24-3-530(A); VA Code Ann. Section 53.1-234; Mo. Rev. Stat. Section 546.720.1; Ga. Code Section 17-10-41; Ark. Code Sections 5-4-617(d), (f); and Tex. Code of Crim. Proc. Art. 43.14(a)," which Plaintiffs "contended conflict with the Bureau of Prisons' 2019 Execution Protocol." The Court further instructed that "[i]f Defendants have not determined whether they will comply with a given statute, they shall so indicate."

As a threshold matter, there does not appear to be any live claim that presents the questions posed by this Court's Minute Order. To the extent the Court's Minute Order relates to Plaintiffs' claim under Count V of the Amended Complaint that the BOP Protocol purportedly violates the Federal Death Penalty Act ("FDPA"), *see* Am. Compl. ¶¶ 144-49, the D.C. Circuit has already directed that judgment be entered for Defendants on this claim and issued its mandate to this Court, *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 108 (D.C. Cir. 2020) (per curiam); *see also* ECF No. 156 (mandate). This Court is bound by that mandate.

1

**JA 140**

Moreover, the question whether the government must comply with a particular provision of a state statute only arises if the FDPA requires compliance with that provision. As the government recently explained in its opposition to Plaintiff William LeCroy's motion for a preliminary injunction, the FDPA as interpreted by the D.C. Circuit requires Defendants to comply with only those state statutory provisions governing the *procedures for effectuating death*. *See* Defs.' Consolidated Opp'n to LeCroy's Mot. for A PI & An Expedited Hearing at 16–17, ECF No. 242 (citing *Peterson v. Barr*, 965 F.3d 549, 554 (7th Cir. 2020), *United States v. Mitchell*, No. 20-9909, 2020 WL 4815961 (9th Cir. Aug. 19, 2020) (per curiam), and *Execution Protocol Cases*, 955 F.3d at 151 (Tatel, J., dissenting)). It is questionable at best that the cited provision of Georgia law requiring the presence of two physicians is such a procedure, but the government has nevertheless explained that it plans to comply with that provision. *See* ECF No. 242 at 17. The cited provision of Texas law concerning the time of execution does not involve procedures for effectuating death and therefore need not be followed by the federal government under the FDPA. But the government will consider, and may choose to accommodate, the request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m.

As for the cited provisions of Arkansas and Missouri law, the government is not aware of any conflict between those provisions and the federal protocol. Accordingly, the government intends to comply with those provisions, wholly apart from whether they are binding under the D.C. Circuit's decision in *Execution Protocol Cases*.

Finally, the cited provisions of South Carolina and Virginia law specify the method of execution and therefore must be followed by the federal government under the FDPA. Defendants accordingly represent that they intend to comply with those portions of the South Carolina and Virginia statutes for any federal conviction in those states subject to the FDPA.

The government expands on these responses below:

1.       To the extent the Court's Minute Order relates to Plaintiffs' claim under Count V of the Amended Complaint that the BOP Protocol purportedly violates the FDPA, *see* Am. Compl. ¶¶ 144-49, the D.C. Circuit has already directed that judgment be entered for Defendants on this

2

**JA 141**

claim and issued its mandate to this Court. *Execution Protocol Cases*, 955 F.3d at 108 (per curiam); *see also* ECF No. 156 (mandate). The Court is bound by that mandate. *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) ("Under the mandate rule," a "more powerful version of the law-of-the-case doctrine," "'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'") (citation omitted). Accordingly, this Court must enter judgment for Defendants as to Count V. And that is especially clear as to those Plaintiffs who were sentenced in Arkansas, Missouri, and Texas, the laws of which states were specifically examined by the D.C. Circuit when it held that "judgment for the government must be entered on [the FDPA] claim." *Execution Protocol Cases*, 955 F.3d at 108 (per curiam).[1]

2.    Tex. Code of Crim. Proc. Art. 43.14(a) states that "[w]henever the sentence of death is pronounced against a convict, the sentence shall be executed at any time after the hour of 6 p.m. on the day set for the execution, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead . . . ." The FDPA does not require Defendants to comply with this provision's timing requirement because that requirement is not a "death-effectuating" provision. *Cf.* ECF No. 242 at 16–17. In any event, the timing requirement presents no conflict with the Protocol because the Protocol does not specify the time when the execution must be implemented on the scheduled execution date. As a matter of administrative

---

[1] Plaintiffs have not cross moved for summary judgment on their FDPA claim. To the extent the Court of Appeals has not already mooted the claim by directing entry of judgment in Defendants' favor, there certainly is no warrant to enter an injunction against Defendants since Plaintiffs have neither asked for relief on that ground nor, at a minimum, "suppl[ied] a sufficient basis for finding that [they] will be irreparably harmed by the government's [future] violation of the [FDPA]," Order, ECF No. 226 at 2, among other prerequisites for issuance of a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As this Court recognized recently, to show irreparable injury, Plaintiffs must meet a "very high bar," Order, ECF No. 226 at 2 (citation omitted), because "[t]he injury must be "both certain and great" and "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm," *id.* (quoting *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985). In the absence of such a showing in the record, any permanent injunction on this basis would be improper.

**JA 142**

grace, BOP will consider, and may choose to accommodate, the request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m.

3.      As for the provisions of Arkansas and Missouri law identified by this Court, Defendants do not believe that there are any conflicts with the Protocol.   The government accordingly intends to comply with those provisions wholly apart from the D.C. Circuit's decision in *Execution Protocol Cases*.

**Arkansas**:  Ark. Code § 5-4-617(d) states that the drug used to carry out the lethal injection "shall be (1) [a]pproved by the United States Food and Drug Administration and made by a manufacturer approved by the United States Food and Drug Administration; (2) [o]btained from a facility registered with the United States Food and Drug Administration; *or* (3) [o]btained from a compounding pharmacy that has been accredited by a national organization that accredits compounding pharmacies." (emphasis added).  As noted in Defendants' motion for summary judgment, the pharmacy that produces the compounded injectable pentobarbital solution for federal executions is registered with the FDA pursuant to Section 503B of the FDCA, 21 U.S.C. § 353b.  AR 1084; Decl. of Raul Campos, ¶ 3 (Nov. 12, 2019), ECF No. 36–1.  Accordingly, there is no conflict here and the government has complied (and will comply) with this provision.

In addition, Ark. Code § 5-4-617(f) states that "[c]atheters, sterile intravenous solution, and other equipment used for the intravenous injection of the drug or drugs set forth in subsection (c) of this section shall be sterilized and prepared in a manner that is safe and commonly performed in connection with the intravenous administration of drugs of that type."  Although the Protocol does not explicitly set forth these common-sense details, there is no conflict with that state statutory requirement, which BOP will comply with under the Protocol, as has been its practice.

**Missouri:**   Mo. Rev. Stat. § 546.720.1 states in pertinent part that "[t]he manner of inflicting the punishment of death shall be by the administration of lethal gas *or* by means of the administration of lethal injection." (emphasis added).  There is no conflict between this statute and the Protocol, which allows for the administration of lethal injection.  That is especially clear because Missouri's practice under that statute, while irrelevant even under Judge Rao's controlling

4

decision in *Execution Protocol Cases*, is to use lethal injection.  *See Bucklew v. Precythe*, 883 F.3d 1087, 1094 (8th Cir. 2018), *aff'd*, 139 S. Ct. 1112 (2019) ("Missouri has not used [lethal gas] since 1965 and does not currently have a protocol in place for execution by lethal gas.").

4.      Finally, the South Carolina and Virginia statutes identified by the Court provide that condemned inmates may choose between lethal injection and electrocution, and if they do not do so before a certain number of days prior to the scheduled execution, the manner of execution shall be lethal injection.  *See* S.C. Code § 24-3-530(A) and Va. Code Ann. § 53.1-234.  As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA (*see* 18 U.S.C. §§ 3591, 3596) without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.[2]

---

[2] The relevant federal regulation currently does not authorize execution by electrocution unless required by a court order.  *See* 28 C.F.R. § 26.3(a)(4).  But as the government indicated in its Notice of Proposed Rulemaking on the Manner of Federal Execution, the government has proposed to amend the regulation so that federal executions may be carried out by lethal injection or by any other manner prescribed by the law of the State in which the sentence was imposed or which has been designated by a court in accordance with 18 U.S.C. § 3596(a).  *See* 85 Fed. Reg. 47324 (Aug. 5, 2020).  If that change becomes part of a final rule (or a court order otherwise requires the use of electrocution for federal inmates sentenced in Virginia or South Carolina who have selected that method), there will be no legal impediment to implementing an inmate's choice of electrocution.

5

**JA 144**

JA 145

Dated:  September 15, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

SCOTT G. STEWART
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

 /s/*Jean Lin*
JEAN LIN (NY Bar 4074530)
Special Litigation Counsel
JONATHAN KOSSAK (D.C. Bar 991478)
CRISTEN C. HANDLEY (MO Bar 69114)
BRADLEY P. HUMPHREYS (D.C. Bar
988057)
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov
Bradley.humphreys@usdoj.gov

*Attorneys for Defendants*

6

**JA 145**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2020, I caused a true and correct copy of

foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*


Ginger D. Anders (D.C. Bar No. 494471)
Jonathan S. Meltzer (D.C. Bar No. 888166546)
Brendan Gants (D.C. Bar No. 1031419)
Munger, Tolles & Olson LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106

**JA 146**

Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*


Scott W. Braden (Ark. Bar Number 2007123)
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com


*Counsel for Plaintiff Norris G. Holder, Jr.*


Jon Jeffress
KaiserDillon PLLC


**JA 147**

1099 14th Street NW
8th Floor West
Washington, DC 20005
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*


Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Gregory S. Smith
913 East Capital Street, SE
Washington, D.C. 20003
(202) 460-3381
(877) 809-9113 (fax)
gregsmithlaw@verizon.net

*Counsel for Plaintiff William Emmet LeCroy*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

**JA 148**

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Dale A. Baich (pro hac vice)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
8 East Mulberry Street
Baltimore, MD 21202
(410) 444-1500
(443) 836-9162 (fax)
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*


Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880

**JA 149**

Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com


Andres C. Salinas (DC Bar No. 156118)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Paul F. Enzinna (D.C. Bar No. 421819)
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*


Amy Karlin, Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*


Gerald W. King, Jr. (Ga. Bar No. 140981)
Jeffrey Lyn Ertel (Ga. Bar No. 249966)
Federal Defender Program, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 (fax)
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
401 9th Street, NW
Suite 1000

**JA 150**

Washington, D.C. 20004
(202) 274-2864
(202) 274-2994
brandon.almond@troutmansanders.com
*Counsel for Richard Tipton, III*

Michael F. Williams
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 389-5123
(202) 389-5200 (fax)
michael.williams@kirkland.com

*Counsel for Christopher Andre Vialva*

Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

　　　　　　　　　 */s/Jean Lin*　　　　
　　　　　　　　　Attorney for Defendants

**JA 151**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Crim. No. PJM 98-520** |
| | * | |
| **DUSTIN JOHN HIGGS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

**\*\*\*\*\*\***

## NOTICE

The United States of America, by and through undersigned counsel, hereby notifies the

Court that the Director of the Federal Bureau of Prisons, upon the direction of the Attorney

General and in accordance with 28 C.F.R. Part 26, has scheduled the execution of Dustin John

Higgs for January 15, 2021.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:_____/s/_____
Sandra Wilkinson
Assistant United States Attorney
U.S. Attorney's Office
  For the District of Maryland
36 S. Charles St.
Baltimore, MD 21201
410-209-4921

Certificate of Service

I hereby certify that on this 20th day of November, 2020 I caused a true and correct copy of the foregoing to be emailed to counsel of record for the Defendant.

\_\_/s/_____
Sandra Wilkinson

**JA 152**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

       *

v.                     *

       *       Criminal No. **PJM 98-520**

**DUSTIN JOHN HIGGS,**          *

       *

Defendant.           *

**MEMORANDUM OPINION**

More than two decades ago, a jury sitting in the District of Maryland found Defendant Dustin Higgs guilty on 15 counts for the first-degree murder and kidnapping of Tamika Black, Mishann Chinn, and Tanji Jackson. The jury subsequently determined that Higgs should receive the death penalty on each of the murder and kidnapping charges. On January 9, 2001, the Court entered its final Judgment and Order on the jury's verdict and sentence, indicating the procedures for imposing that sentence. On appeal, the Fourth Circuit affirmed Higgs's conviction and sentence and the Supreme Court denied certiorari. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), *cert. denied*, 543 U.S. 999 (2004). Higgs has been on death row ever since and is currently incarcerated at Federal Correctional Complex Terre Haute in the state of Indiana.

Now, some 20 years later, the Government seeks to carry out Higgs's death sentence.

Federal law provides that a federal execution shall be carried out in accordance with the laws of the state in which the defendant was sentenced. *See* 18 U.S.C. § 3596(a). However, Maryland abolished the death penalty in 2013, more than 12 years after Higgs was sentenced in this Court. Today, in the absence of state law by which to carry out Higgs's sentence in Maryland, the Government asks the Court to amend its 2001 Judgment and Order and direct that his execution be carried out in Indiana, pursuant to Indiana law.

**JA 153**

Higgs merits little compassion. He received a fair trial and was convicted and sentenced to death by a unanimous jury for a despicable crime. That said, the Court believes it lacks the authority to do as the Government asks and will deny the Government's motion.

## I. Background

### A. Factual Background

On the evening of January 26, 1996, Higgs, Willis Haynes, and Victor Gloria picked up Tanji Jackson, Tamika Black, and Mischann Chinn in Washington, D.C., and drove them to Higgs's apartment in Laurel, Maryland, to drink alcohol, listen to music, and smoke marijuana. In the early pre-dawn hours of the following morning, Higgs and Jackson got into an argument, prompting Jackson to grab a knife from the kitchen. Haynes persuaded Jackson to drop the knife, whereupon Jackson, along with Black and Chinn, angrily walked out of the apartment. According to Gloria, as Jackson left, she made some sort of general threat against the men and, once outside the apartment, appeared to write down the license plate number of Higgs's van.

Higgs observed this and, in response, angrily grabbed his coat and his silver .38 caliber handgun and urged Haynes and Gloria to accompany him to catch up with the departing women. The three men got into Higgs's car and pursued the women, with Higgs driving, Haynes in the front passenger seat, and Gloria in the back seat behind Higgs. When they caught up with the three women, Haynes, at Higgs's direction, persuaded the women to get in the vehicle, presumably to be driven home. Higgs commenced driving towards Washington, D.C. Meanwhile, according to Gloria, Higgs and Haynes engaged in a quiet conversation in the front of the van, which Gloria could not hear. But instead of taking the women home, Higgs drove into the Patuxent National Wildlife Refuge, a federal refuge in Laurel, Maryland, and pulled over in a secluded spot. One of the young women asked the men if they were trying to "make [them] walk from there," to which Higgs responded, "Something like that." The women then got out of the car.

In the front seat, Higgs whispered something to Haynes and handed his gun to Haynes, who put it behind his back and got out of the car. Moments later, Gloria, who remained in the back seat of the car, heard a gunshot and wiped the mist off the back window in time to see Haynes shoot one of the women in the chest. Gloria turned to ask Higgs what he was doing and saw Higgs holding the steering wheel, watching the shootings in the rearview mirror. Gloria put his head down and heard more shots and a woman screaming.

Haynes then returned to the van and the men drove away, leaving the women, all of whom had apparently been shot, on the road or roadside. Higgs drove the van to the Anacostia River, where he or Haynes threw the gun into the water, then drove back to Higgs's apartment to clean up and to throw away any items that the women might have touched. Higgs and Haynes then dropped Gloria off at a fast food restaurant and warned him to "keep [his] mouth shut."

Around 4:30 the same morning, a driver found the bodies of the three women strewn along Maryland Route 197, which runs through Patuxent National Wildlife Refuge, and contacted the U.S. Park Police. The Court distinctly recalls from the trial testimony that at least one of the women's bodies appeared to have been run over by a vehicle. At the scene, the police found Jackson's day planner, which contained Higgs's nickname and telephone number, as well as part of Higgs's address and the license plate number on his van. A medical examiner later determined that Jackson and Black had each been shot once in the chest and once in the back and that Chinn had been shot once in the back of the head.

Almost three years later, on December 21, 1998, Higgs and Haynes were indicted on three counts each of first-degree premeditated murder, *see* 18 U.S.C. § 1111(a), first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, *see id.*, kidnapping

3
**JA 155**

resulting in death, *see* 18 U.S.C. § 1201(a)(2), and using a firearm in the commission of a crime of violence, *see* 18 U.S.C. § 924(c).

The cases were severed for trial and Haynes was tried first. The jury found him guilty on all counts but thereafter failed to reach a unanimous verdict on whether to impose a death sentence. On August 24, 2000, the Court therefore sentenced Haynes to concurrent life terms on the first-degree murder and kidnapping counts and to a 45-year consecutive sentence on the firearm offenses. The Fourth Circuit affirmed Haynes's conviction and sentence on appeal, and the Supreme Court denied certiorari. *See United States v. Haynes*, 26 F. App'x 123 (4th Cir. 2001), *cert. denied*, 535 U.S. 979 (2002).

At Higgs's trial, which began five weeks after Haynes was sentenced, a different jury returned guilty verdicts against Higgs on all counts. On October 26, 2000, after hearing evidence on aggravating and mitigating factors relevant to a possible death sentence, the jury returned a sentence of death against Higgs on each of the murder and kidnapping counts. On January 9, 2001, the Court entered judgment on the jury's verdict. ECF No. 414.

The Fourth Circuit affirmed both Higgs's conviction and sentence, and the Supreme Court denied certiorari. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), *cert. denied*, 543 U.S. 999 (2004). Shortly thereafter, the Fourth Circuit affirmed this Court's denial of Higgs's motion for a new trial, as to which the Supreme Court again denied certiorari. *See United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004), *cert. denied*, 543 U.S. 1004 (2004). In the intervening years, Higgs has sought, and has been consistently denied, various other forms of post-conviction relief, all denials being affirmed on appeal. *See, e.g.*, *Higgs v. United States*, 711 F. Supp. 2d 479, 487 (D. Md. 2010), *aff'd*, 663 F.3d 726 (4th Cir. 2011), *cert. denied*, 568 U.S. 1069 (2012); *United States v. Higgs*, 193 F. Supp. 3d 495 (D. Md. 2016); *see also* Order Denying Petition for a Writ of Habeas

4
**JA 156**

Corpus, *Higgs v. Daniels*, No. 16-cv-321 (S.D. Ind. Apr. 30, 2020), *appeal pending*, *Higgs v. Watson*, No. 20-2129 (7th Cir. filed June 29, 2020).

## B.  Relevant Legal Background

The Court's 2001 Judgment and Order states that Higgs was "adjudged guilty" on all 12 counts, including 9 counts punishable by death. It provides that he "is sentenced as provided on pages 3–6 of this judgment," pages which set forth several procedural details regarding implementation of the sentence of death. Although the Judgment and Order does not explicitly designate Maryland as the state in which and according to the laws of which Higgs's sentence is to be implemented, it does direct that the sentence is "imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596." In relevant part, section 3596 requires that "implementation of the sentence" of death must occur "in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a). Here, that state is Maryland.

Under the same provision, the Court was authorized—indeed, required—to designate another state only "[i]f the law of the State d[id] not provide for implementation of a sentence of death." *Id.* In 2001, when Higgs was sentenced, Maryland law did provide for the death penalty and its implementation. *See* Md. Code, art. 27, § 413 (2001) (providing for death penalty for individuals convicted of first-degree murder); Md. Code, art. 27, § 627 (2001) (providing for execution by lethal injection). It was not until 2013 that Maryland repealed its statutes relating to the imposition and implementation of death sentences, *see Bellard v. State*, 452 Md. 467, 472 (2017), thereby abolishing the death penalty and calling into question the procedure for implementing Higgs's death sentence in 2021.

## C. Recent Procedural History

On August 4, 2020, the Government filed the present motion, less than two pages in length, requesting that the Court clear the way for Higgs's execution in the absence of Maryland state law governing its implementation. The Government at first asked the Court to amend its 2001 Judgment and Order to provide for the sentence of death to be carried out in the state of Indiana rather than Maryland. On August 19, Higgs filed a response in opposition to the Government's motion, arguing in part that the Court lacked the authority to modify his judgment of conviction.

On September 1, the Government put forth a 19-page reply, conceding for the first time that the Court indeed lacked the authority to amend the judgment, asking instead that the Court "supplement" its judgment. The following day, Higgs filed a motion to strike or summarily deny the Government's motion and reply or, in the alternative, allow Higgs to file a surreply. The Court declined to strike the Government's motion but granted Higgs leave to file a surreply, which he did on September 18, 2020.

Without waiting for the Court's response, the Government proceeded to schedule Higgs's execution for January 15, 2021.[1] The Court held a telephone conference with the parties on December 8, 2020, and now considers the Government's motion and Higgs's opposition thereto.

## II. Discussion

The Court considers first whether it has the authority to amend or supplement its original judgment to designate a new state for Higgs's execution. It holds that it does not. The Court next

---

[1] *See* Notice of Execution Date (Nov. 20, 2020), ECF No. 649. It is not lost on the Court that this execution is scheduled to occur just five days before the inauguration of a new president who has stated his opposition to capital punishment. Higgs is set to be the fifth and final federal inmate to be executed in the waning days of the current administration. *See* Mark Berman & Matt Zapotosky, *Trump Administration Sets Wave of Executions for Days Leading Up to Biden Inauguration*, Wash. Post (Dec. 2, 2020, at 4:31 p.m.), https://www.washingtonpost.com/national-security/federal-executions-accelerate-before-biden-inauguration/2020/12/02/34db45e0-340d-11eb-b59c-adb7153d10c2_story.html.

considers whether it is authorized to designate a new state without such designation constituting an amendment or supplement to the original judgment. The Court concludes that, under relevant case law, it cannot provide the Government the relief it seeks.

## A.  The Court's Authority to Amend Its Judgment

The Government's initial, extraordinary request that the Court amend its original judgment and sentence is something that the Court plainly cannot do. A "'judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Only a few limited exceptions to this rule exist, none of which applies here. *See* 18 U.S.C. § 3582(c) (permitting sentence reductions for "extraordinary and compelling reasons," for certain elderly prisoners, as "otherwise expressly permitted by statute," or pursuant to sentencing range reductions); Fed. R. Crim. P. 35 (permitting sentence corrections for clear error or sentence reductions for substantial assistance to the Government); *see also United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) ("Generally, sentences may not be modified once imposed.").

The Fourth Circuit has taken a very a narrow view of the authority of district courts to amend *any* aspect of a criminal sentence in the absence of an explicitly recognized exception authorizing such amendment. For example, in *United States v. Jones*, the Fourth Circuit held that a district court lacked authority to amend the defendant's judgment to require immediate payment of a fine imposed four years earlier, even though the amendment sought to bring the sentence in compliance with subsequent case law. 238 F.3d 271, 272–73 (4th Cir. 2001). The court in *Jones* was clear that, "[a]lthough there are circumstances under which a district court may modify or correct a criminal judgment order, none of them authorize[s] the district court to [amend a judgment] based solely on a subsequent change in case law." *Id.* at 272. The court rejected the

Government's argument that it should nevertheless affirm the district court's amending order because the defendant could not "show that he was harmed by the amendment." *Id.*

Since the *Jones* court found that a district court lacked authority to amend a judgment to revise the terms for payment of a fine where the original judgment was no longer in compliance with the law, the Court believes *a fortiori* that it lacks authority to amend the judgment as to the place of execution, where Maryland law no longer provides procedures for an execution.

**B. The Court's Authority to Supplement Its Judgment**

The Court finds it notable that the Government first wrote in support of a "Motion to Amend Judgment and Order" but then in reply "agree[d] that this case does not present circumstances that would permit the Court to alter Higgs's criminal judgment." That explains why the Government abruptly changed its stance and asks that the Court instead "supplement" its judgment to the same effect.[2] Gov't Reply at 6, ECF No. 644. This avails the Government not at all.

The Court is unaware of any applicable case addressing whether the Court might have clear-cut authority to "supplement" a final judgment when it may not "amend" one. But the Court is able to look to analogous Fourth Circuit case law for guidance. *United States v. Lightner*, sheds some light on the question. There, the Fourth Circuit vacated a district court's letter opinion purporting to "clarify" the defendant's criminal judgment with respect to the payment of an imposed fine. 266 F. App'x 240, 241 (4th Cir. 2008). The court explained its decision as follows:

> The original judgment provides that the fine be paid according to the
> schedule of payments prepared by the Probation Office. In its [later]

---

[2] The Government frames this issue by suggesting that the relevant portion of the written Judgment and Order, including the statutory references and procedural directives, is not in fact part of the sentence but amounts to severable language that may be ignored or amended by the Court at will. The Court finds this suggestion wholly unpersuasive, both as a practical matter and in light of Supreme Court and Fourth Circuit precedent described herein. *See, e.g.*, *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

> opinion, the district court imposed the requirement that Lightner participate in the [Inmate Financial Responsibility Program]. However informal and well-intended the court's letter, the practical effect of the clarification was accomplishing "through the back door" what the district court was admonished from doing in *Jones*. Based on *Jones*, we find that the court was unauthorized to "clarify" the judgment, which essentially served to amend the judgment.

*Id.* at 242. *Lightner* thus clearly shows that the Fourth Circuit views even a supplemental order issued merely to clarify a monetary sentence as an amendment to the original judgment "through the back door" and therefore beyond the authority of the district court.

True, while the Court's original designation of Maryland occurred only by implication—by ordering implementation according to 18 U.S.C. § 3596, which at the time of judgment required execution of the sentence in Maryland—the practical effect of the original judgment was necessarily designation of the state of Maryland. The Court thus concludes that a supplemental order designating a different state for Higgs's execution would constitute an amendment of the original judgment in all but name. To the extent that the Government requests that the Court supplement or "clarify" its 2001 Judgment and Order by designating Indiana in lieu of Maryland as the place of Higgs's execution, such a supplement is precluded by the Fourth Circuit's decision in *Lightner*.

### C. The Court's Authority to Designate a New State without Amending or Supplementing Its Judgment

As an alternative of questionable distinction, the Government unpersuasively argues that the Court may, and indeed must, "enter a new order" designating Indiana to implement Higgs's sentence. The Government's theory is that because such an order purportedly "would not contradict the court's [2001] Judgment and Order," it could not be considered an impermissible modification or supplement of that judgment. Gov't Reply at 9.

The Government rests its argument for a separate order on the language of 18 U.S.C. § 3596, which it contends "indicates that the relevant inquiry should focus on the time of implementation, not initial sentencing." *Id.* at 11. In considering the Government's textual argument, it is helpful to view the relevant statutory provision in context:

> [1] A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. [2] **When the sentence is to be implemented**, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, **who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.** [3] **If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State**, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

18 U.S.C. § 3596(a) (emphases and sentence numbering added). The Government suggests that the temporal phrase at the beginning of the second sentence extends to the third sentence, which should be read to mean that "[i]f the law of the State does not provide for implementation of a sentence of death" "[w]hen the sentence is to be implemented," *then* "the court shall designate another State." But the third sentence could just as easily be read in relation to the last phrase of the second sentence, which refers to the original imposition of the sentence (i.e., "in the manner prescribed by the law of the State *in which the sentence is imposed*").[3]

Indeed, in reality, a district court sitting in a state that does not have the death penalty would ordinarily "designate another State" at the time it imposes the sentence, not at some later time. In fact, in the case of every current federal death row inmate who was sentenced in a state that did not have laws for implementing a death sentence, the court designated a different state

---

[3] This is not an inappropriate time to invoke the rule of lenity, by which ambiguous words of a criminal statute are construed more favorably to the defendant. *See Rule of Lenity*, *Black's Law Dictionary* (11th ed. 2019).

under section 3596 *at the time of and as part of* the final judgment and sentencing order. *See* Judgment at 6, *United States v. Tsarnaev*, No. 13-cr-10200 (D. Mass. June 24, 2015), ECF No. 1480 (designating Indiana); Judgment at 2, *United States v. Rodriguez*, No. 04-cr-55 (D.N.D. Feb. 8, 2007), ECF No. 652 (designating South Dakota); *see also* Amended Judgment and Order at 2, *United States v. Sampson*, No. 01-cr-10384 (D. Mass. Feb. 6, 2017), ECF No. 2917 (designating Indiana after new trial and conviction).

The designation of a different state under 18 U.S.C. § 3596, then, invariably occurs at the time of sentencing, whether it is explicit or implicit. It is part of the criminal judgment. In no sense does section 3596 grant the Court authority and jurisdiction it does not otherwise possess, i.e., to amend or supplement its judgment well after the fact.

As far as the Court can tell, there are only two other federal inmates in the same situation as Higgs, both having been sentenced to death in states that later abolished the death penalty: Kenneth Lighty and Ronald Mikos. Lighty was convicted and sentenced to death in this very Court in 2006, seven years before Maryland repealed its death penalty. *See* Judgment and Order, *United States v. Lighty*, No. 03-cr-457-PJM (D. Md. Mar. 10, 2006), ECF No. 248.[4] Mikos was convicted and sentenced to death in the Northern District of Illinois in 2006, and Illinois subsequently abolished the death penalty in 2011. *See* Judgment (Sentencing Order), *United States v. Mikos*, 02-cr-137 (N.D. Ill. 2006), ECF No. 426. Unlike in the present case, however, the Government has not moved for designation of a new state to implement either Lighty's or Mikos's death sentence.

Also unlike here, the criminal judgments in both cases explicitly designated the state in which the sentence was to be implemented under section 3596. In *Mikos*, the judgment specifically provides (using the language of section 3596) that the defendant's sentence shall be implemented

---

[4] Lighty is currently back before this Court on a number of post-conviction filings.

"in the manner prescribed by the death penalty law of the State of Illinois." *Id.* at 2. Likewise, in *Lighty*, as it happens, this Court's judgment uses the same language to require that the defendant's sentence shall be implemented "in the manner prescribed by the law of the State of Maryland." Judgment at 1–2, *Lighty*, No. 03-cr-457-PJM. In those cases, it would be difficult, if not impossible, to argue that the designation of a state other than Illinois or Maryland, respectively, would not amend the judgments, since it would necessarily contradict explicit directives of the original judgments.

Again, while the 2001 Judgment and Order does not explicitly direct execution of the sentence in the state of Maryland, it does so impliedly by reference to section 3596. So, although an order designating a state other than Maryland to implement Higgs's sentence might not literally contradict the explicit language of the Judgment and Order, it would definitely change its effect. To conclude that the Court is authorized, at this late stage, to designate a state other than Maryland here, when the court could not do so in *Mikos* or *Lighty*, would ignore the identical practical effect in all these cases. *See Lightner*, 266 F. App'x at 242. The judgment in *Mikos* designated Illinois as the state of execution, while the implicit effect of the judgment here was to designate Maryland as the state of execution. Either way, a change to the state designation would alter the original judgment. That is something the Court lacks the authority to do.

In the Government's view, not allowing the designation of a state other than Maryland "would be an absurd result and itself contrary to the sentence of death." Gov't Reply at 9. But *reductio ad absurdum* never fares well against *dura lex, sed lex*. This is especially true when it is a matter of life and death. A mere desire to avoid an unintended result cannot overcome a district court's lack of authority to amend a criminal judgment. Congress may not have intended for section 3596 to "provide a windfall to a defendant" in this rarest of circumstances, *id.* at 11, but that

appears to be the outcome. Unless and until the Fourth Circuit or indeed the Supreme Court creates a relevant exception to the prohibition, such that *Jones* and *Lightner* would not be relevant or controlling here, the Court concludes that it lacks authority to amend or supplement its judgment to avoid a purportedly "absurd result."

### III. Conclusion

The Court finds that any order it might issue designating a state other than Maryland for the implementation of Higgs's death sentence—whether labeled an amendment, a supplement, or a new order—would necessarily modify its 2001 Judgment and Order and therefore would be beyond the authority of the Court recognized in *Jones* and *Lightner*.

It might be said that there is every reason to permit this execution to go forward: Higgs's crimes were an abomination, his central responsibility is indisputable, and he had a fair trial on both in terms of guilt and the applicability of the death penalty before a jury of his peers. The jury's verdict was affirmed on appeal, and this Court and appeals courts have considered and rejected Higgs's numerous post-conviction motions throughout the intervening years. If it had clear authority to act, the Court would see no impediment to concluding that Indiana is an appropriate place to carry out the execution, as the Government requests. But the 2001 Judgment and Order provides, by reference to section 3596, that the execution is to be carried out according to Maryland law. The Court is not in a position to declare that it is authorized to circumvent the strong prohibition against amending a criminal sentence simply by calling such an amendment a "supplement" or "new order."

Until a higher court dispels the Court's concern that it lacks authority to act, the Government's Motion to Amend Judgment and Order, or to do the same by supplemental directive, is **DENIED**. A separate Order will issue.

December 29, 2020

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | * |
| **DUSTIN JOHN HIGGS,** | *    Criminal No. **PJM 98-520** |
| | * |
| Defendant. | * |

**ORDER**

Upon consideration of the Government's Motion to Amend Judgment and Order, ECF

No. 640, the Government's request to "supplement" said order, and Defendant's opposition

thereto, it is, for the reasons stated in the accompanying Memorandum Opinion, this 29th day of

December 2020,

**ORDERED**

That the Government's motion and request are **DENIED**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**JA 167**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| DUSTIN HIGGS | * | CRIM. NO. PJM-98-520 |
| | * | |

## NOTICE OF APPEAL

Notice is hereby given that the United States of America appeals to the United States Court of Appeals for the Fourth Circuit from the district court's (Hon. Peter J. Messitte, J.) Memorandum and Order (entered on the docket on December 29, 2020), ECF Nos. 657, 658.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney

_____/s/_____
Jason Medinger
Assistant United States Attorney

**JA 168**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this 30th day of December 2020, a copy of the foregoing Notice of Appeal was filed via CM/ECF, and was thereby electronically served upon Matthew C. Lawry, Federal Public Defender: matthew_lawry@fd.org, and Stephen Howard Sachs, Esq.: steve.sachs@wilmerhale.com, counsel for Defendant.

By:    _____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney

**JA 169**