**No. 20-18**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

UNITED STATES OF AMERICA,
*Appellant*,


v.


DUSTIN JOHN HIGGS,
*Defendant-Appellee.*


_____


On Appeal from the United States District Court
for the District of Maryland
Criminal No. PJM-98-0520, Hon. Peter J. Messitte, U.S.D.J.

_____


**MOTION TO DISMISS GOVERNMENT'S APPEAL
AND PETITION FOR WRIT OF MANDAMUS**

Leigh Skipper, Esq.
Chief Federal Defender
Matthew Lawry
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589

Dated: January 6, 2021

Defendant-Appellee Dustin John Higgs, through counsel, respectfully moves the Court to dismiss this Government appeal for lack of jurisdiction and to dismiss the Government's petition, in the alternative, for a writ of mandamus.

**INTRODUCTION**

The Government seeks this Court's review of the judgment and sentence issued in 2001 in this capital case, and of the district court's recent denial of the Government's motion to amend the judgment. This Court should dismiss the appeal for lack of jurisdiction.

It is a bedrock rule of federal law that the courts of appeals lack jurisdiction over a government appeal in a criminal case except in circumstances explicitly authorized by Congress. None of those circumstances applies here. Instead, the Government invokes only the general provisions of 28 U.S.C. § 1291 as the ostensible source of this Court's jurisdiction, but it is firmly established that § 1291 does not grant jurisdiction over a government appeal in a criminal case.

The Government conspicuously fails to mention 18 U.S.C. § 3742(b), which does grant jurisdiction to review certain government appeals of an otherwise final criminal judgment. The reason for the Government's omission is self-evident—the denial of the Government's motion to amend the judgment does not fall within any of the four circumstances in which Congress has authorized a government appeal under § 3742(b). Because Congress explicitly authorized government appeals

1

from a final judgment in *only* those circumstances, this Court is not at liberty to exercise jurisdiction over the district court's refusal to amend the judgment.[1]

The Government's alternative request for a writ of mandamus fares no better for the simple reason that mandamus does not provide an end-run around an absence of appellate jurisdiction. Further, the Government's purported petition for writ of mandamus does not comply with the Federal Rules of Appellate Procedure—with which this Court requires strict compliance—and the petition should be dismissed for this reason, too.

## PROCEDURAL BACKGROUND

On January 3, 2001, following a jury trial, the district court adjudged Mr. Higgs guilty of nine counts of murder and related charges and sentenced him to death. JA52–58. The district court's "Judgment and Order" imposed the death sentences "pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596." JA52–53. Because 18 U.S.C. § 3596(a) requires a death sentence to be implemented "in the manner prescribed by the law of the State in which the sentence is imposed," and because Maryland

---

[1] In 18 U.S.C. § 3731, government appeals are authorized in three other situations: from a pretrial dismissal of indictment or information or the grant of a new trial; from a pretrial decision suppressing evidence or ordering the return of seized property; or from orders granting release or modifying the terms of release. The Government's purported appeal here is not from any such order and is manifestly not authorized by § 3731.

law prescribed such a manner of execution in 2001, the judgment necessarily "provides, by reference to section 3596, that [Mr. Higgs's] execution is to be carried out according to Maryland law." JA165.

By contrast, where a federal court imposes a death sentence in a non-death penalty State, § 3596 provides that the sentencing court would designate the law of a death penalty State to govern implementation of the sentence. 18 U.S.C. § 3596(a). Here, Maryland was a death penalty state when the judgment was imposed, but twelve years later, Maryland abolished capital punishment on May 2, 2013.

On August 4, 2020, the Government filed a "Motion to Amend Judgment and Order" in the district court. JA59-60. As the motion acknowledged, because Maryland had abolished the death penalty after Mr. Higgs's sentence was imposed, his death sentence was no longer enforceable pursuant to the judgment. JA60 ("The U.S. Marshal cannot implement sentence based on a non-existent statute."). The Government thus requested "that the Judgment and Order (ECF 414) shall be amended by adding" that Mr. Higgs's sentence "shall be implemented as prescribed by the law of the State of Indiana." JA 69 (proposed order); *see also* JA60. In a subsequent reply brief, the Government further proposed that the court could merely "supplement" its judgment, rather than amend it. JA84.

On November 20, 2020, while its motion to amend the judgment remained pending, the Government scheduled Mr. Higgs's execution for January 15, 2021. JA152.

On December 29, 2020, the district court denied the Government's motion. JA154–66. The court determined that "[t]he Government's initial, extraordinary request that the Court amend its original judgment and sentence is something that the Court plainly cannot do." JA159. It rejected as "wholly unpersuasive" the contention first raised in the Government's reply that the directives for implementing the death sentence were not part of the judgment. JA160 n.8. The court recognized that "a supplemental order designating a different state for Higgs's execution would constitute an amendment of the original judgment in all but name." JA161. The court thus concluded that "any order . . . designating a state other than Maryland for the implementation of Higgs's death sentence— whether labeled an amendment, a supplement, or a new order—would necessarily modify its 2001 Judgment and Order and therefore would be beyond the authority of the Court." JA165.

On December 30, 2020, the Government filed a notice of appeal, JA168, and the next day, the Government filed a "Brief of Appellant and, in the Alternative, Petition for Writ of Mandamus" ("Gov. Br.") in this Court. The Government's brief is notable for two stark omissions. First, the Government nowhere informs

4

this Court that it filed a motion to amend the district court judgment or that this appeal is from the district court's denial of that motion. Second, the Government cites only 28 U.S.C. § 1291 as the basis for this Court's purported jurisdiction, and makes no reference to the collateral order doctrine, 18 U.S.C. § 3742(b), or any other specific basis for appellate jurisdiction over a government appeal of this nature.

Pursuant to this Court's Rule 27(a), counsel for the Government has been informed of the intended filing of this Motion. Counsel indicated that the Government opposes this Motion and intends to file a response.

## ARGUMENT

This Court does not have jurisdiction over this appeal. Contrary to the Government's contention, 28 U.S.C. § 1291 provides no independent basis for a government appeal in a final criminal case. Rather, 18 U.S.C. § 3742 establishes the only basis for appellate review of criminal sentences, and the Government does not and cannot establish that it meets any of the prerequisites to appeal under § 3742(b). And because mandamus is not a substitute for appellate jurisdiction, the Court should dismiss both the appeal and the Government's petition, in the alternative, for a writ of mandamus.

**I.     This Court does not have jurisdiction under 28 U.S.C. § 1291.**

The Government asserts that "[t]his Court has jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291."  Gov. Br. 27; *see also id.* at 5.  This assertion overlooks the bedrock rule that "the Federal Government enjoys no inherent right to appeal a criminal judgment, and . . . the grant of general appellate jurisdiction, now contained in 28 U.S.C. § 1291, does not authorize such a federal appeal."  *Arizona v. Manypenny*, 451 U.S. 232, 246 (1981); *see also Di Bella v. United States*, 369 U.S. 121, 130 (1962) (recognizing the "historic policy, over and above the constitutional protection against double jeopardy, that denies the Government the right of appeal in criminal cases save as expressly authorized by statute"); *United States v. Erwin*, 765 F.3d 219, 232 (3d Cir. 2014) ("The Federal Government enjoys no inherent right to appeal a criminal judgment . . . [and t]he grant of general appellate jurisdiction in 28 U.S.C. § 1291 does not authorize such an appeal . . . .") (internal quotation marks and citation omitted); *United States v. McVeigh*, 106 F.3d 325, 331 (10th Cir. 1997) ("[T]he general jurisdictional statute governing the federal appellate courts, 28 U.S.C. § 1291, does not supply the requisite authorization for the government's appeal . . . ."); *United States v. Hundley*, 858 F.2d 58, 64 (2d Cir. 1988) ("The general rule is that section 1291 does not authorize Government appeals in criminal cases.").  As this Court has recognized, "[t]he Government's right to appeal in criminal cases has historically

been severely limited." *United States v. Moussaoui*, 483 F.3d 220, 226 (4th Cir. 2007); *see also United States v. Jones*, 238 F.3d 271, 273 n.2 (4th Cir. 2001) (declining government request "to address the validity of the original judgment order in light of the subsequent [change in law]," because "any discussion of that issue here would be advisory"). These authorities establish that the general grant of jurisdiction set forth in § 1291 does not apply to government appeals in criminal cases absent an additional, specific statutory authorization.

The Government's reliance on *United States v. Doe*, 962 F.3d 139, 143–44 (4th Cir. 2020), *see* Gov. Br. 5, 28, is entirely misplaced. *Doe* was an appeal by the defendant, *see* 962 F.3d at 142, and thus did not implicate the severe limits on the Government's right to appeal in criminal cases, *see Moussaoui*, 483 F.3d at 226. Moreover, *Doe* involved a dispute over the sealing of court documents and was therefore collateral to the final judgment. 962 F.3d at 143; *see also Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 574 n.4 (4th Cir. 2004) (ruling that "an order unsealing district court documents is an appealable *collateral* order under *Cohen*") (emphasis added). Here, by contrast, the order that the Government seeks to appeal denied its motion to amend the judgment itself—there was nothing collateral about it. Accordingly, the Government does not and cannot invoke the collateral order doctrine here.

Because Congress must specifically confer jurisdiction over government appeals in criminal cases, it is irrelevant that this Court's lack of jurisdiction may cause "disruption" to the Government's execution plans or any other purportedly "absurd" results. *See* Gov. Br. 21. Any gap in this Court's jurisdiction is Congress's to fill, and Congress's alone. As the Supreme Court has recognized for generations:

> Congress clearly contemplated when it placed drastic limits upon the Government's right of review in criminal cases that it would be completely unable to secure review of some orders having a substantial effect on its [objectives]. This Court cannot and will not grant the Government a right of review which Congress has chosen to withhold.

*Will v. United States*, 389 U.S. 90, 97 n.5 (1967) (citing *Carroll v. United States*, 354 U.S. 394, 407–08 (1957)); *accord McVeigh*, 106 F.3d at 333 ("We acknowledge that our analysis has resulted in completely foreclosing review of the government's challenge . . . . Though it may perhaps be seen as overly technical and unduly severe by those focused only on this particular controversy, our judicial restraint is ultimately guided and informed by a very broad principle—the constitutional distribution of power between the legislative and judicial branches of our government.").

## II.  18 U.S.C. § 3742(b) precludes jurisdiction over this appeal.

As set forth above, 28 U.S.C. § 1291 provides only a general grant of jurisdiction, whereas government appeals in criminal cases require a specific grant

of jurisdiction.  Congress has delineated four circumstances where the government

may obtain appellate "review of an otherwise final sentence," 18 U.S.C. § 3742(b),

as the Government seeks here.  Tellingly, however, the Government does not

invoke § 3742(b), as those four circumstances clearly do not apply.

> Section 3742(b) provides:
>
> Appeal by the Government.—The Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
> (3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742(b).[2]  Here, the district court's denial of the Government's

motion to amend the judgment plainly does not fit into any of these four categories,

and Congress has accordingly not authorized jurisdiction over this type of appeal.

---

[2] Section 3742(b) further instructs that "[t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General."  18 U.S.C. § 3742(b).  There is no indication that the Government obtained such "personal approval" for this appeal.

In analogous circumstances concerning a defendant's appeal, this Court has explained that "parties to a criminal case may appeal otherwise final sentences . . . [only] in the limited circumstances provided by 18 U.S.C. § 3742." *United States v. Hartwell*, 448 F.3d 707, 712 (4th Cir. 2006). Where a party seeks such review, "his appeal must be authorized by § 3742(a) or not at all." *Id*. at 713. Thus, "[v]irtually every circuit to have considered the question has ruled that a criminal defendant may not invoke 28 U.S.C. § 1291 *to circumvent the conditions imposed by 18 U.S.C. § 3742 for appealing otherwise final sentences*." *Id*. at 712 (emphasis added). This prohibition necessarily applies to the government as well— particularly in light of the long tradition disfavoring government appeals in criminal cases.

In omitting any mention of § 3742(b) in its brief, the Government impermissibly seeks "to circumvent the conditions imposed by 18 U.S.C. § 3742." The Court should dismiss this appeal.

## III. Mandamus is not a substitute for appellate jurisdiction.

The above makes clear that the government's avenue to appeal in criminal cases is extremely narrow and does not accommodate an appeal from denial of a motion to amend judgment. The Government anticipates as much and thus argues that, in the alternative, this Court should exercise mandamus jurisdiction. *See* Gov.

Br. 27. This argument is nothing more than another effort to circumvent congressional limits on government appeals.

"Mandamus, of course, may never be employed as a substitute for appeal in derogation of these clear policies [limiting government appeals in criminal cases]." *Will*, 389 U.S. at 97 (citing cases). The Tenth Circuit confronted a similar situation in *McVeigh* and explained: "Were we to accede to the government's request for mandamus relief, we would be expanding the government's right to bring interlocutory criminal appeals beyond the terms of § 3731. We do not believe mandamus provides the appropriate avenue for such expansion." 106 F.3d at 333 (internal brackets and quotation marks omitted). Simply put, "[a] writ of mandamus is not license to ignore the bounds of our appellate jurisdiction." *United States v. Kemp & Assocs.*, 907 F.3d 1264, 1277 (10th Cir. 2018); *accord United States v. Margiotta*, 662 F.2d 131, 134 n.8 (2d Cir. 1981) ("Subsequent to oral argument, the Government filed a petition for mandamus to obtain review of those portions of the order concerning the jury instructions in the event that this Court found them not appealable under the Criminal Appeals Act, 18 U.S.C. § 3731. Mandamus is not to be employed to circumvent the limitations of the Criminal Appeals Act."). Under this precedent, the Government may not overcome the jurisdictional defect here simply by invoking mandamus.

Finally, the Government's request for mandamus relief should be dismissed on the additional ground that its purported petition fails to strictly comply with the Federal Rules of Appellate Procedure, as this Court requires. *See* Local Rule 21(b) ("Strict compliance with the requirements of FRAP 21 is required of all petitioners, even pro se litigants."). The Federal Rules requires that a party petitioning for mandamus relief "*must* also provide a copy to the trial-court judge." Fed. R. App. P. 21(a)(1) (emphasis added). The Government appears not to have done so here. Further, the Government did not file a separate petition as anticipated by Fed. R. App. P. 21(a)(2)(A), nor did it caption its filing "In re . . . ," as required by Fed. R. App. P. 21(a)(2)(A) and Local Rule 21(a). These failures fall well short of the "[s]trict compliance" required by Local Rule 21(b) and warrant dismissal of the Government's request for mandamus relief. *See United States v. Henderson*, 915 F.3d 1127, 1132 (7th Cir. 2019) ("Ordinarily we will not construe an appeal as a petition for mandamus if the appellant 'failed to apply for [the] writ in accordance with the requirements of Federal Rule of Appellate Procedure 21(a).'" (quoting *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir. 1985)).

WHEREFORE, Defendant-Appellee Higgs respectfully requests that the

Court dismiss the Government's appeal and likewise dismiss its petition for writ of

mandamus.

/s/ Matthew Lawry
Matthew Lawry
Aren Adjoian
Cristi Charpentier
Elizabeth Hadayia
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589

Dated: January 6, 2021

# CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on this 6th day of January, 2021, I

electronically filed the foregoing with the Clerk of Court using the Court's

CM/ECF system. Electronic notice will be provided to the following individuals:


Ellen E. Nazmy
Special Assistant United States Attorney
Office of the United States Attorney
6500 Cherrywood Lane, Ste. 200
Greenbelt, MD 20770

Jeffrey A. Hall
Counsel to the Assistant Attorney General
Civil Division, Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530


/s/ Matthew Lawry
Matthew Lawry