**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Appellant** | ) | |
| | ) | |
| v. | ) | **Appeal No. 20-18** |
| | ) | |
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

### GOVERNMENT'S MOTION TO DISPENSE WITH, OR ALTERNATIVELY EXPEDITE, ORAL ARGUMENT

The United States of America hereby moves this Court to amend its recent order scheduling oral argument (ECF 15). Given that the execution of Dustin John Higgs is scheduled for Friday, January 15, 2021—but currently cannot go forward on that date because the district court has refused to designate a State to supply the law governing the manner of implementing the sentence, *see* 18 U.S.C. § 3596(a) — the government respectfully submits that this Court should resolve the appeal on an expedited basis by Tuesday, January 12, 2021. In order to meet that deadline, the government further submits that the Court should either dispense with oral argument or schedule oral argument on Monday, January 11, 2021.

That timetable comports with the expedited briefing schedule to which the

parties agreed and which the Court ordered. It reflects the likelihood that the non-prevailing party will seek relief from the Supreme Court before the scheduled execution date. It avoids any prejudice to the legitimate expectations of the family members of the victims who were murdered by the defendant now some 25 years ago, and who intend to travel to Terre Haute, Indiana, to witness the execution. And, as Judge Richardson indicated in his dissent, it reflects the "dispatch," *Barr v. Roane*, 140 S. Ct. 353, 353 (2019), that the Supreme Court has required of appellate courts—and demonstrated itself—when reviewing lower court orders that stand in the way of previously-set execution dates. *See, e.g., Barr v. Hall*, No. 20A102, 2020 WL 6797719 (U.S. Nov. 19, 2020); *Barr v. Lee*, 140 S. Ct. 2590 (2020).

## **BACKGROUND**

1. The defendant in this case is facing nine death sentences for his role in the murder of three women in 1996. JA 54.

2. The defendant's execution has been set for January 15, 2021. JA 152.

3. On August 4, 2020, shortly after the Bureau of Prisons (BOP) carried out the first federal executions in 17 years, the government filed a motion pursuant to 18 U.S.C. § 3596(a) requesting that the district court designate the State of Indiana—the defendant's current location and the site of the federal execution chamber—to provide the law governing the implementation of the previously-

imposed sentence.   JA 59.

4.     The defendant responded; the government replied; the defendant sought and received leave to file a surreply; and the motion was fully briefed on September 18, 2020.   JA 70-151.

5.     More than two months later, on November 20, 2020, BOP set the defendant's execution date for January 15, 2021.   JA 152.

6.     More than a month after that, on December 29, 2020, the district court denied the government's motion.   JA 153.   The government thus currently cannot carry out the execution as scheduled on January 15, 2021, because Maryland law "does not provide for implementation of a sentence of death," and the district court has not "designate[d] another State, the law of which does provide for the implementation of a sentence of death" to govern the manner of implementing the defendant's sentence.   18 U.S.C. § 3596(a).

7.     Given the timing and important nature of this case, the government immediately filed a notice of appeal, and a day later, on December 31, 2020, the government filed its opening brief, or in the alternative, petition for mandamus.

8.     Understanding the timing issues at play here, the parties agreed to expedited consideration of this important appeal.   ECF 8.

9.     This Court entered an order consistent with the parties' agreement,

making the defendant's brief due January 7, 2021, and the government's reply due January 9, 2021.   ECF 9.

10.   The defendant then filed a motion to dismiss the appeal for lack of jurisdiction.   ECF 10.   The parties again agreed on an expedited briefing schedule, making the government's response due January 8, 2021, and the defendant's reply due January 9, 2021.   ECF 13.

11.   This appeal will thus be fully briefed and ready for the Court's decision on January 9, 2021—six days before the scheduled execution on January 15, 2021.

12.   Notwithstanding this timing, the Court set the matter for oral argument on January 27, 2021, during its next regularly-scheduled argument sitting.   ECF 15. In doing so, however, the Court invited the parties to "file any motions pertaining to the scheduling of argument by January 8, 2021."   *Id.*

13.   The government now accepts the Court's invitation and files the instant motion.   The government consulted with counsel for the defense regarding this motion on January 8, 2021 via email, and defense counsel indicated he objects to the motion.

## ARGUMENT

The Supreme Court has made clear that it expects courts of appeals to render decisions "with appropriate dispatch" when weighing a lower-court order that

prohibits the government from carrying out a previously-scheduled execution. *Roane*, 140 S. Ct. at 353. This is because "'[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence.'" *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). As the Court recently reiterated, "[l]ast-minute stays … should be the extreme exception, not the norm"—and reviewing courts must therefore scrutinize last-minute stays on an expedited basis. *Lee*, 140 S. Ct. at 2591 (quoting *Bucklew*, 139 S. Ct. at 1134). The Court itself has done so multiple times in the past year, vacating four separate injunctions that were issued just hours before a scheduled federal execution. *See id.* at 2591-2592; *Barr v. Purkey*, 140 S. Ct. 2594 (2020); *Barr v. Purkey*, 141 S. Ct. 196 (2020); *Hall*, 2020 WL 6797719.

Courts of appeals have likewise acted expeditiously on appeals and stay motions in the days before scheduled federal executions. For example, in *Hall v. Barr*, No. 20-cv-3184, 2020 WL 6743080 (D.D.C. Nov. 16, 2020), the district court issued a decision on November 16, 2020, in advance of an execution scheduled for November 19, 2020, *see id.* at *1; the D.C. Circuit then set an expedited briefing schedule and entered a decision two days later affirming the district court's decision and thereby allowing the execution to proceed the following day, *see Hall v. Barr*, 830 Fed. Appx. 8, 9 (D.C. Cir. 2020) (per curiam). Similarly, in *United States v.*

*Mitchell*, No. CR-01-01062, 2020 WL 4698056 (D. Ariz. Aug. 13, 2020), the district court issued a decision on August 13, 2020, *see id.* at *1; the Ninth Circuit then set an expedited briefing schedule, heard oral argument, and entered a decision six days later, *see United States v. Mitchell*, 971 F.3d 993, 994 (9th Cir. 2020) (per curiam).

The government respectfully agrees with Judge Richardson that "[t]here is no good reason why" this Court "cannot do the same." ECF 15, at 2. Indeed, the district court's decision in this case came on December 29, 2020—more than two weeks before the scheduled execution date, thereby leaving considerably more time for decision than the courts of appeals had in the cases described above, especially after the government filed its opening brief just two days later, on New Year's Eve. As the case will be fully briefed by Saturday, January 9, the government respectfully submits that, given the circumstances, the Court could expeditiously resolve the case by Tuesday, January 12. The government believes that the case could be resolved without oral argument in light of the thorough briefing by both parties, but, if necessary, the government is prepared to appear remotely for oral argument on Monday, January 11, so that the Court can hear and resolve the case in time to allow for potential further review by the Supreme Court. *See also* 4th Cir. Local Rule 21(b) (noting that "the Court ordinarily will decide the merits of [a mandamus] petition on the materials submitted without oral argument").

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Jason D. Medinger
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800


_____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of January, 2021 that I caused a copy of the foregoing Motion to Expedite Oral Argument to be served on counsel for the defendant by ECF and email to the following:

Matthew C. Lawry, Federal Public Defender
FEDERAL COMMUNITY DEFENDER OFFICE
Suite 545W
Eastern District of Pennsylvania
The Curtis Center
601 Walnut Street
Philadelphia, PA 19106


_____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney