# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| *Appellant*, | ) | |
| | ) | |
| v. | ) | Appeal No. 20-18 |
| | ) | |
| **DUSTIN JOHN HIGGS**, | ) | Capital Case |
| *Defendant-Appellee.* | ) | Execution Scheduled for |
| | ) | January 15, 2021 |

## MR. HIGGS'S RESPONSE TO GOVERNMENT'S
## MOTION TO DISPENSE WITH, OR
## ALTERNATIVELY EXPEDITE, ORAL ARGUMENT

Yesterday this Court set oral argument for January 27, 2021, in this capital appeal on an issue of first impression. Order, ECF No. 15. Today, dissatisfied with the time set by this Court, the Government moved to dispense with or expedite oral argument in order, at all costs, to have this Court render a decision by the specific date of January 12, 2021. The Government's proposed schedule would deprive this Court of the time and procedures it has determined that it needs to do justice for the parties. Therefore, the Government's motion should be denied.

As the Government acknowledges, the original sentencing judgment and order entered by Judge Messitte does not authorize the Government to execute Mr. Higgs, "because Maryland law 'does not provide for implementation of a sentence of death,' and the district court has not 'designated another State, the law of which

does provide for implementation of a sentence of death' to govern the manner of implementing the defendant's sentence. 18 U.S.C. § 3596(a)." Mot. 3, ECF No. 18.

Realizing that it did not have legal authority to execute Mr. Higgs, on August 4, 2020, the Government moved Judge Messitte to amend the judgment and order so that it could execute Mr. Higgs pursuant to Indiana law. JA59.

Mr. Higgs opposed the Government's motion, and the parties briefed the issues. *See* JA70–151. The issues—particularly the questions whether Judge Messitte had the authority to amend the judgment and order, and whether he had authority to issue some other order at the Government's request—are novel and indeed appear to be of first impression in this circuit and in the nation.

The Government, however, chose not to wait for Judge Messitte to rule on its motion. Without having any legal authority to execute Mr. Higgs, as it now acknowledges, it set an execution date prior to receiving a ruling. *See* Mot. 3.

Judge Messitte then ruled that he did not have authority to grant the relief that the Government had requested. JA153. The Government appealed, and the parties have almost finished briefing the issues. Having received the parties' initial filings, this Court decided to hold oral argument to assist it in resolving the appeal, and to do so in less than three weeks. But again—as with Judge Messitte—the Government refuses to wait for this Court to resolve the important and novel issues

in this appeal in the manner and time that this Court has determined to be appropriate.

Instead, the Government asks this Court either to dispense altogether with the oral argument this Court has determined would be helpful, or else to push the argument forward in order to render a decision by a date that the Government has selected, and that the Government has decided is a "deadline," Mot. 1, for this Court's decision. For numerous reasons, this Court should reject that remarkable request.

First, the requested rush to decide by an arbitrary date is a situation that the Government itself created. When the Government set Mr. Higgs's execution date, it knew that it had no legal authority to execute him.[1] It acted in the hope that the legal authority would appear before the date that it had selected. That its hope has not yet been fulfilled is no reason for this Court to dance to the tune played by the Government. Nothing in this Court's rules or precedent countenances the Government's extraordinary demand that this Court decide the case one day after an oral argument set on the Government's preferred schedule. "A court has control

---

[1] According to a decision entered today by the United States District Court for the District of Columbia, the Government also had no legal authority to set that execution date, because the Attorney General's authority to set dates, if any, derives from the court. *See* Mem. Op. 32, *Montgomery v. Rosen*, No. 20-3261 (D.D.C. Jan. 8, 2021) (attached).

over its own docket." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) (citation omitted).

Second, the Government's references to expedited review of "last-minute stays," Mot. 5, are entirely inapposite. Nothing about this case has happened at the last minute, and Mr. Higgs has not requested a stay from this Court. The issue here was raised and was pending in the district court *before* the Government set the execution date. There is no "stay" of an execution, because the district court ruled on the merits that the Government has no authority to execute Mr. Higgs. The case is before this Court on the merits, *not* on a request for a stay or a request to vacate a stay.

Third, contrary to its repeated citations, *see* Mot. 2, 4, the Government's motion finds no support in the Supreme Court's statement in *Barr v. Roane*, 140 S. Ct. 353, 353 (Dec. 6, 2019), that "[w]e expect that the Court of Appeals will render its decision with appropriate dispatch."[2] Indeed, in that case, the D.C. Circuit complied with that instruction by "order[ing] expedited briefing and argument" on December 9, 2019, holding oral argument on January 15, 2020, and issuing its decision on April 7, 2020. *In re Fed. Bureau of Prisons' Execution Protocol Cases*,

---

[2] Three Justices wrote separately to opine that the court of appeals should decide the case "within the next 60 days." *Id*. (Alito, J., respecting denial of stay or vacatur).

955 F.3d 106, 106, 111 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, 141 S. Ct. 180 (2020). Here, by contrast, the Government expects the Court to render its decision within two weeks of filing its notice of appeal and *one day* after oral argument. Mot. 1. This would amount to undue haste, not "appropriate dispatch."

The motto of the Supreme Court of Florida is, "Sat cito, si recte," i.e., "Let it be done quickly, if it is done right." The Government urges this Court to act quickly, but at the expense of the oral argument and thorough consideration this Court has indicated are necessary to get it done right. This Court should reject that invitation.

WHEREFORE, Defendant-Appellee Higgs respectfully requests that the Court deny the Government's motion.

<table>
<tr><td>/s/ Matthew Lawry</td><td>Stephen H. Sachs</td></tr>
<tr><td>Matthew Lawry</td><td>Roland Park Place</td></tr>
<tr><td>Aren Adjoian</td><td>830 W. 40th Street, Apt. 864</td></tr>
<tr><td>Cristi Charpentier</td><td>Baltimore, MD 21211</td></tr>
<tr><td>Elizabeth Hadayia</td><td>410-243-4589</td></tr>
<tr><td>Assistant Federal Defenders</td><td></td></tr>
<tr><td>Federal Community Defender Office</td><td></td></tr>
<tr><td>Eastern District of Pennsylvania</td><td></td></tr>
<tr><td>Suite 545 West – The Curtis</td><td></td></tr>
<tr><td>Philadelphia, PA 19106</td><td></td></tr>
<tr><td>215-928-0520</td><td></td></tr>
</table>

Dated:  January 8, 2021

# CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on this 8th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system. Electronic notice will be provided to the following individuals:

Ellen E. Nazmy
Special Assistant United States Attorney
Office of the United States Attorney
6500 Cherrywood Lane, Ste. 200
Greenbelt, MD 20770

Jeffrey A. Hall
Counsel to the Assistant Attorney General
Civil Division, Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

/s/ Matthew Lawry
Matthew Lawry